## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRIETTA KLEIN, derivatively on behalf of PFIZER INC., | Civil Action No. 09-cv-7822(JSR) |
| Plaintiff, | |
| v. | |
| DENNIS A. AUSIELLO, MICHAEL S. BROWN, M. ANTHONY BURNS, ROBERT N. BURT, W. DON CORNWELL, WILLIAM H. GRAY III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON, STEPHEN W. SANGER, WILLIAM C. STEERE, JR., FREDA C. LEWIS-HALL, FRANK D'AMELIO, and IAN READ, | |
| Defendants, | |
| and | |
| PFIZER INC., | |
| Nominal Defendant. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF KLEIN'S MOTION TO CONSOLIDATE ACTIONS, APPOINT LEAD PLAINTIFF, <u>LEAD COUNSEL AND LIASON COUNSEL</u>**

| | |
|---|---|
| JAMES KENNEY, Derivatively on Behalf of PFIZER INC., | Civil Action No. 09-cv-7913(JSR) |
| Plaintiff, | |
| v. | |
| JEFFREY B. KINDLER, DOUGLAS M. LANKLER, DENNIS A. AUSIELLO, MICHAEL S. BROWN, ROBERT N. BURT, W. DON CORNWELL, CONSTANCE J. HORNER, JAMES M. KILTS, DANA G. MEAD, SUZANNE NORA JOHNSON, HENRY A. MCKINNELL, DAVID L. SHEDLARZ, WILLIAM R. HOWELL, STANLEY O. IKENBERRY, FRANKLIN D. RAINES, RUTH J. SIMMONS, AND JEAN-PAUL VALLES | |
| Defendants, | |
| and | |
| PFIZER INC., | |
| Nominal Defendant. | |

| | |
|---|---|
| ROBERT J. CASEY and WILLIAM A. HOUSTON Derivatively on Behalf of PFIZER INC., | : <br> : Civil Action No. 09-cv-7983(JSR) <br> : <br> : |
| Plaintiff, | : |
| v. | : |
| DENNIS A. AUSIELLO, MICHAEL S. BROWN, ANTHONY M. BURNS, ROBERT N. BURT, DON W. CORNWELL, WILLIAM H. GRAY, III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON, STEPHEN W. SANGER, WILLIAM C. STEERE, JR., FREDA C. LEWIS-HALL, FRANK D'AMELIO, and IAN READ, | : |
| Defendants, | : |
| and | : |
| PFIZER INC., | : |
| Nominal Defendant. | : |

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, Derivatively on Behalf of PFIZER INC., <br><br> Plaintiff, <br><br> v. <br><br> DENNIS A. AUSIELLO; MICHAEL S. BROWN; M. ANTHONY BURNS; ROBERT N. BURT; W. DON CORNWELL; WILLIAM H. GRAY III; CONSTANCE J. HORNER; JAMES M. KILTS; JEFFREY B. KINDLER; GEORGE A. LORCH; DANA G. MEAD; SUZANNE NORA JOHNSON; WILLIAM C. STEERE, JR.; DOUGLAS M. LANKLER; FRANK A. D'AMELIO; IAN C. READ; and JOSEPH M. FECZKO <br><br> Defendants, <br><br> and <br><br> PFIZER INC., <br><br> Nominal Defendant. | Civil Action No. 09-cv-8042(JSR) |

| | |
|---|---|
| CATHY BUCH, Derivatively on Behalf of PFIZER INC., | Civil Action No. 09-cv-8289(JSR) |
| Plaintiff, | |
| v. | |
| DENNIS A. AUSIELLO, MICHAEL S. BROWN, M. ANTHONY BURNS, ROBERT N. BURT, W. DON CORNWELL, WILLIAM H. GRAY III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON, WILLIAM C. STEERE, JR., DOUGLAS M. LANKLER, FRANK A. D'AMELIO, IAN C. READ, JOSEPH M. FECZKO, HENRY A. MCKINNELL, DAVID L. SHEDLARZ, WILLIAM R. HOWELL, STANLEY O. IKENBERRY, FRANKLIN D. RAINES, RUTH J. SIMMONS, JEAN-PAUL VALLES, FREDA C. LEWIS-HALL, and PFIZER INC. | |
| Defendants. | |

| | |
|---|---|
| AMALGAMATED BANK, AS TRUSTEE FOR LONGVIEW LARGECAP 500 INDEX VEBA FUND, LONGVIEW LARGECAP 500 INDEX FUND and LONGVIEW QUANTITATIVE LARGECAP FUND, derivatively, on behalf of PFIZER INC., <br><br> Plaintiff, <br><br> v. <br><br> DENNIS A. AUSIELLO, MICHAEL S. BROWN, M. ANTHONY BURNS, ROBERT N. BURT, W. DON CORNWELL, WILLIAM H. GRAY III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON, WILLIAM C. STEERE, JR., WILLIAM R. HOWELL, HENRY A. MCKINNELL, STANLEY O. IKENBERRY, RUTH J. SIMMONS, DOUGLAS M. LANKLER, FRANK A. D'AMELIO, IAN C. READ, and JOSEPH M. FECZKO <br><br> Defendants, <br><br> and <br><br> PFIZER INC., <br><br> Nominal Defendant. | Civil Action No. 09-cv-8363(JSR) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF KLEIN'S MOTION TO CONSOLIDATE ACTIONS, APPOINT LEAD PLAINTIFF, <u>LEAD COUNSEL AND LIASON COUNSEL</u>**

**TABLE OF CONTENTS**

I.  Introduction ................................................................................................................. 1

II. Factual Background .................................................................................................... 1

III. Procedural History ...................................................................................................... 3

IV. Legal Argument .......................................................................................................... 4

    A.    Consolidation of the Actions ................................................................................ 4

    B.    Klein Should Be Appointed Lead Plaintiff .......................................................... 5

    C.    The Court Should Appoint Plaintiff's Choice of Lead Counsel and
        Liaison Counsel .................................................................................................... 7

        1.    Appointment of Lead Counsel and Liaison Counsel is Necessary to
            Effectively Prosecute the Consolidated Action ........................................... 7

        2.    The Weiser Firm Should Be Appointed as Lead Counsel ........................... 7

        3.    Curtis Trinko Should Be Appointed Liaison Counsel ................................ 9

V.  Conclusion ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**CASES**

*Barry v. Cotsakos* ("E*Trade Group, Inc. Derivative Action"), No. CIV419084 (Cal. Super. Ct., San Mateo County) .................................................................................................................. 8

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ........................................................ 5

*David v. Wolfen, et al.* ("Broadcom Derivative Action"), No. 01-CC-03930 (S.D. Cal.) .............. 8

*Dollens v. Zionts*, No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *6 (N.D. Ill. Dec. 4, 2001) . 8

*Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) ............................................................................ 5

*Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970) .................................................................. 4

*In re Affiliated Computer Services Deriv. Litig.*, Master File No. 3:06-cv-1110 (N.D. Tex. Jun. 19, 2009) ...................................................................................................................................... 9

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) ............... 5

*In re KB Home S'holder Deriv. Litig.*, Master File No. 2:06-cv-05148-FMC-CTx (C.D. Cal. Feb. 9, 2009) ...................................................................................................................................... 9

*In re McAfee, Inc. Deriv. Litig.*, Master File No. 5:06-cv-03484-JF (N.D. Cal. January 30, 2009) ........................................................................................................ 9

*In re Oracle Corp. Derivative Litig.*, 824 A.2d 917 (Del. Ch. 2003) ............................................ 8

*In re Seeburg-Commonwealth United Litig.*, No. 69 Civ. 5736, 1975 U.S. Dist. LEXIS 14185, at *4-*5 (S.D.N.Y. Jan. 24, 1975) ................................................................................................. 6

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) .......................................................................... 4

*Lester-Krebs, Inc. v. Geffen Records, Inc.*, No. 85 Civ. 6320, 1985 U.S. Dist. LEXIS 13201, at *4 (S.D.N.Y. Dec. 4, 1985) ........................................................................................................ 4

*MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958) ..................................................................... 7

*MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) ............................................................... 5

*Millman v. Brinkley*, No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004) ............................................................................................................................... 8

*Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *6 (C.D. Cal. May 1, 2006) ....................................................................... 4, 5

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (N.D. Cal. 1999) .......................... 5

*Walker v. Deutsche Bank, AG*, No. 04 Civ. 1921 (DAB), 2005 U.S. Dist. LEXIS 19776, at *8 (S.D.N.Y. Sept. 6, 2005) ............................................................................................................ 7

**TREATISES**

Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §2385 (2d ed. 1987) ............................................................................................................... 7

*Manual for Complex Litigation* (Fourth) §10.22 (4d ed. 2004) ..................................................... 7

*Manual for Complex Litigation* (Fourth), *supra* §10.221 ........................................................... 10

Plaintiff Henrietta Klein ("Klein" or "Plaintiff") hereby moves this Court for an order: (i) consolidating the above-captioned actions and any subsequently filed actions that involve questions of law or fact substantially similar to those contained in the pending actions; (ii) appointing plaintiff Klein as Lead Plaintiff; (iii) appointing The Weiser Law Firm, P.C. (the "Weiser Firm") as Lead Counsel for Plaintiffs; and (iv) appointing the Law Offices of Curtis V. Trinko, LLP ("Curtis Trinko") as Liaison Counsel for Plaintiffs.

## I.     INTRODUCTION

By their Motion, Plaintiff respectfully requests this Court to appoint Klein as Lead Plaintiff, the Weiser Firm as Lead Counsel and Curtis Trinko as Liaison Counsel in the above-captioned shareholder derivative actions. Plaintiff Klein has evidenced her standing to bring this action based upon her personally verified statements in her Complaint, and the lengthy nature of her equity ownership in Pfizer, Inc. ("Pfizer" or the "Company"). Plaintiff Klein, a shareholder of Pfizer common stock throughout the period of alleged wrongdoing, is committed to the vigorous prosecution of this litigation, and is willing to serve as Lead Plaintiff. *See* Declaration of Henrietta Klein in Support of Pfizer Inc. Stock Ownership ("Klein Decl."), ¶3; Declaration of Robert B. Weiser In Support of Plaintiffs' Motion To Consolidate Actions, Appoint Lead Counsel, Lead Plaintiff and Liaison Counsel ("Weiser Decl."), ¶6. Plaintiff Klein should be selected as Lead Plaintiff in this matter, and Plaintiffs' choice of Lead Counsel and Liaison Counsel (who have distinguished themselves in complex litigation throughout the nation over the past several decades) should be approved.

## II.     FACTUAL BACKGROUND

Starting in at least late 2001, defendants systematically and improperly caused Pfizer and Pfizer-owned Pharmacia & Upjohn, Inc. ("Pharmacia") to promote prescription drugs, including

1

Bextra, a painkiller which was ultimately removed from the market over safety concerns - for unapproved, off-label uses. Plaintiff Klein's Complaint, ¶4. In addition, substantial, illegal financial inducements were given to Pfizer's providers to encourage them to prescribe Bextra and other Pfizer drugs and/or to switch from competitors' products. *Id.* at ¶5.

As a result of defendants' actions, the Company ultimately became subject to 11 different civil lawsuits, and to a multitude of criminal charges. *Id.* at ¶7. Specifically, the government charged that executives and sales representatives throughout Pfizer's ranks planned and executed schemes to illegally market drugs, which included, among other things, sending doctors on all-expenses-paid trips to expensive resorts, as well as paying kickbacks. *Id.*

These lawsuits and prosecutorial charges eventually resulted in the Company and Pharmacia, *inter alia*, paying a record ***$2.3 billion*** in civil and criminal fines and penalties, as disclosed on September 2, 2009. *Id.* at ¶9. Specifically, Pfizer was required to pay a criminal fine of $1.195 billion, ***the largest criminal fine of any kind ever imposed in the U.S.***, as well as an additional $1 billion to resolve civil claims, and entered into a "corporate integrity agreement" with the United States Department of Health & Human Services regarding the Company's future marketing activities. *Id.* Meanwhile, Pfizer-owned Pharmacia was required to pay an additional criminal fine of $105 million. *Id.* Further, defendants' actions resulted in Pharmacia pleading ***guilty*** to one criminal count of felony misbranding under 21 U.S.C. §§331(a), 333(a)(2) and 352 of Bextra. *Id.*

Additionally, as a result of the aforesaid ***$2.3 billion*** settlement, it became apparent that defendants' actions, specifically with respect to the Company's marketing of drugs for off-label uses, extended beyond the drug Bextra and included the following drugs as well: Geodon (an anti-psychotic drug), Zyvox (an antibiotic), and Lyrica (an epilepsy treatment). *Id.* at ¶13.

2

### III.     PROCEDURAL HISTORY

Currently there are six shareholder derivative actions filed on behalf of Pfizer against certain of the Company's current and former officers and directors pending in this Court, all relating to the above-discussed facts.  On September 10, 2009, plaintiff Klein filed the first shareholder derivative complaint on behalf of nominal defendant Pfizer (Civil Action No. 09-cv-7822(JSR)) on diversity jurisdiction grounds.  On September 15, 2009, plaintiff James Kenney filed the second shareholder derivative complaint on behalf of nominal defendant Pfizer (Civil Action No. 09-cv-7913(JSR)) on diversity jurisdiction grounds.  On September 17, 2009, plaintiffs Robert J. Casey and William A. Houston filed the third shareholder derivative complaint on behalf of nominal defendant Pfizer (Civil Action No. 09-cv-7983(JSR)) on federal question jurisdiction grounds.  On September 18, 2009, plaintiff Louisiana Sheriffs' Pension and Relief Fund filed the fourth derivative complaint on behalf of nominal defendant Pfizer (Civil Action No. 09-cv-8042(JSR)) on diversity and federal question jurisdiction grounds.  On September 30, 2009, plaintiff Cathy Buch filed the fifth shareholder derivative complaint on behalf of nominal defendant Pfizer (Civil Action No. 09-cv-8289(JSR)) on diversity and federal question jurisdiction grounds.  On October 1, 2009, plaintiff Almalgamated Bank filed the sixth shareholder derivative complaint on behalf of nominal defendant Pfizer (Civil Action No. 09-cv-8363(JSR)) on federal question jurisdiction grounds.

After the above-referenced complaints were filed, counsel for plaintiff Klein contacted counsel for the plaintiffs in each of the above-captioned actions ("the Actions") to discuss their orderly consolidation and a leadership structure.  *See* Weiser Decl., ¶5.  Plaintiffs in each of the Actions allege similar causes of action on behalf of Pfizer against similar defendants, and each action arises out of the same nucleus of operative facts.  Therefore, Plaintiff seeks to consolidate

the Actions. As argued below, the respective actions cannot progress further until a leadership structure identifying the Lead Plaintiff and the Lead Counsel who have the authority to prosecute the Actions is established.

### IV. LEGAL ARGUMENT

#### A. Consolidation of the Actions

Plaintiff requests that this Court consolidate the Actions. Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation and provides the following:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

*Id.*

The power to consolidate related actions falls within the broad inherent authority of every court "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" *Lester-Krebs, Inc. v. Geffen Records, Inc.*, No. 85 Civ. 6320, 1985 U.S. Dist. LEXIS 13201, at *4 (S.D.N.Y. Dec. 4, 1985) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court has discretion to consolidate related cases which involve common questions of fact and law under Rule 42(a) "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *see also Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *6 (C.D. Cal. May 1, 2006).

Courts have indeed recognized that consolidation of similar shareholder actions can be beneficial to the Court and the parties by "'expediting pretrial proceedings, avoiding duplication . . . and minimizing expenditure of time and money.'" *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citation omitted); *see also MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) ("[t]he purpose of consolidation is to permit trial convenience and economy in administration"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (N.D. Cal. 1999) (consolidation pursuant to Fed. R. Civ. P. 42(a) eases the burden on all parties involved). "[W]hen consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (ordering consolidation of all related derivative actions); *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *6.

Here, consolidating the Actions will no doubt aid the convenience of the Court to decide these cases. The Actions present substantially identical issues and relate to whether Pfizer's directors and certain senior officers breached their fiduciary obligations to the Company and its stockholders. As a result, each individual case will involve essentially the same motion practice, discovery and trial considerations. In addition, no "substantial rights" of any party will be prejudiced by consolidation. In fact, the rights of the parties to a speedy discovery process, consistent adjudications, and cooperative discovery efforts will enhance all parties' rights to a fair and equitable adjudication of their dispute. Accordingly, the Actions should be consolidated.

      **B.**      **Klein Should Be Appointed Lead Plaintiff**

As the U.S. Supreme Court recognized in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), a plaintiff who leads a shareholder derivative suit occupies a position "of a

fiduciary character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity." *Id.*; *see also In re Seeburg-Commonwealth United Litig.*, No. 69 Civ. 5736, 1975 U.S. Dist. LEXIS 14185, at *4-*5 (S.D.N.Y. Jan. 24, 1975).

Appointing Klein as Lead Plaintiff provides the initial foundation of a leadership structure, and ensures both adequate supervision during all stages of this litigation and a strategy designed to enhance the value of Pfizer in the long run. Plaintiff Klein took the initiative to hold defendants accountable for their conduct at the expense of the Company by directing her respective counsel to file the first shareholder derivative complaint on behalf of Pfizer. *See* Klein Decl., ¶¶1, 3. Thus, plaintiff Klein has demonstrated her commitment to prosecute and manage the litigation and that she is well-qualified to serve as Lead Plaintiff.

Moreover, plaintiff Klein is a long-term holder of Pfizer stock, having owned it continuously since 1998 throughout the period of wrongdoing alleged in her complaint. *See* Klein Decl., ¶2. Plaintiff Klein still holds her shares of Pfizer stock, she has committed to retain her shares thought the duration of the litigation, and she is eager to vigorously pursue this litigation as she has done thus far. *Id.* Finally, plaintiff Klein has selected competent and experienced derivative counsel to serve as Lead Counsel and Liaison Counsel, the Weiser Firm and Curtis Trinko, respectively. Therefore, for all the foregoing reasons, plaintiff Klein should be appointed as Lead Plaintiff.

### C. The Court Should Appoint Plaintiff's Choice of Lead Counsel and Liaison Counsel

#### 1. Appointment of Lead Counsel and Liaison Counsel is Necessary to Effectively Prosecute the Consolidated Action

Plaintiff's proposed leadership structure would be incomplete without the appointment of Lead Counsel that can guide and coordinate all efforts. A court which has consolidated actions may, at its discretion, appoint Lead Counsel (and Liaison Counsel) to prosecute the consolidated cases. Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §2385 (2d ed. 1987) (cited in *Walker v. Deutsche Bank, AG*, No. 04 Civ. 1921 (DAB), 2005 U.S. Dist. LEXIS 19776, at *8 (S.D.N.Y. Sept. 6, 2005)). *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958) is the seminal case on this point. In that case, the Second Circuit recognized that "[t]he benefits achieved by consolidation and the appointment of general counsel, *i.e.* elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." *Id.* at 69.

Moreover, the *Manual for Complex Litigation* recognizes the benefits of appointing Lead Counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

*Manual for Complex Litigation* (Fourth) §10.22 (4d ed. 2004).

#### 2. The Weiser Firm Should Be Appointed as Lead Counsel

Plaintiff has selected the Weiser Firm to serve as Lead Counsel in this litigation. In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest of the

7

plaintiffs." *Millman v. Brinkley*, No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004). The criteria for selecting Lead Counsel include its experience and prior success record, the number, size, and extent of involvement of represented litigants, the stage of the proceedings in a particular suit, and the nature of the causes of action alleged. *Id.* (citations omitted). In making a selection, some courts have also considered the quality of the pleadings that have been filed as a factor to be weighed. *See, e.g.*, *Dollens v. Zionts*, No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *6 (N.D. Ill. Dec. 4, 2001). Each of these factors weighs strongly in favor of appointing the Weiser Firm as Lead Counsel.

The Weiser Firm has a sterling reputation in the field of shareholder litigation, and its principals have been involved in some of the most successful shareholder derivative actions in the United States. *See* Weiser Decl., Ex. 1. In particular, Mr. Weiser has served as co-lead counsel in several ground-breaking stockholder derivative actions, including the well-known *Oracle, Broadcom* and *E*Trade* cases. *See In re Oracle Corp. Derivative Litig.*, 824 A.2d 917 (Del. Ch. 2003) (resulted in a $100 million settlement after defeating a special litigation committee's motion for summary judgment); *David v. Wolfen, et al.* ("Broadcom Derivative Action"), No. 01-CC-03930 (S.D. Cal.) (instituted vanguard corporate governance practices which became the model for many other corporate governance settlements); *Barry v. Cotsakos* ("E*Trade Group, Inc. Derivative Action"), No. CIV419084 (Cal. Super. Ct., San Mateo County) (one of the most successful executive compensation cases ever, which required the company's then-current CEO to return approximately $25 million to the company and also included cutting-edge corporate governance changes).

Over the past several years, Mr. Weiser has been among the nationwide-leaders in prosecuting "option backdating cases" on a derivative basis. *See* Weiser Decl., Ex. 1. In

8

addition to being among the attorneys that developed the central pleading theory utilized in the backdating cases (which in turn produced some of the ground-breaking decisions in this area of law), Mr. Weiser (along with his co-counsel) successfully prosecuted backdating cases which caused the subject corporations to cumulatively receive over tens of millions of dollars in benefits.  *See, e.g.*, *In re KB Home S'holder Deriv. Litig.*, Master File No. 2:06-cv-05148-FMC-CTx (C.D. Cal. Feb. 9, 2009) (at least $31 million in benefits to the company); *In re Affiliated Computer Services Deriv. Litig.*, Master File No. 3:06-cv-1110 (N.D. Tex. Jun. 19, 2009) ($30 million in direct monetary relief to the company after an objection to the proposed settlement of a related case which plaintiffs purported to settle for $1.8 million in direct benefits); *In re McAfee, Inc. Deriv. Litig.*, Master File No. 5:06-cv-03484-JF (N.D. Cal. January 30, 2009) ($30 million in benefits to the company in addition to substantial corporate governance reforms).

Moreover, the Weiser Firm has vigorously advanced this litigation to date.  Most notably, the Weiser Firm's client was the first to file a shareholder derivative complaint on behalf of Pfizer.  This factor weighs heavily in favor of appointing the Weiser Firm as Lead Counsel.  In addition, the Weiser Firm first contacted the counsel for plaintiffs in each of the Pfizer derivative actions concerning consolidation of the actions and the establishment of a leadership structure.  *See* Weiser Decl., Ex. 2.  In sum, the Weiser Firm has served, and will continue to serve, the best interests of all derivative plaintiffs and the Company.

### 3. Curtis Trinko Should Be Appointed Liaison Counsel

Finally, Plaintiff has selected Curtis Trinko to serve as Liaison Counsel in this litigation.  Curtis Trinko regularly appears in this Court and maintains offices in Manhattan and will be able to efficiently communicate with the Court and all parties as Liaison Counsel.  The *Manual for Complex Litigation* recognizes that:

>*Liaison Counsel*.  Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of the developments, and otherwise assisting in the coordination of activities and positions.  Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts.  Liaison Counsel will usually have offices in the same locality as the court.

*Manual for Complex Litigation* (Fourth), *supra* §10.221.

Based on Curtis Trinko's decades of experience in representing plaintiffs in shareholder litigation (many times as Liaison Counsel), the firm's proven ability to work with other attorneys across the country in complex litigation, and their familiarity with the local rules and procedures of the Southern District of New York, it is apparent that Curtis Trinko is superbly qualified to serve as Liaison Counsel.  This Court should therefore appoint Curtis Trinko as Liaison Counsel.

### V. CONCLUSION

For the foregoing reasons, the Court should consolidate the above-captioned actions, appoint plaintiff Klein as Lead Plaintiff, the Weiser Firm as Lead Counsel, and Curtis Trinko as Liaison Counsel.

Dated:  October 8, 2009                    Respectfully submitted,

     s/ Curtis V. Trinko
**LAW OFFICES OF CURTIS V. TRINKO, LLP**
Curtis V. Trinko
Kinny Wai Chan
16 West 46th Street, 7th Floor
New York, New York 10036
Tel: 212 490-9550
Fax: 212 986-0158

[Proposed] Liaison Counsel for Plaintiffs and
Counsel for plaintiff Henrietta Klein

                    **THE WEISER LAW FIRM, P.C.**
Robert B. Weiser
Brett D. Stecker
Jeffrey J. Ciarlanto
121 N. Wayne Avenue
Suite 100
Wayne, PA 19087
Tel.: 610-225-2677
Fax: 610-225-2678

[Proposed] Lead Counsel for Plaintiffs and counsel for plaintiff Henrietta Klein