UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRIETTA KLEIN, derivatively, on behalf of PFIZER INC., | C.A. No. 09-cv-7822-JSR |
| Plaintiff, | ECF CASE |
| v. | |
| DENNIS A. AUSIELLO, MICHAEL S. BROWN, M. ANTHONY BURNS, ROBERT N. BURT; W. DON CORNWELL, WILLIAM H. GRAY III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON; STEPHEN W. SANGER; WILLIAM C. STEERE, JR., FREDA C. LEWIS-HALL, FRANK A. D'AMELIO, and IAN READ, | |
| Defendants, | |
| and | |
| PFIZER INC., | |
| Nominal Defendant. | |
| Nominal Defendant. | |

[caption continues on the following page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SKANDIA LIFE INSURANCE COMPANY LTD. FOR CONSOLIDATION OF RELATED ACTIONS AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

JAMES KENNEY, derivatively, on behalf of
PFIZER INC.,

                     Plaintiff,

v.

JEFFREY B. KINDLER, DOUGLAS M. LANKLER,
DENNIS A. AUSIELLO,  MICHAEL S. BROWN,
ROBERT N. BURT, W. DON CORNWELL,
CONSTANCE J. HORNER, JAMES M. KILTS, DANA
G. MEAD; SUZANNE NORA JOHNSON, HENRY A.
MCKINNELL, DAVID L. SHEDLARZ, WILLIAM R.
HOWELL, STANLEY O. IKENBERRY, FRANKLIN
D. RAINES, RUTH J. SIMMONS, and JEAN PAUL
VALLES,

                     Defendants,

and

PFIZER INC., a Delaware corporation,

                     Nominal Defendant.

**C.A. No. 09-cv-7913-JSR**

**ECF CASE**

ROBERT J. CASEY and WILLIAM A. HOUSTON, derivatively, on behalf of PFIZER INC.,

                Plaintiffs,

v.

DENNIS A. AUSIELLO, MICHAEL S. BROWN, M. ANTHONY BURNS, ROBERT N. BURT, W. DON CORNWELL, WILLIAM H. GRAY III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON, STEPHEN W. SANGER, WILLIAM C. STEERE, JR., FREDA C. LEWIS-HALL, FRANK A. D'AMELIO and IAN C. READ,

                Defendants,

and

PFIZER INC., a Delaware corporation,

                Nominal Defendant.

**C.A. No. 09-cv-7983-JSR**

**ECF CASE**

LOUISIANA SHERIFFS' PENSION AND RELIEF
FUND, derivatively, on behalf of PFIZER INC.,

            Plaintiff,

v.

DENNIS A. AUSIELLO, MICHAEL S. BROWN, M.
ANTHONY BURNS, ROBERT N. BURT, W. DON
CORNWELL, WILLIAM H. GRAY III, CONSTANCE
J. HORNER, JAMES M. KILTS, JEFFREY B.
KINDLER, GEORGE A. LORCH, DANA G. MEAD,
SUZANNE NORA JOHNSON, WILLIAM C.
STEERE, JR.,  DOUGLAS M. LANKLER, FRANK.
A. D'AMELIO, IAN C. READ, and JOSEPH M.
FECZKO,

            Defendants,

and

PFIZER INC.,

            Nominal Defendant.

**C.A. No. 09-cv-8042-JSR**

**ECF CASE**

CATHY BUCH,

               Plaintiff,

v.

DENNIS A. AUSIELLO, MICHAEL S. BROWN, M. ANTHONY BURNS, ROBERT N. BURT, W. DON CORNWELL, WILLIAM H. GRAY III, CONSTANCE J. HORNER, JAMES M. KILTS, JEFFREY B. KINDLER, GEORGE A. LORCH, DANA G. MEAD, SUZANNE NORA JOHNSON, STEPHEN W. SANGER, WILLIAM C. STEERE, JR., DOUGLAS M. LANKLER, FRANK A. D'AMELIO, IAN C. READ, JOSEPH M. FECZKO, HENRY A. MCKINNELL, DAVID L. SHEDLARZ, WILLIAM R. HOWELLSTANLEY O. IKENBERRY, FRANKLIN D. RAINES, RUTH J. SIMMONS, JEAN-PAUL VALLES, FREDA C. LEWIS-HALL, and PFIZER INC.,

               Defendants.

**C.A. No. 09-cv-8289-JSR**

**ECF CASE**

AMALGAMATED BANK, AS TRUSTEE FOR
LONGVIEW LARGECAP 500 INDEX VEBA
FUND, LONGVIEW LARGECAP 500 INDEX
FUND and LONGVIEW QUANTITATIVE
LARGECAP FUND, derivatively, on behalf of
PFIZER INC.,

                Plaintiff,

v.

DENNIS A. AUSIELLO, MICHAEL S. BROWN, M.
ANTHONY BURNS, ROBERT N. BURT, W. DON
CORNWELL, WILLIAM H. GRAY III, CONSTANCE
J. HORNER, JAMES M. KILTS, JEFFREY B.
KINDLER, GEORGE A. LORCH, DANA G. MEAD,
SUZANNE NORA JOHNSON, WILLIAM C.
STEERE, JR., WILLIAM R. HOWELL, HENRY A.
MCKINNELL, STANLEY O. IKENBERRY, RUTH J.
SIMMONS, DOUGLAS M. LANKLER, FRANK. A.
D'AMELIO, IAN C. READ, and JOSEPH M.
FECZKO,

                Defendants,

and

PFIZER INC.,

           Nominal Defendant.

**C.A. No. 09-cv-8363-JSR**

**ECF CASE**

THE PORT AUTHORITY OF ALLEGHENY
COUNTY RETIREMENT AND DISABILITY
ALLOWANCE PLAN FOR EMPLOYEES
REPRESENTED BY LOCAL 85 OF
AMALGAMTED TRANSIT UNION,

                Plaintiff,

v.

DENNIS A. AUSIELLO, MICHAEL S. BROWN, M.
ANTHONY BURNS, ROBERT N. BURT, W. DON
CORNWELL, WILLIAM H. GRAY III, CONSTANCE
J. HORNER, JAMES M. KILTS, JEFFREY B.
KINDLER, GEORGE A. LORCH, DANA G. MEAD,
SUZANNE NORA JOHNSON,  STEPHEN W.
SANGER, WILLIAM C. STEERE,  JR., DOUGLAS
M. LANKLER, FRANK A. D'AMELIO,  IAN C.
READ, JOSEPH M. FECZKO, HENRY A.
MCKINNELL, DAVID L. SHEDLARZ, WILLIAM R.
HOWELL, STANLEY O. IKENBERRY, FRANKLIN
D. RAINES, RUTH J. SIMMONS, JEAN-PAUL
VALLES, FREDA C. LEWIS-HALL and PFIZER
INC.,

                Defendants.

**C.A. No. 09-cv-8388-JSR**

**ECF CASE**

SKANDIA LIFE INSURANCE COMPANY LTD.,

                Plaintiff,

v.

JEFFREY B. KINDLER, DENNIS A. AUSIELLO,
MICHAEL S. BROWN, M. ANTHONY BURNS,
ROBERT N. BURT, W. DON CORNWELL,
WILLIAM H. GRAY III, CONSTANCE J. HORNER,
WILLIAM R. HOWELL, STANLEY O. IKENBERRY,
SUZANNE NORA JOHNSON, JAMES M. KILTS,
GEORGE A. LORCH, HENRY A. MCKINNELL,
DANA G. MEAD, FRANKLIN D. RAINES, DAVID L.
SHEDLARZ, RUTH J. SIMMONS, WILLIAM C.
STEERE, JR., JEAN-PAUL VALLES, FRANK A.
D'AMELIO,  JOSEPH M. FECZKO, DOUGLAS M.
LANKLER, and IAN C. READ,

                Defendants,

    and

PFIZER INC.,

            Nominal Defendant.

**C.A. No. 09-cv-8544-JSR**

**ECF CASE**

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

FACTUAL ALLEGATIONS .......................................................................................... 3

PROCEDURAL HISTORY ............................................................................................ 4

ARGUMENT .................................................................................................................... 5

    A. Consolidation of the Actions ............................................................................... 5

    B. This Court should appoint Skandia as Lead Plaintiff for the Consolidated
        Derivative Actions ................................................................................................ 7

    C. This Court should Appoint Kirby McInerney as Lead Counsel for the
        Consolidated Derivative Actions ......................................................................... 8

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*800-Flowers, Inc. v. Intercontinental Florist, Inc.,*
   860 F. Supp. 128, 133 (S.D.N.Y. 1994) ........................................................................8

*In re Bank of America Corp. Securities, Derivative and ERISA Litigation,*
   258 F.R.D. 260, 271 (S.D.N.Y. 2009) ........................................................................7, 9

   258 F.R.D. at 272 ........................................................................7, 9

*In re Bear Stearns Cos., Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig.,*
   No. 08 M.D.L. No.1963(RWS), 2009 WL 50132, at *4 (S.D.N.Y. Jan. 5, 2009) ..........6

   2009 WL 50132, at *13 ........................................................................10

*In re Comverse Tech., Inc. Derivative Litig.,*
   No. 06-CV-1849(NGG)(RER), 2006 WL 3761986, at *2
   (E.D.N.Y. Sept. 22, 2006) ........................................................................6

   2006 WL 3761986, at *3 ........................................................................8

*In re Doral Financial Corp. Securities Litigation,*
   2006 WL 1120491 (S.D.N.Y. Apr. 27, 2006) ..................................................................7

*In re General Elec. Sec. Litig.,*
   Slip Copy, 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009)......................................6

*In re Tarragon Corp. Sec. Litig.,*
   No. 07-CV-7972 (PKC), 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 6, 2007) ................5

*Johnson v. Celotex Corp.,*
   899 F.2d 1281, 1284-85 (2d Cir.1990) ........................................................................6

*Kaplan v. Gelfond,*
   240 F.R.D. 88, 91 (S.D.N.Y.2007)........................................................................6

*MacAlister v. Guterma,*
   263 F.2d 65, 68 (2d Cir. 1958) ........................................................................6, 9

*Ocean Ships, Inc. v. Stiles,*
   No. 00-CV-5469(RCC), 2003 WL 22741457, at *1 (S.D.N.Y. Nov. 19, 2003)............6

**Statutes and Rules**

Fed. R. Civ. P. 23(g)(1)(A)...............................................................................................9, 10

Fed. R. Civ. P. 42(a) .......................................................................................................1, 2, 5

**Other Authorities**

Federal Judicial Center, *Manual For Complex Litigation* § 21.11 (4th ed.2004) ...............9

Plaintiff Skandia Life Insurance Company Ltd. ("Plaintiff" or "Skandia") respectfully moves this Court for an order consolidating the above-captioned actions for all purposes pursuant to Fed. R. Civ. P. 42(a), appointing Skandia as lead plaintiff and its counsel, Kirby McInerney LLP ("Kirby McInerney"), as lead counsel.

## INTRODUCTION

The above-captioned actions are all shareholder derivative actions brought by shareholders of nominal defendant Pfizer, Inc. ("Pfizer" or "the Company"), against various current and former Pfizer board members and officers, to recover damages on behalf of Pfizer and its shareholders resulting from pervasive, long-standing and illegal schemes employed by Pfizer employees to: (a) market and promote four Pfizer pharmaceutical products (Bextra, Geodon, Zyvox and Lyrica) for "off label" uses not approved by the United States Food and Drug Administration (the "FDA"), and (b) market and promote these four drugs, together with at least nine others (namely, Aricept, Celebrex, Lipitor, Norvasc, Relpax, Viagra, Zithromax, Zoloft, and Zyrtec), through a variety of improper and illegal "kickbacks" provided to health care providers and professionals in order to induce further prescriptions of and revenues from those drugs. (See Skandia Complaint filed October 7, 2009 ("Complaint") at ¶ 1)

Pfizer, as revealed on September 2, 2009, was ultimately subjected to a record $2.3 billion in criminal fines and civil penalties from federal regulators, to further legal costs and exposures (e.g., product liability and consumer fraud litigation) for which Pfizer has already reserved or expended nearly $1 billion more, and to substantial

impairment of Pfizer's reputation in the market, the healthcare industry, and regulatory arenas. (Complaint at ¶ 2)

Skandia, which currently owns 2,149,609 shares of Pfizer stock (*See* Declaration of Hans Sterte and Marie Schöllin, attached as Ex. B to the Declaration of Ira M. Press, at ¶ 7) filed a shareholder derivative complaint on October 7, 2009. All of the complaints filed in the above-captioned actions contain similar allegations, stem from the same illegal conduct at Pfizer and revolve around the same nucleus of operative facts. Skandia believes that all of these cases should be consolidated before this Court for the efficient and expeditious disposition of the cases. Skandia therefore seeks an order pursuant to Rule 42(a) of the Federal Rules of Civil Procedure consolidating the above-captioned actions and all later-filed related shareholder derivative actions involving nominal defendant Pfizer pending in the Southern District of New York.

Plaintiff Skandia should also be appointed lead plaintiff in the consolidated actions. Skandia has been a long-term shareholder in Pfizer. (*See* "Sterte and Schöllin Decl." at ¶ 7). It is an institutional investor, and currently holds 2,149,609 shares at an approximate value of $37 million. (*Id*). Skandia has a vested interest in prosecuting the case diligently. Skandia recognizes the complexities of derivative and class action litigation, and is fully prepared to take upon itself the responsibilities of being lead plaintiff in those cases (*See* "Sterte and Schöllin Decl." at ¶ 9). Skandia is well aware of its fiduciary duties to the other shareholders of Pfizer. (*See* "Sterte and Schöllin Decl." at ¶ 10). Skandia filed a comprehensive complaint on October 7, 2009 only after giving the action serious thought and consideration, as opposed to filing a rushed complaint

2

immediately after the U.S. DOJ announcement on September 2, 2009 of Pfizer's agreement to settle.

Plaintiff Skandia further seeks an order appointing its chosen counsel, Kirby McInerney LLP, to prosecute the consolidated derivative actions as lead counsel. Kirby McInerney is eminently qualified counsel to lead and organize the shareholder derivative action, represent the interests of the Company, and has successfully prosecuted many derivative and class actions in this and many other courts.

## FACTUAL ALLEGATIONS

Pfizer, including various wholly-owned subsidiaries such as Pharmacia (whose acquisition by Pfizer was announced in July 2002 and completed in April 2003) and Warner Lambert (whose acquisition by Pfizer was completed in June 2000), is one of the world's largest pharmaceutical companies. (Complaint at ¶ 41). As discussed above, Pfizer engaged in illegal marketing, promotion and sale practices which sought to increase drug sales of at least 13 different Pfizer products over the course of nearly eight years via promotion and marketing of, and sales for, off-label uses and dosages, and via kickbacks to healthcare providers to induce further prescriptions.

This conduct, however, was discovered. The resulting record-breaking $2.3 billion of criminal fines and civil payments imposed upon Pfizer in September 2009 were calibrated, as regulators made explicit, not merely to size and scope of the misconduct, but to its enduring willfulness. Not only did Pfizer violate the law repeatedly and consistently, with respect to a wide array of products and over a very long period of time, but, as the government's prosecuting attorney noted, *"at the very same time Pfizer was in our office negotiating and resolving the allegations of criminal conduct by its then newly*

acquired subsidiary, *Warner-Lambert, Pfizer was itself in its other operations violating those very same laws.* Today's enormous fine demonstrates that such *blatant and continued disregard of the law* will not be tolerated." (Complaint at ¶ 4) (emphasis added)

Defendants (namely Pfizer officers and directors during the relevant period) utterly failed to discharge the fiduciary duties imposed upon them by virtue of their positions. In fact, defendants should have had a heightened awareness of such duties with specific respect to compliance matters imposed, by virtue of Pfizer's contemporary regulatory run-ins, by virtue of the Code of Conduct that explicitly placed compliance oversight in their purview, and by virtue of the operation of the compliance information reporting mechanisms that were designed to and did funnel information concerning compliance misconduct and failures to them. Given these specific and extraordinary circumstances, it is plain that Defendants either consciously disregarded consistent, repeated evidence of widespread and consequential misconduct, or affirmatively condoned such misconduct. (Complaint at ¶ 5)

For those reasons, Plaintiff filed a derivative suit in order to rectify the wrongdoing done against the Company.

## PROCEDURAL HISTORY

There are currently eight outstanding derivative actions naming nominal defendant Pfizer in the Southern District of New York:

| Case No. | Case Name | Date Filed |
|----------|-----------|------------|
| 09-cv-7822 | *Klein v. Ausiello, et al.* | September 10, 2009 |

4

| 09-cv-7913 | *Kenney v. Kindler, et al.,* | September 15, 2009 |
| 09-cv-7983 | *Casey, et al., v. Ausiello, et al.* | September 17, 2009 |
| 09-cv-8042 | *LSPERF v. Ausiello, et al.* | September 18, 2009 |
| 09-cv-8292 | *Buch v. Ausiello, et al.* | September 30, 2009 |
| 09-cv-8363 | *Amalgamated Bank, et. al v. Ausiello, et al.* | October 2, 2009 |
| 09-cv-8388 | *Port Authority of Allegheny County Retirement v. Ausiello, et al.* | October 2, 2009 |
| 09-cv-8544 | *Skandia v. Kindler, et al.* | October 7, 2009 |

## ARGUMENT

### A.    Consolidation of the Actions

Rule 42(a) of the Federal Rules of Civil procedure provides as follows:

If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Pursuant to Fed. R. Civ. P. 42(a), consolidation is appropriate in shareholder derivative actions where "[t]he complaints are largely overlapping and raise common questions of law and fact." *See In re Tarragon Corp. Sec. Litig.,* No. 07-CV-7972 (PKC), 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 6, 2007) (Consolidating three shareholder derivative actions that similarly alleged false and misleading statements were issued concerning the financial condition of the defendant company); *See also In re Comverse Tech., Inc. Derivative Litig.,* No. 06-CV-1849(NGG)(RER), 2006 WL 3761986, at *2

(E.D.N.Y. Sept. 22, 2006) (citing *MacAlister v. Guterma,* 263 F.2d 65, 68 (2d Cir. 1958))("an order consolidating such derivative actions during the pre-trial stages, together with the appointment of a general counsel, may in many instances prove the only effective means of channeling the efforts of counsel.").

There is no need for every defendant named or cause of action propounded or issue raised to be exactly the same in each individual complaint in order for the Court to use its discretion and order consolidation of a matter.  As the Court succinctly stated in *Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (as cited in *In re General Elec. Sec. Litig.,* Slip Copy, No. 09-CV-1951, 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009): "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." Furthermore, consolidation promotes judicial convenience and avoids unnecessary costs to the parties. *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990); *In re Bear Stearns Cos., Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig.,* 08 M.D.L. No.1963(RWS), 2009 WL 50132, at *4 (S.D.N.Y. Jan. 5, 2009).

In deciding whether to consolidate related cases,"[a] judge must balance the gains in judicial efficiency with any threats of prejudice and confusion." *Ocean Ships, Inc. v. Stiles,* No. 00-CV-5469(RCC), 2003 WL 22741457, at *1 (S.D.N.Y. Nov. 19, 2003).

Skandia respectfully submits that this case is ripe for consolidation.  All of the eight cases listed above present sufficient common questions of fact and law. Consolidating these eight actions would undoubtedly promote judicial convenience,

avoid unnecessary cost and would in fact promote avoidance of any prejudice or confusion to parties concerned by allowing for one streamlined action within which all disputes could be timely and fairly adjudicated. Finally, in order to continue to expedite the resolution of these actions, it is not only these eight actions that should be consolidated, but any future actions filed that relate to the same set of facts as alleged in the Skandia Complaint should also be consolidated.

**B.    This Court should appoint Skandia as Lead Plaintiff for the Consolidated Derivative Actions**

Although "[n]o statutory authority exists for the appointment of lead plaintiff in shareholder derivative actions" (*In re Doral Fin. Corp. Sec. Litig.*, No. 05 MDL 1706, 2006 WL 1120491, at *1 (S.D.N.Y. Apr. 27, 2006)), it is well recognized that "[i]n complex cases, courts may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation… (*In re Bank of America Corp. Sec., Derivative and ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009)).

This Court has concluded that institutional investors in shareholder derivative litigation actions are well suited, and in fact, likely candidates for assuming the position of lead plaintiff, see. e.g. "institutional investors…are well-suited to acting on behalf of the putative class prior to certification….[plaintiff] is an experienced and active institutional litigant." (*Id* at 272).

Skandia, which currently holds more than 2.1 million shares of Pfizer is a large institutional investor that is compelled, by virtue of its own investment and those of other Pfizer shareholders, to litigate this action as efficiently and effectively as possible. Skandia has previously been ready, willing and able to take charge in such complex

litigation and to ensure that the best interests of the class were served. (*See* "Sterte and Schöllin Decl." At ¶ 9.)

This Court has rejected the notion that the "first to file" rule should conclusively determine lead plaintiff status (see e.g. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994), *In re Comverse Tech., Inc. Derivative Litig.*, 2006 WL 3761986 at *3, n8. Instead, the Court focuses on the thoroughness of the pleadings and the experience of prospective lead plaintiff's chosen counsel.

Skandia filed its complaint on October 7, 2009. It is a well-researched, thoughtful and detailed pleading. The complaint was not prepared hastily, unlike several of the complaints filed in the related cases immediately after the news of Pfizer's settlement with the U.S. Department of Justice emerged. Instead, the pleading is structured in an easy to read manner and is well organized. It is easily discernible that the Skandia complaint is thorough and comprehensive, and that time and effort was taken in gathering material facts alleged in the complaint. Skandia has shown that it is capable of preparing well-reasoned pleadings and for this reason, in addition to the others propounded, should be appointed lead plaintiff in this action. *Id.*

Finally, Skandia's chosen counsel has without a doubt the necessary experience and resources to effectively prosecute this action. This is explored further, below.

**C.    This Court should Appoint Kirby McInerney as Lead Counsel for the Consolidated Derivative Actions**

"[T]he appointment of interim class counsel may be helpful in 'clarify [ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.' Federal Judicial Center, *Manual For*

*Complex Litigation* § 21.11 (4th ed. 2004); *see also MacAlister v. Guterma,* 263 F.2d 65, 68-69 (2d Cir. 1958) (benefits of appointing lead counsel include eliminating duplication and repetition)." (*In re Bank of America Corp. Sec., Derivative and ERISA Litig.,* 258 F.R.D. at 271.)

In appointing lead counsel in a consolidated derivative action, the Court can consider the requirements of Fed. R. Civ. P. 23(g)(1)(A):

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

As stated in the case *In re Bank of America Corp. Sec., Derivative and ERISA Litig.,* 258 F.R.D. at 272, courts may also consider

> " 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.' Fed.R.Civ.P. 23(g)(1)(B). These include: '(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel,' *In re Comverse Tech., Inc. Derivative Litig.,* No. 06 Civ. 1849(NGG)(RER), 2006 WL 3761986, at *2-3 (E.D.N.Y. Sept. 22, 2006), as well as whether counsel 'are qualified and responsible, ... [whether] they will fairly and adequately represent all of the parties on their side, and ... [whether] their charges will be reasonable.' *In re Bear Stearns,* 2009 WL 50132, at *11 (quoting *Manual For Complex Litigation* § 10.22).

Kirby McInerney is more than qualified to serve as lead counsel, having been appointed lead counsel in numerous shareholder derivative actions, as well as complex securities actions in this Court, see *Roger W. Berger, et al. v. William Clay Ford, Jr., et al.,* C.A. No. 792-N (Del. Ch. 2004), *In re Ebay Inc. Shareholder's Litig.,* C.A. No. A.19988 (Del. Ch. 2004), *In re Citigroup Inc. Securities Litigation* 07-CV-9901

(S.D.N.Y), *In Re Wachovia Equity Sec. Litig.* 08-CV-6171 (S.D.N.Y.), *Lapin v. Goldman Sachs & Co.* 04-CV-2236 (S.D.N.Y.). Further, having successfully settled both derivative and class actions or otherwise recovered for the class in several actions, see e.g. *In re Limited, Inc.* C.A. No. 17148 (Del. Ch.), (co-lead counsel, derivative action settled in 2004); *In re Bisys Sec. Litig.*, 04-CV-3840 (S.D.N.Y. 2007), (co-lead counsel, $66 million settlement); *In re AT&T Corp. Sec. Litig.*, 00-CV-8754 (S.D.N.Y. 2006), (sole lead counsel, $150 million settlement); *In re Adelphia Comm., Inc. Sec. Litig.*, 04-CV-05759 (S.D.N.Y. 2006), (co-lead counsel, $455 million settlement), Kirby McInerney is well aware of its duties and fully capable of carrying out those duties to the plaintiffs in the consolidated class and is also highly skilled and knowledgeable in matters arising in such litigation.

This Court should follow recent precedence in this district and the requirements of Fed. R. Civ. P. 23(g)(1)(A) and appoint Kirby McInerney lead counsel due to its extensive experience as lead counsel in many prior complex shareholder class actions and shareholder derivative actions (see e.g. *In re Bear Stearns Cos., Sec., Derivative, and ERISA Litig.*, 2009 WL 50132, at *13 "Both [counsel] have extensive experience litigating derivative actions and have served as lead or co-lead counsel in many actions in this District and throughout the country.")

Kirby McInerney is located in New York City and as lead counsel can effectively liaise with the Court and all parties concerned at a moment's notice. Kirby McInerney also has no issue putting forward necessary resources required for such complex litigation, as has been evidenced in the hundreds of other complex cases previously

litigated by the firm, and taking control of such a case and managing it with utmost integrity and rigor.

## CONCLUSION

For the foregoing reasons, Skandia respectfully requests that this Court (1) consolidate the above captioned actions, and any other further related derivative actions that may be filed or transferred naming Pfizer as a nominal defendant, (2) appoint Skandia as lead plaintiff and (3) appoint Skandia's chosen counsel, Kirby McInerney, as lead counsel.

Dated: October 14, 2009                    **KIRBY McINERNEY LLP**


By:_____/s Ira M. Press_____

Ira M. Press

825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
Email: ipress@kmllp.com

Deborah Sturman
STURMAN LLC
275 Seventh Avenue, 2nd Floor
New York, NY 10001
Telephone: (212) 367-7017
Facsimile: (917) 546-2544
Email: sturman@sturman.ch

*Counsel for Skandia*