USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-18-10

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
IN RE:                                :
                                      :   Master File No.:
PFIZER INC. SHAREHOLDER DERIVATIVE    :   09 Civ. 7822 (JSR)
LITIGATION                            :
                                      :   ORDER
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On December 16, 2009, the defendants in this action moved to dismiss the Consolidated, Amended, and Verified Shareholder Derivative Complaint (the "Complaint") filed by lead plaintiff Amalgamated Bank. The Court received briefing on this motion and held oral argument on February 5, 2010.

The Court grants the motion to dismiss as to (1) those claims alleging that Pfizer disseminated materially inaccurate and incomplete proxy statements in violation of federal and Delaware law (Counts I and II of the Complaint); (2) the claim alleging that defendants were unjustly enriched (Count V); and (3) all claims asserted against defendant Allen P. Waxman;[1] but the Court denies the motion in all other respects. An opinion explaining the reasons for these rulings will follow in due course.

As a result of the foregoing dismissal of the only claims arising under federal law, Amalgamated Bank lacks an independent basis for federal subject matter jurisdiction; nonetheless, the Court will for now continue to exercise supplemental jurisdiction over this

---

[1] In footnote 8 of their memorandum of law in support of their motion to dismiss, defendants represent that Mr. Waxman has not been served with the Complaint, and Amalgamated Bank has not challenged this representation.

case, with Amalgamated Bank as lead plaintiff. If lead plaintiff's counsel, or associated counsel, wish to substitute another person or entity with an independent jurisdictional basis as lead plaintiff, they must move to substitute the proposed new lead plaintiff by no later than April 7, 2010, failing which the Court will reconsider whether to maintain supplemental jurisdiction. Meanwhile, counsel for the parties are directed to jointly call Chambers by no later than March 22, 2010 to schedule all other further proceedings in this case.

SO ORDERED.

Dated: New York, NY
       March 17, 2009

JED S. RAKOFF, U.S.D.J.