```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
IN RE:                               :
                                     :    Master File No.:
PFIZER INC. SHAREHOLDER DERIVATIVE   :    09 Civ. 7822 (JSR)
LITIGATION                           :
                                     :    MEMORANDUM ORDER
------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-6-10

JED S. RAKOFF, U.S.D.J.

On November 4, 2009, the Court appointed Amalgamated Bank to be lead plaintiff in the above-captioned consolidated cases, with Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as lead counsel. See tr., 11/4/09, at 23. Thereafter, the defendants moved to dismiss the Consolidated, Amended and Verified Shareholder Derivative Complaint (the "Complaint") filed by Amalgamated Bank. By Order dated March 17, 2010,[1] the Court granted this motion in part and denied it in part, dismissing, among other claims, all claims arising under federal law. An opinion setting forth the reasons for these rulings is forthcoming.

By dismissing the federal law claims, this Order had the effect of eliminating any non-supplemental basis for federal court jurisdiction with respect to lead plaintiff Amalgamated Bank, a New York corporation, since many of the defendants are citizens of New York. On March 24, 2010, however, plaintiffs' counsel submitted a proposed order substituting as lead plaintiffs (1) Louisiana Sheriffs' Pension and Relief Fund ("Louisiana Sheriffs"), a citizen of Louisiana, and (2) Skandia Life Insurance Company Ltd.

---

[1] The Court hereby clarifies that that Order, which erroneously bears the date "March 17, 2009," was in fact issued on March 17, 2010.

("Skandia"), a citizen of Sweden, both of which had filed derivative complaints that were consolidated into the instant action.

By letters dated March 30, 2010, the individual director and officer defendants, as well as nominal defendant Pfizer Inc. ("Pfizer"), opposed the proposed substitution. Defendants principally argued that the substitution would not cure the lack of diversity jurisdiction as long as Amalgamated Bank remained as a named plaintiff; and that diversity would be lacking in any case because nominal defendant Pfizer should be realigned as a plaintiff. By letter dated April 2, 2010, plaintiffs responded. As to defendants' first argument, plaintiffs made clear that Amalgamated Bank would be withdrawn as a named plaintiff upon the substitution of Louisiana Sheriffs and Skandia, and that the latter would assume responsibility as lead plaintiffs "pursuant to the exact same terms and conditions" that this Court previously approved, preliminarily, with respect to Amalgamated Bank. As to the defendants' second argument, it is clear that Pfizer's interests are aligned with the directors and officers presently in control of the corporation, who the Complaint alleges are so conflicted by the threat of personal liability arising from their alleged bad faith and illegality that they could not disinterestedly evaluate a demand for a derivative suit. Throughout this litigation, moreover, Pfizer has consistently taken positions adverse to the plaintiffs in every respect, while never controverting the positions taken by the other defendants. Since the alignment of the corporation in a derivative suit is to be

determined "on the face of the pleadings and by the nature of the controversy," Smith v. Sperling, 354 U.S. 91, 97 (1957), the Court readily concludes that Pfizer is properly treated here as a defendant for diversity purposes. See, e.g., ZB Holdings, Inc. v. White, 144 F.R.D. 42, 46 (S.D.N.Y. 1992).

Accordingly, the Court hereby appoints Louisiana Sheriffs and Skandia as lead plaintiffs, with Bernstein Litowitz to continue as lead counsel, and directs Amalgamated Bank to submit to the Court a stipulation of withdrawal with respect to all named plaintiffs whose presence would defeat diversity jurisdiction. The court will, in the interim (and possibly thereafter as well), continue to exercise supplemental jurisdiction over the case.

SO ORDERED.

Dated: New York, NY
April 5, 2010

                                        _____
                                        JED S. RAKOFF, U.S.D.J.