UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PFIZER INC. SHAREHOLDER DERIVATIVE LITIGATION | Master File No. 09-CV-7822 (JSR) |

## INDIVIDUAL DEFENDANTS' ANSWER TO THE CONSOLIDATED, AMENDED AND VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Defendants Dennis A. Ausiello, Michael S. Brown, M. Anthony Burns, Robert N. Burt, W. Don Cornwell, William H. Gray III, Constance J. Horner, James M. Kilts, Jeffrey B. Kindler, George A. Lorch, Suzanne Nora Johnson, Dana G. Mead, William C. Steere, Jr., Stephen W. Sanger, William R. Howell, Henry A. McKinnell, Stanley O. Ikenberry, Ruth J. Simmons, Frank A. D'Amelio, Joseph M. Feczko, Douglas M. Lankler, and Ian Read (collectively, "Defendants" or "Individual Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs' Consolidated, Amended and Verified Shareholder Derivative Complaint (the "Complaint"). To the extent any allegation is not specifically admitted, it is expressly denied.

With respect to the portion of the Complaint that precedes the numbered paragraphs, Defendants admit that Plaintiffs purport to bring this action on behalf of nominal defendant Pfizer Inc. ("Pfizer"). No response is required to Plaintiffs' Table of Contents or to the various headings or subheadings and abbreviations throughout the Complaint. To the extent that responses are required to the Table of Contents or various headings or subheadings or abbreviations, all are denied.

## SPECIFIC RESPONSES TO THE PARAGRAPHS OF THE COMPLAINT

1.      The allegations set forth in the first sentence of Paragraph 1 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in the first sentence of Paragraph 1.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second, third, fourth, and fifth sentences of Paragraph 1 of the Complaint, including footnote 1 contained therein, except admit that on or about September 2, 2009, Pfizer finalized an agreement with the Department of Justice ("DOJ") to resolve certain government investigations regarding the marketing and promotion of certain medicines, and in connection with that settlement, Pfizer agreed to pay a total of $2.3 billion, including $1 billion in civil payments and $1.3 billion criminal penalty, and except to the extent the second, third, fourth, and fifth sentences of Paragraph 1, including footnote 1 therein, purport to describe and/or quote from a press release issued by the DOJ on or about September 2, 2009, respectfully refer the Court to such document for an accurate statement of its contents.

2.      Defendants deny the allegations set forth in the first and second sentences of Paragraph 2 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations set forth in the third sentence of Paragraph 2 of the Complaint, except admit that (i) John Kopchinski is a former employee of Pfizer; and (ii) a *qui tam* complaint was filed against Pfizer and Pharmacia Corporation captioned *United States ex rel. John Kopchinski v. Pfizer, Inc. et al.*, Civ. No. 05-cv-12115 RCL (D. Mass. Dec. 12, 2008).

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit that (i) Pfizer has entered into certain Corporate Integrity Agreements with the Department of Justice; and (ii) Paragraph 3 purports to describe these Agreements, and respectfully refer the Court to such documents for an accurate statement of their contents.

4.      Defendants deny the allegations set forth in the first, second, and third sentences of Paragraph 4 of the Complaint.  The allegations set forth in the fourth sentence of Paragraph 4 of the Complaint contains conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in the fourth sentence of Paragraph 4 of the Complaint.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that (i) in 2002, Pfizer agreed to pay $49 million to resolve a civil investigation into grants made by Warner Lambert Company prior to its acquisition by Pfizer; and (ii) in connection with this settlement, Pfizer entered into a Corporate Integrity Agreement with the Office of the Inspector General of the United States Department of Health and Human Services (the "2002 CIA"), and respectfully refer the Court to such document for an accurate statement of its contents.

6.      Defendants deny the allegations set forth in the Paragraph 6 of the Complaint, except admit that (i) in 2004, Warner Lambert Company LLC agreed to pay a $240 million criminal penalty and plead guilty to two counts of violating the U.S. Food, Drug, and Cosmetic Act ("FDCA") relating to its promotion of Neurontin prior to its acquisition by Pfizer; (ii) in 2004, in connection with resolving government investigations regarding Warner Lambert Company LLC's promotion of Neurontin prior to its acquisition by Pfizer, Pfizer and Warner Lambert Company LLC agreed to pay a $190 million civil penalty, and Pfizer entered into a Corporate Integrity Agreement with the Office of the Inspector General of the United States Department of Health and Human Services (the "2004 CIA"), and respectfully refer the Court to such document for an accurate statement of its contents.

7.      Defendants deny the allegations set forth in the first sentence of Paragraph 7 of the Complaint, except admit that the first sentence of Paragraph 7 purports to describe the

2004 CIA and respectfully refer the Court to such document for an accurate statement of its contents. The allegations set forth in the second sentence of Paragraph 7 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in the second sentence of Paragraph 7 of the Complaint.

8.    The allegations set forth in Paragraph 8 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.    Defendants deny the allegations set forth in Paragraph 9 of the Complaint, except admit that (i) Genotropin is a human growth non-steroidal hormone medicine; (ii) Pharmacia & Upjohn Company Inc. and Pharmacia & Upjohn & Company LLC are subsidiaries of Pfizer; (iii) in 2007, Pharmacia & Upjohn Company Inc. agreed to plead guilty to a single count of offering to an outside vendor remuneration in the form of an award of a contract to manage a Genotropin patient assistance program as an inducement for recommending the purchase of Pharmacia medicines and was assessed a fine of $19.7 million in connection therewith; and (iv) in 2007, Pharmacia & Upjohn Company LLC entered into a Deferred Prosecution Agreement with the Department of Justice that included a fine of $15 million to address the promotion of Genotropin.

10.    Defendants deny the allegations set forth in the first sentence of Paragraph 10 of the Complaint. Defendant deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 10 of the Complaint, because, among other things, the allegations are so vague as not to identify the purported complaints, notices of violation, and FDA Warning Letter, except admit that (i) Pfizer's Board received compliance reports; and (ii) the second sentence of Paragraph 10

purports to describe the 2002 and 2004 CIAs, and respectfully refer the court to such document for an accurate statement of their contents.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, except admit that on October 16, 2009, Pfizer appeared before the Honorable Douglas P. Woodlock for a hearing in the matter of *United States of America v. Pharmacia & Upjohn Company, Inc.*, No. 09-CR-10258-DPW (D. Mass.), and except to the extent Paragraph 12 purports to quote from the transcript for that hearing, respectfully refer the Court to such document for an accurate statement of its contents.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint, except admit that Plaintiffs purport to bring this derivative litigation on behalf of Pfizer.

14.     The allegations set forth in Paragraph 14 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to base subject matter jurisdiction on the statutes set forth in Paragraph 14 of the Complaint.

15.     The allegations set forth in Paragraph 15 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs purport to base venue on the statute set forth in the first sentence of Paragraph 15 of the Complaint and that Pfizer maintains its principal executive office in this District.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, except admit that on November 4, 2009, the Court appointed Amalgamated Bank as "Lead Plaintiff" in this action.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations set forth in the first sentence of Paragraph 23 of the Complaint.  Defendants deny the allegations set forth in the second, third, fourth, and fifth sentences of Paragraph 23 of the Complaint, except admit that (i) Pfizer's website describes Pfizer "As the world's largest research-based biomedical and pharmaceutical company"; (ii) as of December 31, 2009, Pfizer employed approximately 116,500 people in its operations throughout the world; and (iii) Pfizer has over 350 subsidiaries, and respectfully refer the Court to Pfizer's 2009 10-K for a list of those subsidiaries.

24.     Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint, except admit that (i) Dennis A. Ausiello has been a member of Pfizer's Board of Directors since December 2006; (ii) Mr. Ausiello has been a member of the Corporate Governance Committee since 2007; and (iii) Mr. Ausiello has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint, except admit that (i) Michael S. Brown has been a member of Pfizer's Board of Directors since 1996; (ii) Mr. Brown has been a member of the Corporate Governance Committee since 1996; and (iii) since 2002, Mr. Brown has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint, except admit that (i) M. Anthony Burns has been a member of Pfizer's Board of Directors since 1988, and not 1998; (ii) Mr. Burns has been a member of the Executive Committee since 2004 and the Audit Committee since 2005; and (iii) since 2002, Mr. Burns has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint, except admit that (i) Robert N. Burt has been a member of Pfizer's Board of Directors since 2000; (ii) Mr. Burt was a member of the Audit Committee from 2000 through 2004; (iii) Mr. Burt has been a member of the Compensation Committee since 2005; and (iv) since 2002, Mr. Burt has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

29.      Defendants deny the allegations set forth in Paragraph 29 of the Complaint, except admit that (i) W. Don Cornwell has been a member of Pfizer's Board of Directors since 1997; (ii) Mr. Cornwell has served as a member of the Audit Committee since 1997 and has served as the chair of the Audit Committee since 2007; and (iii) since 2002, Mr. Cornwell has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

30.      Defendants deny the allegations set forth in Paragraph 30 of the Complaint, except admit that (i) William H. Gray III has been a member of Pfizer's Board of Directors since 2000; (ii) Mr. Gray has served as a member of the Corporate Governance Committee since 2000; and (iii) since 2002, Mr. Gray has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

31.      Defendants deny the allegations set forth in Paragraph 31 of the Complaint, except admit that (i) Constance J. Horner has been a member of Pfizer's Board of Directors since 1993; (ii) Ms. Horner has served as a member of the Corporate Governance Committee since 1994 and has intermittently served as the chair of the Corporate Governance Committee since 1996; (iii) Ms. Horner has served as a member of the Executive Committee since 1999; and (iv) since 2002, Ms. Horner has received ordinary and usual fees for her service as a member of Pfizer's Board of Directors.

32.      Defendants deny the allegations set forth in Paragraph 32 of the Complaint, except admit that (i) James M. Kilts has been as a member of Pfizer's Board of Directors since September 2007; (ii) Mr. Kilts has served as a member of the Compensation Committee since 2007; and (iii) in 2007 and 2008, Mr. Kilts received ordinary and usual fees for his service as a member of Pfizer's Board of Directors s.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint, except admit that (i) Jeffrey B. Kindler served as General Counsel and Chief Compliance Officer of Pfizer from 2002 to 2006; (ii) Mr. Kindler has served as Pfizer's Chief Executive Officer ("CEO") since July 31, 2006; (iii) Mr. Kindler has served as a member of the Executive Committee since 2006; and (iv) since 2006, Mr. Kindler has been compensated for his service to Pfizer.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint, except admit that (i) George A. Lorch has been a member of Pfizer's Board of Directors since 2000; (ii) Mr. Lorch has served as a member of the Compensation Committee since 2000; and (iii) since 2002, Mr. Lorch has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint, except admit that (i) Suzanne Nora Johnson has been a member of Pfizer's Board of Directors since September 2007; (ii) Ms. Johnson has served as a member of the Audit Committee since 2007; and (iii) Ms. Johnson received ordinary and usual fees for her service as a member of Pfizer's Board of Directors.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint, except admit that (i) Dana G. Mead has been a member of Pfizer's Board of Directors since 1998; (ii) Mr. Mead has served as a member of the of the Compensation Committee since 1998 and has served as the Chair of the Compensation Committee since 2005; and (iii) since 2002, Mr. Mead has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint, except admit that (i) William C. Steere, Jr. has been a member of Pfizer's Board of

Directors 1987; (ii) Mr. Steere has served as Chairman Emeritus of Pfizer since 2001; (iii) Mr. Steere served as Chairman of the Board from 1992 to April 2001; (iv) Mr. Steere served as Pfizer's CEO from 1991 to 2000; and (v) since 2002, Mr. Steere has received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint, except admit that Stephen W. Sanger has served as a member of Pfizer's Board of Directors since February 2009.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint except admit that Defendants Ausiello, Brown, Burns, Burt, Cornwell, Gray, Horner, Kilts, Kindler, Lorch, Mead, Johnson, Sanger, and Steele, as of the date of this Answer, serve on Pfizer's Board.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint, except admit that: (i) William R. Howell was a member of Pfizer's Board of Directors from 2000 through March 12, 2009; (ii) Mr. Howell served as a member of the Board's Audit Committee from 2000 through March 12, 2009 and as chair of the Audit Committee from 2005 through 2006; and (iii) since 2002, Mr. Howell received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint, except admit that: (i) Henry A. McKinnell was a member of Pfizer's Board of Directors from June 1997 until February 2007; (ii) Mr. McKinnell held various positions at Pfizer from 1971 to 1992; (iii) Mr. McKinnell was Pfizer's President and Chief Operating Officer from January 1992 to December 2001; (iii) Mr. McKinnell was Pfizer's Chief Executive Officer from January 2001 to July 2006; (v) Mr. McKinnell was Pfizer's Chairman of the Board

from May 2001 to July 2006; and (vi) Mr. McKinnell received compensation for his service to Pfizer.

42.    Defendants deny the allegations set forth in Paragraph 42 of the Complaint, except admit that (i) Stanley O. Ikenbery was a member of Pfizer's Board of Directors from 1982 to 2007; (ii) Mr. Ikenberry served as a member of Board's Corporate Governance Committee from 1999 to 2004; (iii) Mr. Ikenberry served as a member of the Board's Compensation Committee from 2005 to 2006; (iv) Mr. Ikenberry served as a member of the Board's Science and Technology Committee from 2003 to 2006; (v) Mr. Ikenberry served as a member of the Board's Executive Committee from 1999 to 2006; and (vi) between 2002 and 2007, Mr. Ikenberry received ordinary and usual fees for his service as a member of Pfizer's Board of Directors.

43.    Defendants deny the allegations set forth in Paragraph 43 of the Complaint, except admit that (i) Ruth J. Simmons was a member of Pfizer's Board of Directors from January 1997 to April 2007; (ii) Ms. Simmons served as a member of the Board's Corporate Governance Committee from 2006 to 2006 and was the chair of the Corporate Governance Committee from 2004 to 2005; (iii) Ms. Simmons served as a member of the Board's Audit Committee from 1991 to 2001; and (iv) between 2002 and 2007, Ms. Simmons received ordinary and usual fees for her service as a member of Pfizer's Board of Directors.

44.    The allegations set forth in Paragraph 44 of the Complaint do not require an answer.

45.    To the extent the allegations set forth in Paragraph 45 of the Complaint relate to Allen P. Waxman, no response is required, since the Court dismissed all claims against Mr. Waxman in its Order filed March 18, 2010 (the "Order").  To the extent a response as to Mr. Waxman is deemed required, Defendants deny the allegations, except admit that in 2006, Mr.

Waxman became a member of Pfizer's Executive Leadership Team.  Defendants deny the remaining allegations set forth in Paragraph 45 of the Complaint, except admit that (i) Pfizer has an Executive Leadership Team; and (ii) during certain periods of time, Defendants Kindler, Read, and Feczko served as members of Pfizer's Executive Leadership Team.

46.    Defendants deny the allegations set forth in Paragraph 46 of the Complaint, except admit that (i) Frank A. D'Amelio has served as Pfizer's Chief Financial Officer since September 2007; (ii) Mr. D'Amelio serves as a member of Pfizer's Executive Leadership Team; and (iii) in 2008, Mr. D'Amelio was compensated for his service to Pfizer.

47.    Defendants deny the allegations set forth in Paragraph 47 of the Complaint, except admit that (i) Joseph M. Feczko served as Pfizer's Chief Medical Officer from 2005 to 2009; and (ii) Mr. Feczko served as a member of Pfizer's Executive Leadership Team from 2006 to 2009.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Complaint, except admit that (i) Douglas M. Lankler serves as Pfizer's Chief Compliance Officer, and (ii) Mr. Lankler is a signatory to the 2004 and 2009 CIAs.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Complaint, except admit that (i) Ian Read is a Senior Vice President at Pfizer, a current member of Pfizer's Executive Leadership Team, and Group President of Pfizer's Worldwide Biopharmaceutical Business; (ii) in 2008, Mr. Read was compensated for his service to Pfizer; and (iii) Paragraph 49 of the Complaint contains a partial quote from Pfizer's website, the full text of which, as of the date of this Answer is as follows: "This Pfizer operating unit is the world's largest organization devoted to developing, marketing and selling prescription pharmaceutical medicines, with approximately $61 billion in global revenues."

50.    The allegations set forth in Paragraph 50 of the Complaint relate exclusively to Allen P. Waxman.  Since the Court dismissed all claims against Mr. Waxman in the Order, no response to such allegations is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 50 of the Complaint, except admit that (i) Mr. Waxman joined Pfizer in 2003; (ii) in 2006, Mr. Waxman became Pfizer's General Counsel and a member of Pfizer's Executive Leadership Team; and (iii) Mr. Waxman resigned from Pfizer in 2008.

51.    The allegations set forth in Paragraph 51 of the Complaint do not require an answer.

52.    The allegations set forth in Paragraph 52 of the Complaint do not require an answer.

53.    Defendants deny the allegations set forth in Paragraph 53 of the Complaint, except admit that (i) Pfizer is one of the world's largest pharmaceutical companies; (ii) Pfizer engages in the business of manufacturing and marketing prescription medicines for the prevention and treatment of illnesses; (iii) sales of Neurontin were approximately $1.7 billion in 2001; (ii) sales of Celebrex were approximately $2.4 billion in 2008; (iii) sales of Viagra were approximately $1.9 billion in 2008; and (iv) during the fiscal year 2008, Pfizer had a net income of approximately $8.1 billion.

54.    Defendants deny the allegations set forth in Paragraph 54 of the Complaint, except admit Paragraph 54 purports to describe and/or quote from an article by Daniel Carlat entitled "Dr. Drug Rep.," and published on or about November 25, 2007, and respectfully refer the Court to that article for an accurate statement of its contents.

55.    Defendants deny the allegations set forth in the first, second, fourth, fifth, and sixth sentences of Paragraph 55 of the Complaint, except admit that the sixth sentence of

Paragraph 55 purports to describe and/or quote a Pfizer job advertisement published on or about October 20, 2009, and respectfully refer the Court to that advertisement for an accurate statement of its contents. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 55 of the Complaint.

56.    Defendants deny the allegations set forth in the first and second sentences of Paragraph 56 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 56 of the Complaint.

57.    The allegations set forth in Paragraph 57 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth Paragraph 57 of the Complaint, except admit that Paragraph 57 of the Complaint purports to describe and/or cite the U.S. Food, Drug and Cosmetics Act ("FDCA") and respectfully refer the Court to the FDCA for the accurate contents thereof.

58.    The allegations set forth in Paragraph 58 contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 58, except admit that Paragraph 58 purports describe the FDCA, and respectfully refer the Court to the FDCA for the accurate contents thereof.

59.    The allegations set forth in Paragraph 59 of the Complaint contain conclusions of law as to which to response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.    The allegations set forth in Paragraph 60 of the Complaint contain conclusions of law as to which to response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 60 of the Complaint, except admit that

Paragraph 60 purports to describe the FDCA and respectfully refer the Court to the FDCA for the accurate contents thereof.

61.    Defendants admit the allegations set forth in the first sentence of Paragraph 61 of the Complaint.  Defendants deny the allegations set forth in the second, third, and fourth sentences of Paragraph 61 of the Complaint.  The allegations set forth in the fifth sentence of Paragraph 61 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in the fifth sentence of Paragraph 61 of the Complaint, except admit that the fifth sentence of Paragraph 61 of the Complaint purports to describe the False Claims Act and the Federal Anti-Kickback Statute and respectfully refer the Court to the False Claims Act and the Federal Anti-Kickback Statute for the accurate contents thereof.

62.    The allegations set forth in the first sentence of Paragraph 62 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in the first sentence of Paragraph 62 of the Complaint, except admit that the first sentence of Paragraph 62 of the Complaint purports to describe the FDCA and respectfully refer the Court to the FDCA for the accurate contents thereof.  Defendants deny the allegations set forth in the second sentence of Paragraph 62 of the Complaint.

63.    The allegations set forth in the first sentence of Paragraph 63 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in the first sentence of Paragraph 63 of the Complaint, except admit that the first sentence of Paragraph 63 of the Complaint purports to describe Delaware law and respectfully refer the Court to such law for the accurate contents thereof.  Defendants deny the allegations set forth in the second sentence of

Paragraph 63 of the Complaint, except admit that the Pfizer's Code of Business Conduct and Ethics for Members of the Board of Directors discusses the functions of Pfizer's Board of Directors and that the charters of the Board committees discuss the functions of those committees, and respectfully refer the Court to such documents for an accurate statement of their contents.

64.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 64 of the Complaint.  Defendants deny the allegations set forth in the second sentence of Paragraph 64 of the Complaint, except admit that the second sentence of Paragraph 64 of the Complaint purports to quote from Pfizer's website, the text of which, as of the date of this Answer is as follows: "The Pfizer Board understands and acts on the fundamental principle that good corporate governance is critical to organizational success and the protection of shareholder value."

65.    Defendants deny the allegations set forth in Paragraph 65 of the Complaint, except admit that (i) Pfizer maintains Corporate Governance Principles, which discuss the functions of the Pfizer Board; and (ii) Paragraph 65 purports to describe and/or quote Pfizer's Corporate Governance Principles, and respectfully refer the Court to such document for an accurate statement of its contents.

66.    Defendants deny the allegations set forth in Paragraph 66 of the Complaint, except admit that Paragraph 66 purports to describe and/or quote Pfizer's Corporate Governance Principles, and respectfully refer the Court to that document for an accurate statement of its contents.

67.    Defendants deny the allegations set forth in Paragraph 67 of the Complaint, except admit that (i) Pfizer maintains a Code of Business Conduct and Ethics for Members of the Board of Directors; (ii) Paragraph 67 purports to describe and/or quote the Code

of Business Conduct and Ethics for Members of the Board of Directors, and respectfully refer the Court to such document for an accurate statement of its contents; and (iii) Paragraph 67 purports to describe and/or quote Pfizer's 2009 Corporate Responsibility Report, and respectfully refer the Court to such document for an accurate statement of its contents.

68.    Defendants deny the allegations set forth in Paragraph 68 of the Complaint, except admit that (i) Pfizer's Code of Business Conduct and Ethics for Members of the Board of Directors discusses the functions of Pfizer's Board of Directors; and (ii) Paragraph 68 purports to describe and/or quote the Code of Business Conduct and Ethics for Members of the Board of Directors, and respectfully refer the Court to such document for an accurate statement of its contents.

69.    Defendants deny the allegations set forth in Paragraph 69 of the Complaint, except admit that (i) Pfizer's Code of Business Conduct and Ethics for Members of the Board of Directors discusses the functions of Pfizer's Board of Directors; and (ii) Paragraph 69 purports to describe and/or quote the Code of Business Conduct and Ethics for Members of the Board of Directors, and respectfully refer the Court to such document for an accurate statement of its contents.

70.    Defendants deny the allegations set forth in Paragraph 70 of the Complaint, except admit that Paragraph 70 purports to describe the 2004 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

71.    Defendants deny the allegations set forth in Paragraph 71 of the Complaint, except admit that (i) Pfizer's Board of Directors maintains several committees, including the Audit Committee; (ii) each Board committee has its own charter; (iii) the Audit Committee's charter discusses the functions of the Audit Committee; and (iv) Paragraph 71

purports to describe and/or quote the Audit Committee's charter, and respectfully refer the Court to such document for an accurate statement of its contents.

72.    Defendants deny the allegations set forth in Paragraph 72 of the Complaint, except admit that Paragraph 72 purports to describe and/or quote the Audit Committee's Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

73.    Defendants deny the allegations set forth in Paragraph 73 of the Complaint, except admit that (i) the Audit Committee's Charter discusses the functions of the Audit Committee; and (ii) Paragraph 73 purports to describe and/or quote from the Audit Committee's Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

74.    Defendants deny the allegations set forth in Paragraph 74 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that (i) the Corporate Governance Committee's Charter discusses the functions of the Corporate Governance Committee; and (ii) Paragraph 74 purports to describe and/or quote the Corporate Governance Committee's Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

75.    The allegations set forth in Paragraph 75 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.    The allegations set forth in Paragraph 76 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations set forth in the first two sentences of Paragraph 77 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third, fourth, fifth, and sixth sentences of Paragraph 77 of the Complaint, including footnotes 2, 3, 4, 5, and 6 contained therein, except admit that (i) Mark Westlock, Robert Wilson, Richard Ehlers, Craig Watkins, David Wetherholt, and Mari Dimer are former employees of Pfizer; and (ii) the allegations set forth in the third, fourth, fifth, and sixth sentences of Paragraph 77, including footnotes 2, 3, 4, 5, and 6 contained therein, purport to describe, quote, and/or cite to the *qui tam* complaints filed in *United States ex rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, No. 08-11318 (DPW) (D. Mass.), *United States ex rel. Robert Willson, Richard Ehlers and Craig Watkins v. Pfizer, Inc., et al.*, No. 07-11115 (RGS) (D. Mass.), and *United States ex rel. David Wetherholt and Marci Dimer v. Pfizer, Inc.*, No. 06-10240 (DPW) (D. Mass.), and respectfully refer the court to such documents for an accurate statement of their contents.

78.    Defendants deny the allegations set forth in the first, third, fourth, and fifth sentences of Paragraph 78 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 78 of the Complaint, including footnote 7 contained therein, except admit that (i) Blair Collins, John Kopchinski, David Farber, Casey Schildhauer, Robert Wilson, Richard Ehlers, and Craig Watkins are former employees of Pfizer; and (ii) the second sentence of Paragraph 78, including footnote 7 contained therein, purports to describe, quote, and/or cite to the *qui tam* complaints filed in *United States ex rel. Blair Collins, et al.*, No. 04-11780 (DPW) (D. Mass.), *United States ex. rel. John Kopchinski v. Pfizer, Inc., et al.*, No. 05-12115 (RCL) (D. Mass.); and *United States ex rel. Robert Willson, Richard Ehlers and Craig Watkins v. Pfizer,*

*Inc., et al.*, No. 07-11115 (RGS) (D. Mass.), and respectfully refer the Court to such documents for an accurate statement of their contents.

79.     Defendants deny the allegations set forth in the first and fifth sentences of Paragraph 79 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second, third, and fourth sentences of Paragraph 79 the Complaint, including footnotes 8, 9, and 10 contained therein, except admit that (i) Ronald Ramerio is a former employee of Pfizer; and (ii) the second, third, and fourth sentences of Paragraph 79, including footnotes 8, 9, and 10 contained therein, purport to describe, quote, and/or cite to the *qui tam* complaints filed in *United States ex. rel. Ronald v. Pfizer, Inc.*, No. 07-11728 (DPW) (D. Mass.), *United States ex rel. David Farber and Casey Schildhauer v. Pfizer, Inc.*, No. 07-10304 (D. Mass.), and *United States ex rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, No. 08-11318 (DPW) (D. Mass.), and respectfully refer the Court to such documents for an accurate statement of their contents.

80.     Defendants deny the allegations set forth in the first sentence of Paragraph 80 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 80 of the Complaint, including footnote 11 contained therein, except admit that the second sentence of Paragraph 80, including footnote 11 contained therein purports to describe, quote, and/or cite an article entitled "Pfizer gets a public dressing down over promoting unlicensed drugs" by Paul Dinsdale and published on or about March 30, 2002, and respectfully refer the Court to such document for an accurate statement of its contents.

81.     Defendants deny the allegations set forth in the first sentence of Paragraph 81 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and third sentences of Paragraph 81

of the Complaint, including footnotes 12 and 13 contained therein, except admit that (i) Robert Liter, David Wetherhold, Mari Dimer, and Mark Westlock are former employees of Pfizer; and (ii) the second and third sentences of Paragraph 81, including footnotes 12 and 13 contained therein, purport to describe, quote, and/or cite the complaints filed in *United States ex rel. Robert A. Liter v. Pfizer, Inc.*, No. 06-176 (WOB) (E.D. Ky.), *United States ex rel. David Wetherhold and Marci Dimer v. Pfizer, Inc.*, No. 06-10240 (DPW) (D. Mass.), and *United States ex rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, No. 08-11318 (DPW) (D. Mass.), and respectfully refer the Court to such documents for an accurate statement of their contents.

82.    Defendants deny the allegations set forth in the first sentence of Paragraph 82 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 82 of the Complaint, including footnotes 14, 15, and 16 contained therein, except admit that the second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 82, including footnotes 14, 15, and 16 contained therein, purport to describe, quote, and/or cite the article entitled "Outcome Reporting in Industry-Sponsored Trials of Gabapentin for Off-Label Use" by S. Swaroop Vedula, et al. and published on or about November 12, 2009, and respectfully refer the Court to such article for an accurate statement of its contents.

83.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences of Paragraph 83 of the Complaint, including footnotes 17 and 18 contained therein, except admit that (i) Glenn DeMott is a former employee of Pfizer; and (ii) the first and second sentences of Paragraph 83, including footnotes 17 and 18 contained therein, purport to describe, quote, and/or cite the *qui tam* complaints filed in *United States, et al. ex rel. Glenn DeMott v. Pfizer, Inc.*, No. 05-12040 (RWZ) (D. Mass.) and *United States ex rel. John Kopchinski v. Pfizer, Inc. et al.*, No. 05- 12115

RCL (D. Mass.), and respectfully refer the Court to such documents for an accurate statement of their contents. Defendants deny the allegations set forth in the third sentence of Paragraph 83 of the Complaint, except admit that Mr. Read is a Senior Vice President at Pfizer and the Group President of Pfizer's Worldwide Biopharmaceutical Businesses.

84.     Defendants deny the allegations set forth in the first sentence of Paragraph 84 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second, third, fourth, fifth, and sixth sentences of Paragraph 84 of the Complaint, including footnotes 19, 20, 21, 22, and 23 contained therein, except admit that (i) John Kopchinski is a former employee of Pfizer; and (ii) the second, third, fourth, fifth, and sixth sentences of Paragraph 84, including footnotes 19, 20, 21, 22, and 23 contained therein, purport to describe, quote, and/or cite the *qui tam* complaints filed in *United States ex rel. John Kopchinski v. Pfizer, Inc. et al.*, No. 05- 12115 RCL (D. Mass.) and *United States ex rel. Robert Wilson, Richard Ehlers and Craig Watkins v. Pfizer, Inc., et al.*, No. 07-11115 (RGS) (D. Mass.), and respectfully refer the Court to such complaints for an accurate statement of their contents.

85.     Defendants deny the allegations set forth in the first and fifth sentences of Paragraph 85 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second, third, and fourth sentences of Paragraph 85 of the Complaint, including footnotes 24, 25, and 26 contained therein, except admit that (i) Glenn DeMott, David Farber, Casey Schildhauer, Robert Wilson, Richard Ehlers, and Craig Watkins are former employees of Pfizer, and (ii) the second, third, and fourth sentences of Paragraph 85 of the Complaint, including footnotes 24, 25, and 26 contained therein, purports to describe, quote, and/or cite the *qui tam* complaints filed in *United States ex rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, No. 08-11318 (DPW) (D. Mass.), *United States*

*ex rel. David Farber and Casey Schildhauer v. Pfizer, Inc.*, No. 07-10304 (D. Mass.), *United States ex rel. Robert Wilson, Richard Ehlers and Craig Watkins v. Pfizer, Inc., et al.*, No. 07-11115 (RGS) (D. Mass.), and *United States ex rel. Stefan Kruszewski v. Pfizer, Inc.*, No. 07-4106 (E.D. Pa.), and respectfully refer the court to such documents for an accurate statement of their contents.

86.     Defendants deny the allegations set forth in the first, third, and fifth sentences of Paragraph 86 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and fourth sentences of Paragraph 86 of the Complaint, including footnote 27 contained therein, except admit the second and fourth sentences, including footnote 27 contained therein, purport to describe, quote, and/or cite the *qui tam* complaint filed in *United States ex rel. Blair Collins, et al. v. Pfizer, Inc.*, No. 04-11780 (DPW) (D. Mass.) and the sentencing memorandum submitted by the Department of Justice on October 9, 2009, in *United States of America v. Pharmacia & Upjohn Company, Inc.*, No. 09-CR-10258 (DPW) (D. Mass.), and respectfully refer the court to such documents for an accurate statement of their contents.

87.     Defendants deny the allegations set forth in the first, second, and fourth sentences of Paragraph 87 of the Complaint, including footnote 28 contained therein, except admit that the second sentence, including footnote 28 contained therein, purports to cite to the *qui tam* complaints filed in *United States ex rel. John Kopchinski v. Pfizer, Inc. et al.*, No. 05-12115 RCL (D. Mass.), *United States, et al. ex rel. Glenn DeMott v. Pfizer, Inc.*, No. 05-12040 (RWZ) (D. Mass.), *United States ex rel. David Farber and Casey Schildhauer v. Pfizer, Inc.*, No. 07-10304 (D. Mass.), and *United States ex rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, No. 08-11318 (DPW) (D. Mass.), and respectfully refer the Court to such documents for an accurate statement of their contents.  Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations set forth in the third and fifth sentences of Paragraph 87 of the Complaint, except admit that the third and fifth sentences of the Complaint purport to describe and/or quote from the *qui tam* complaint filed in *United States ex rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, No. 08-11318 (DPW) (D. Mass.) and the sentencing memorandum submitted by the Department of Justice on October 9, 2009, in *United States of America v. Pharmacia & Upjohn Company, Inc.*, No. 09-CR-10258 (DPW) (D. Mass.), and respectfully refer the court to such documents for an accurate statement of their contents.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint, except admit that (i) Lipitor is a prescription medicine that lowers cholesterol in the blood, including low-density lipoprotein cholesterol; (ii) lowering cholesterol can help reduce the risk of heart disease, strokes, and vascular disease; and (iii) Lipitor has been one of Pfizer's most successful drugs.

89.     Defendants deny the allegations set forth in the first and fourth sentences of Paragraph 89 of the Complaint, except admit that in 2002, Pfizer agreed to pay $49 million to resolve a civil investigation into grants made by Warner Lambert Company prior to its acquisition by Pfizer.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and third sentences of Paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint, except admit that (i) in 2002, Pfizer agreed to pay $49 million to resolve a civil investigation into grants made by Warner Lambert Company prior to its acquisition by Pfizer; (ii) in connection with this settlement, Pfizer entered into the 2002 CIA; and (iii) Paragraph 90 purports to describe the 2002 CIA, and respectfully refer the Court to such document for an accurate statement of its contents

91.      Defendants deny the allegations set forth in Paragraph 91 of the Complaint, except admit that Paragraph 91 of the Complaint purports to describe the 2002 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

92.      Defendants deny the allegations set forth in Paragraph 92 of the Complaint, except admit that (i) Neurontin is an antiepileptic medication; and (ii) Warner Lambert Company marketed and sold Neurontin prior to June 2000, and Pfizer, directly and/or through its subsidiaries, has marketed and sold Neurontin since June 2000.

93.      Defendants deny the allegations set forth in the first and second sentences of Paragraph 93 of the Complaint, except admit that the FDA approved Neurontin for the management of postherpetic neuralgia in adults and as adjunctive therapy in the treatment of partial seizures and without secondary generalization in patients over 12 years of age with epilepsy.  Defendants deny the allegations set forth in the third sentence of Paragraph 93 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in footnote 29 contained therein, except admit that footnote 29 purports to describe and/or quote an FDA news release issued on or about January 31, 2008, entitled "FDA Alerts Health Care Providers to Risk of Suicidal Thoughts and Behavior with Antiepileptic Medications," and respectfully refer the Court to such document for an accurate statement of its contents.

94.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 94 of the Complaint.

95.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth the first and third sentences of Paragraph 95 of the Complaint, except admit that (i) David Franklin is a former employee of Warner Lambert Company; (ii) Dr. Franklin filed a *qui tam* complaint and affidavit against Pfizer and Parke-

Davis in *United States of America ex rel. David Franklin v. Pfizer, Inc., et al.*, No. 96-11651 (PBS) (D. Mass.), and (iii) the first and third sentences of Paragraph 95 purport to describe and/or quote from Dr. Franklin's affidavit in *United States of America ex rel. David Franklin v. Pfizer, Inc., et al.*, No. 96-11651 (PBS) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents.  Defendants deny the allegations set forth in the second sentence of Paragraph 95 of the Complaint.

96.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 96 of the Complaint, except admit that Paragraph 96 purports to describe and/or quote Dr. Franklin's affidavit filed in *United States of America ex rel. David Franklin v. Pfizer, Inc., et al.*, No. 96-11651 (PBS) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents.

97.      Defendants deny the allegations set forth in the first sentence of Paragraph 97 of the Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 97 of the Complaint, including footnote 30 contained therein, except admit that the second sentence, including footnote 30 contained therein, purports to describe and/or quote the August 29, 2007 Memorandum and Order in *In re Neurontin Mrktg. and Sales Practices Litig.*, MDL Docket No. 1629, No. 04-10981 (D. Mass), and respectfully refer the court to such document for an accurate statement of its contents.

98.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and third sentences of Paragraph 98 of the Complaint.  Defendants deny the allegations set forth in the second sentence of Paragraph 98 of the Complaint, except admit that in 2004, Warner Lambert Company LLC in connection with

resolving governmental investigations regarding its promotion of Neurontin prior to its acquisition by Pfizer, agreed to plead guilty to two counts of violating the FDCA.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 99 of the Complaint, including footnotes 31 and 32 therein, except admit that Paragraph 99, including footnotes 31 and 32 therein, purports to describe, quote, and/or cite the June 2, 2004 Sentencing Memorandum submitted by the DOJ in *United States v. Warner Lambert Company LLC*, No. 04-CR-10150 (RGS) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents.

100.     Defendants deny the allegations set forth in the first and third sentences of Paragraph 100 of the Complaint, except admit that (i) in 2004, Warner Lambert Company LLC agreed to pay a $240 million criminal penalty and plead guilty to two counts of violating the FDCA relating to its promotion of Neurontin prior to its acquisition by Pfizer; and (ii) in 2004, in connection with resolving government investigations regarding Warner Lambert Company LLC's promotion of Neurontin prior to its acquisition by Pfizer, Pfizer and Warner Lambert Company LLC agreed to pay a $190 million civil penalty.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 100 of the Complaint.

101.     Defendants deny the allegations set forth in the first, second, third, fourth, sixth, and seventh sentences of Paragraph 101 of the Complaint, except admit that (i) in 2004, in connection with resolving government investigations regarding Warner Lambert Company LLC's promotion of Neurontin prior to its acquisition by Pfizer, Pfizer entered into the 2004 CIA; and (ii) the first, second, third, fourth, sixth, and seventh sentences of Paragraph 101 purport to describe the 2004 CIA, and respectfully refer the Court to such document for an

accurate statement of its contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the fifth sentence of Paragraph 101 of the Complaint.

102.     Defendants deny the allegations set forth in the first, second, and third sentences of Paragraph 102 of the Complaint, except admit that (i) Genotropin is a human growth non-steroidal hormone medicine; (ii) Genotropin has been approved by the FDA to treat growth failure in children with growth hormone deficiency, children with Prader-Willi syndrome, children born small for gestational age, girls with Turner syndrome, children with idiopathic short stature, and adults with growth hormone deficiency; and (iii) Genotropin is manufactured into a semi-finished state by Vetter Pharma-Fertigung GmbH & Co. KG and has been distributed in the United States by Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pfizer.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the fourth sentence of Paragraph 102 of the Complaint, except admit that the fourth sentence of Paragraph 102 of the Complaint purports to describe and/or quote an article by Nicholas Mulcahy entitled "Hormone Abuse/Misuse: Altering the Tale" and published in or about August 2004, and respectfully refer the Court to such document for an accurate statement of its contents.

103.     The allegations set forth in Paragraph 103 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 103 of the Complaint, except admit that Paragraph 103 purports to describe the FDCA, and respectfully refer the Court to such Act for the accurate contents thereof.

104.     Defendants admit the allegations set forth in the first sentence of Paragraph 104 of the Complaint.  Defendants deny the allegations set forth in the second

sentence of Paragraph 104 of the Complaint. The allegations set forth in the third sentence of Paragraph 104 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in the third sentence of Paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in the first sentence of Paragraph 105 of the Complaint, including footnote 33 contained therein, except admit that (i) revenues from the sales of Genotropin increased from $481 million in 2003 to $843 million in 2007; and (ii) footnote 33 purports to cite to Pfizer's Form 10-Ks for 2003 and 2007, which were filed with the U.S. Securities and Exchange Commission. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 105 of the Complaint, except admit that the second sentence purports to describe and/or quote an article by Nicholas Mulcahy entitled "Hormone Abuse/Misuse: Altering the Tale" and published in or about August 2004, and respectfully refer the Court to such document for an accurate statement of its contents.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Complaint, except admit that in or about March 2007, Pharmacia & Upjohn Company Inc. agreed to plead guilty to a single count of offering to an outside vendor remuneration in the form of an award of a contract to manage a Genotropin patient assistance program as an inducement for recommending the purchase of Pharmacia medicines, and except to the extent Paragraph 106 purports to describe and/or quote the Deferred Prosecution Agreement entered into by Pharmacia & Upjohn Company LLC and the United States Attorney's Office for the District of Massachusetts, respectfully refer the Court to such document for an accurate statement of its contents.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Complaint, except admit that in or about March 2007, Pharmacia & Upjohn Company Inc. agreed to plead guilty to a single count of offering to an outside vendor remuneration in the form of an award of a contract to manage a Genotropin patient assistance program as an inducement for recommending the purchase of Pharmacia medicines, and except to the extent Paragraph 107 purports to describe the Plea Agreement entered into by the United States Attorney's Office for the District of Massachusetts and Pharmacia & Upjohn Company, Inc., respectfully refer the Court to such document for an accurate statement of its contents.

108.    Defendants deny the allegations set forth in Paragraph 108 of the Complaint, including footnote 34 contained therein, except admit that (i) in or about March 2007, Pharmacia & Upjohn Company Inc. and Pharmacia & Upjohn Company LLC reached separate settlements with the DOJ to address charges relating to Pharmacia's promotion of Genotropin prior to Pfizer's acquisition of Pharmacia; (ii) in connection with these settlements, Pharmacia & Upjohn Company Inc. agreed to pay a $19.7 million criminal penalty and Pharmacia & Upjohn Company LLC agreed to pay a $15 million civil penalty; and (iii) Pharmacia & Upjohn Company LLC entered into a Deferred Prosecution Agreement with the U.S. Attorney's Office for the District of Massachusetts to address Pharmacia's promotion of Genotropin prior to Pfizer's acquisition of Pharmacia.

109.    Defendants deny the allegations set forth in Paragraph 109 of the Complaint, except admit that (i) Pfizer entered into the 2002 and 2004 CIAs; and (ii) Paragraph 109 purports to describe the 2002 and 2004 CIAs, and respectfully refer the Court to such documents for an accurate statement of their contents.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Complaint, except admit that (i) on October 24, 2002, Douglas M. Lankler signed the 2002 CIA

on behalf of Pfizer; and (ii) Paragraph 110 purports to describe and/or quote the 2002 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Complaint, except admit that Paragraph 111 purports to describe and/or quote the 2002 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

112.    Defendants deny the allegations set forth in Paragraph 112 of the Complaint, except admit that (i) Jeffrey B. Kindler served as General Counsel and Chief Compliance Officer of Pfizer from 2002 until his appointment as Pfizer's CEO in 2006; and (ii) Paragraph 112 purports to describe and/or quote the 2002 CIA and respectfully refer the Court to such document for an accurate statement of its contents.

113.    Defendants deny the allegations set forth in Paragraph 113 of the Complaint, except admit that (i) on June 9, 2003, Douglas M. Lankler gave a presentation entitled "Living With a Corporate Integrity Agreement" before the 2003 Pharmaceutical Congress; and (ii) admit that Paragraph 113 purports to describe and/or quote from the Powerpoint slides for that presentation and respectfully refer the Court to such slides for an accurate statement of their contents.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Complaint, except admit that (i) Douglas M. Lankler signed the 2004 CIA on behalf of Pfizer; and (ii) Paragraph 114 purports to describe and/or quote the 2004 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

115.    Defendants deny the allegations set forth in Paragraph 115 of the Complaint, except admit that Paragraph 115 purports to describe and/or quote the 2004 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

116.    Defendants deny the allegations set forth in the first and third sentences of Paragraph 116 of the Complaint, except admit that the first and third sentences of Paragraph 116 purport to describe and/or quote the 2004 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.  Defendants deny the allegations set forth in the second and fourth sentences of Paragraph 116 of the Complaint, except admit that the second sentence of Paragraph 116 purports to describe and/or quote from Pfizer's "Code of Business Conduct and Ethics for Members of the Board of Directors," and respectfully refer the Court to such document for an accurate statement of its contents.

117.    Defendants deny the allegations set forth in Paragraph 117 of the Complaint, except to the extent Paragraph 117 purports to describe and/or quote the 2004 CIA, respectfully refer the Court to such document for an accurate statement of its contents.

118.    Defendants deny the allegations set forth in Paragraph 118 of the Complaint, except admit that Paragraph 118 purports to describe and/or quote Pfizer's 2009 Corporate Responsibility Report, and respectfully refer the Court to such document for an accurate statement of its contents.

119.    Defendants deny the allegations set forth in Paragraph 119 of the Complaint, except admit that (i) on April 20, 2005, Douglas M. Lankler served as assistant general counsel and deputy compliance officer at Pfizer; (ii) on April 20, 2005, Mr. Lankler gave a presentation entitled "The 'Bottom Line' Analysis: The In-House View" at the 2005 HCAA Annual Compliance Institute; and (iii) Paragraph 119 purports to describe and/or quote from the Powerpoint slides for that presentation, and respectfully refer the Court to such slides for an accurate statement of their contents.

120.    Defendants deny the allegations set forth in Paragraph 120 of the Complaint, except admit that (i) Jeffrey B. Kindler served as Pfizer's General Counsel and Chief

Compliance Officer in 2005; (ii) Mr. Kindler was appointed Pfizer's CEO in 2006; (iii) following Mr. Kindler's appointment as Pfizer's CEO in 2006, Allen B. Waxman was appointed Pfizer's General Counsel; and (iv) Paragraph 120 purports to describe and/or quote the 2004 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

121.    Defendants admit the allegations set forth in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations set forth in Paragraph 122 of the Complaint, except admit that (i) Celebrex and Bextra were co-promoted by Pfizer and Pharmacia; and (ii) Pfizer's acquisition of Pharmacia was completed on April 16, 2003.

123.    Defendants deny the allegations set forth in Paragraph 123 of the Complaint, except admit that (i) on or about January 16, 2001, the Bextra NDA 21-341 was submitted to the FDA; (ii) the Bextra NDA 21-341 proposed indications including the prevention and treatment of acute pain in adults and for the treatment of primary dysmenorrhea at a recommended dose of 40 mg once daily, and for the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis at a recommended dose of 10 mg once daily; and (iii) Paragraph 123 purports to describe and/or quote the Bextra NDA, and respectfully refer the Court to such document for an accurate statement of its contents.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Complaint, except admit that Bextra tablets were indicated for the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, and for the treatment of primary dysmenorrheal, and except to the extent Paragraph 124 purports to describe statements made by the FDA, respectfully refer the Court to such statements for the accurate contents thereof.

125.    Defendant deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 125 of the Complaint, because, among

other things, the allegations are so vague as not to identify the purported statements made by the FDA, and except to the extent Paragraph 125 purports to describe statements made by the FDA, respectfully refer the Court to such statements for the accurate contents thereof.

126.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 126 of the Complaint, except to the extent Plaintiffs purport to describe and/or quote statements made by the FDA, respectfully refer the Court to such document for an accurate statement of its contents.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Complaint, except admit that Bextra tablets were indicated for signs and symptoms of osteoarthritis and adult rheumatoid arthritis, and for the treatment of primary dysmennorrhea.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Complaint, including footnote 35 contained therein, except admit that footnote 35 purports to cite to the Criminal Information filed in *United States v. Pharmacia*, 09-CR-10258 (DPW) (D. Mass.) and to the extent Paragraph 128 purports to describe that Criminal Information, respectfully refer the Court to such document for an accurate statement of its contents.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Complaint, including footnote 36 contained therein, except admit that (i) on or about March 13, 2002, Pfizer senior corporate counsel Heidi Chen and assistant general counsel Debbie Walters gave a presentation concerning COX-2 inhibitors, and respectfully refer the Court to such document for an accurate statement of its contents; (ii) Paragraph 129 purports to describe and/or quote from an email sent by Michael J. Langan on or about October 28, 2002, and an email sent by Matthew Lustig on or about November 6, 2002, and respectfully refer the Court to such documents for an accurate statement of their contents; (iii) Paragraph 129, including footnote 36 therein, purports to describe and/or cite the Criminal Information filed in *United States v.*

*Pharmacia*, 09-CR-10258 (DPW) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents; and (iv) Paragraph 129 purports to describe and/or quote the 2003 Bextra and Celebrex Medical Education Plan, and respectfully refer the Court to such document for an accurate statement of its contents.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Complaint, including footnotes 37 and 38 contained therein, except admit that (i) Pfizer's acquisition of Pharmacia was completed on April 16, 2003; (ii) Bextra tablets were indicated for the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, and for the treatment of primary dysmennorrhea; (iii) Paragraph 130 purports to describe and/or quote the 2003 Bextra and Celebrex Medical Education Plan, and respectfully refer the Court to such document for an accurate statement of its contents; and (iv) footnotes 37 and 38 purport to cite the Criminal Information filed in *United States v. Pharmacia*, 09-CR-10258 (DPW) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Complaint, except admit that (i) in May 2004, Pfizer entered into the 2004 CIA; and (ii) Paragraph 131 purports to describe the 2002 and 2004 CIAs, and respectfully refer the Court to such documents for an accurate statement of their contents.

132.    Defendants deny the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 132 of the Complaint, including footnote 39 contained therein, except admit that the first sentence of Paragraph 132 purports to describe and/or quote a press release issued on or about October 6, 2004, by the European Medicines Agency, and respectfully refer the Court to such document for an accurate statement of its contents.  Defendants deny the allegations set forth in the second, third, fourth, and fifth sentences of Paragraph 132 of the Complaint, including footnote 40

contained therein, except admit that footnote 40 purports to cite to the Criminal Information filed in *United States v. Pharmacia*, 09-CR-10258 (DPW) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents.

133.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 133 of the Complaint, except admit that (i) on or about January 10, 2005, the FDA sent a letter to Robert B. Clark, who, at that time, was Vice-President at Pfizer for U.S. Regulatory Affairs, regarding promotional materials relating to Bextra; and (ii) Paragraph 133 purports to describe and/or quote this letter, and respectfully refer the Court to such document for an accurate statement of its contents.

134.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences of Paragraph 134 of the Complaint, including footnote 41 contained therein, except admit that the first and second sentences of Paragraph 134, including footnote 41 contained therein, purport to describe and/or quote a press release issued on or about February 17, 2005, by the European Medicines Agency and respectfully refer the court to such document for an accurate statement of its contents.  Defendants deny the allegations set forth in the third and fourth sentences of Paragraph 134 of the Complaint, including footnote 42 contained therein, except admit that footnote 42 purports to cite to the Criminal Information filed in *United States v. Pharmacia*, 09-CR-10258 (DPW) (D. Mass.), and respectfully refer the Court to such document for an accurate statement of its contents.

135.    Defendants deny the allegations set forth in the first and third sentences of Paragraph 135 of the Complaint, except admit that on April 7, 2005, Pfizer suspended sales of Bextra in deference to the FDA's concerns about the additional risk of rare, but serious skin reactions that were already described in Bextra's label.  Defendants deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 135 of the Complaint.

136.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 136 of the Complaint, including footnote 43 contained therein, except admit that (1) Mary Holloway is a former employee of Pfizer; and (2) Paragraph 136 purports to describe and/or quote from Mary Holloway's Sentencing Memorandum in *United States of America v. Mary Holloway*, No. 09-CR-10089 (JGD) (D. Mass.), and respectfully refer the court to such document for an accurate statement of its contents.

137.    Defendants deny the allegations set forth in the first, second, and third sentences of Paragraph 137 of the Complaint, except admit that on or about September 2, 2009, Pharmacia & Upjohn Company, Inc. agreed to plead guilty to one criminal count of violating the FDCA related to off-label promotion of Bextra.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the fourth sentence of Paragraph 137 of the Complaint.

138.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 138 of the Complaint, except admit that on or about September 2, 2009, Pfizer agreed to pay a $1.3 billion criminal penalty related to off-label promotion of Bextra.  Defendants deny the allegations set forth in the second and third sentences of Paragraph 138 of the Complaint, except admit that (i) on or about August 31, 2009, Michael K. Loucks, acting United States Attorney for the District of Massachusetts, sent a letter to Brien T. O'Connor, counsel for Pfizer; and (ii) the second and third sentences of Paragraph 138 purport to describe and/or quote this letter, and respectfully refer the quote to such document for an accurate statement of its contents.

139.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 139 of the Complaint, except to the extent Paragraph 139 purports to describe and/or quote from a news release issued on or about September 2, 2009, by the U.S. Department of Health and Human Services, respectfully refer the Court to such document for an accurate statement of its contents.

140.     Defendants deny the allegations set forth in the first sentence of Paragraph 140 of the Complaint, except admit that on or about September 2, 2009, Pfizer finalized an agreement with the DOJ to resolve certain government investigations regarding the marketing and promotion of certain medicines, and in connection with that settlement, Pfizer agreed to pay a total of $2.3 billion, including $1.0 billion in civil payments and a $1.3 billion criminal penalty. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and third sentences of Paragraph 140 of the Complaint, except to the extent Paragraph 140 purports to describe and/or quote from a news release issued on or about September 2, 2009, by the U.S. Department of Health and Human Services, respectfully refer the Court to such document for an accurate statement of its contents.

141.     Defendants deny the allegations set forth in Paragraph 141 of the Complaint, except admit that (i) on or about September 2, 2009, Pfizer finalized an agreement with the DOJ to resolve certain government investigations regarding the marketing and promotion of certain medicines, including Lipitor, Norvasc, Lyrica, Celebrex, Viagra, Geodon, and Zyvox (the "2009 Settlement Agreement"); (ii) under the 2009 Settlement Agreement, Pfizer agreed to pay a total of $2.3 billion; and (ii) Paragraph 141 purports to describe and/or quote from certain of Pfizer's SEC filings, and respectfully refer the Court to such filings for an accurate statement of their contents.

142.     Defendants deny the allegations set forth in Paragraph 142 of the Complaint, except admit that Paragraph 142 purports to describe and/or quote from the 2009 Settlement Agreement, and respectfully refer the Court to such document for an accurate statement of its contents.

143.     Defendants deny the allegations set forth in Paragraph 143 of the Complaint.

144.     Defendants deny the allegations set forth in Paragraph 144 of the Complaint, except admit that (i) Zyvox contains linezolid, which is a synthetic antibacterial agent; (ii) the FDA approved Zyvox to treat certain types of infections, including nonsocomial pneumonia caused by *Staphylococcus aurerus* (methicillin-susceptible and -resistant strains); and (iii) on or about July 20, 2005, the FDA sent a letter to Henry A. McKinnell, Jr., who, at that time, was Pfizer's Chairman of the Board and CEO, and respectfully refer the Court to such letter for an accurate statement of its contents.

145.     Defendants deny the allegations set forth in Paragraph 145 of the Complaint, except admit (i) at the FDA's request, in February 2006 Pfizer agreed to publish a corrective advertisement in 2006, which was entitled "IMPORTANT CORRECTION OF DRUG INFORMATION ZYVOX," and which noted that the FDA had objected to the presentation, in Pfizer's previous advertisement, of clinical data that showed a more favorable comparison of Zyvox to a competitor drug than was shown in the data included in the Zyvox label; and (ii) Paragraph 145 purports to describe and/or quote from the 2009 Settlement Agreement, and respectfully refer the Court to such document for an accurate statement of its contents.

146.     Defendants deny the allegations set forth in Paragraph 146 of the Complaint, except admit that (i) in connection with the 2009 Settlement Agreement, Pfizer entered into a Corporate Integrity Agreement with the Office of Inspector General of the U.S.

Department of Health and Human Services (the "2009 CIA"); and (ii) Paragraph 146 purports to describe the 2009 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

147.    Defendants deny the allegations set forth in Paragraph 147 of the Complaint, except admit that Paragraph 147 purports to describe and/or quote the 2009 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

148.    Defendants deny the allegations set forth in Paragraph 148 of the Complaint, except admit that Paragraph 148 of the Complaint purports to describe the 2009 CIA, and respectfully refer the Court to such document for an accurate statement of its contents.

149.    Defendants deny the allegations set forth in Paragraph 149 of the Complaint, except admit that (i) Douglas M. Lankler serves as Pfizer's Chief Compliance Officer; (ii) Mr. Lankler signed the 2002 and 2004 CIAs on behalf of Pfizer; and (iii) Paragraph 149 of the Complaint purports to describe the 2004 and 2009 CIAs, and respectfully refer the Court to such documents for an accurate statement of their contents.

150.    Defendants deny the allegations set forth in Paragraph 150 of the Complaint, except admit that Paragraph 150 purports to describe the 2002 and 2004 CIAs, and respectfully refer the Court to such documents for an accurate statement of their contents.

151.    Defendants deny the allegations set forth in Paragraph 151 of the Complaint, except admit that (i) on July 1, 2002 Pfizer received an FDA notice regarding Neurontin; (ii) on August 12, 2002 Pfizer received an FDA notice regarding Lipitor; (iii) on September 3, 2002, Pfizer received an FDA notice regarding Geodon; (iv) on October 24, 2003, Pfizer received an FDA notice regarding Covera-HS; (v) on November 17, 2003, Pfizer received an FDA notice regarding Camptosar; (vi) on April 22, 2004, Pfizer received an FDA notice regarding Zytrec-D; (vii) on November 10, 2004, Pfizer received an FDA notice regarding

Viagra; (viii) on January 10, 2005, Pfizer received an FDA notice regarding Bextra and Celebrex; (ix) on April 13, 2005, Pfizer received an FDA warning letter regarding Zyrtec; (x) on May 6, 2005, Pfizer received an FDA notice regarding Zoloft; (xii) on July 20, 2005, Pfizer received an FDA warning letter regarding Zyvox; (xii) on July 16, 2007, Pfizer received an FDA notice regarding Geodon; (xiii) on April 16, 2008, Pfizer received an FDA warning letter regarding Viagra; (xiv) on March 26, 2009, Pfizer received an FDA notice regarding Aromasin, Caduet, Chantix, Detrol, Lyrica, and Celebrex; (xvi) in 2004, Warner Lambert Company LLC agreed to pay a $240 million criminal penalty and plead guilty to two counts of violating the FDCA relating to its promotion of Neurontin prior to its acquisition by Pfizer; (xvii) in 2004, in connection with resolving government investigations regarding Warner Lambert Company LLC's promotion of Neurontin prior to its acquisition by Pfizer, Pfizer entered into the 2004 CIA; and (xix) in 2007, Pharmacia & Upjohn Company LLC entered into a Deferred Prosecution Agreement with the U.S. Attorney's Office for the District of Massachusetts to address Pharmacia's promotion of Genotropin prior to Pfizer's acquisition of Pharmacia, and except to the extent Plaintiffs purport to describe and/or quote the *qui tam* complaints filed in *United States ex rel. Blair Collins, et al. v. Pfizer, Inc.*, Civ. No. 04-11780 DPW (D. Mass. Aug. 13, 2007), *United States ex rel. Glenn DeMott v. Pfizer, Inc.*, Civ. No. 08-12040 RWZ (D. Mass. Apr. 17, 2009), *United States ex rel. Robert A. Liter v. Pfizer, Inc.*, Civ. No. 06-176 WOB (E.D. Ky. Nov. 21, 2007), *United States ex rel. David Farber and Casey Schildhauer v. Pfizer, Inc.*, Civ. No. 07-10304 (D. Mass. June 12, 2007), *United States ex. rel. Mark R. Westlock, et al. v. Pfizer, Inc., et al.*, Civ. No. 08-CA-11318 DPW (D. Mass. Aug. 22, 2008), and *United States ex. rel. Ronald Rainero, v. Pfizer, Inc.*, Civ. No. 07-CA-11728 RGS (D. Mass. Sep. 17, 2007), respectfully refer the Court to such documents for an accurate statement of their contents.

152.     Defendants deny the allegations set forth in Paragraph 152 of the Complaint, except admit that (i) Defendant Burns has served on Pfizer's Board of Directors since 1988; (ii) Defendant Burt has served on Pfizer's Board of Directors since 2000; (iii) Defendant Cornwell has served on Pfizer's Board of Directors since 1997; (iv) Defendant Gray has served on Pfizer's Board of Directors since 2000; (v) Defendant Horner has served on Pfizer's Board of Directors since 1993; (vi) Defendant Lorch has served on Pfizer's Board of Directors since 2000; (vii) Defendant Mead has served on Pfizer's Board of Directors since 1998; (viii) Defendant Steere has served on Pfizer's Board of Directors since 1987; and (ix) Defendant Kindler has served as a member of Pfizer's Board of Directors and as Pfizer's CEO since 2006, and as Pfizer's General Counsel and Chief Compliance Officer from 2002 until his appointment as Pfizer's CEO in 2006.

153.     Defendants deny the allegations set forth in the first, third, and fourth sentences of Paragraph 153 of the Complaint, except to the extent the first, third, and fourth sentences contain conclusions of law as to which no response is required.  Defendants deny the allegations set forth in the second sentence of Paragraph 153 of the Complaint.

154.     Defendants deny the allegations set forth in Paragraph 154 of the Complaint, except admit that Paragraph 154 purports to describe and/or quote an article by Ann Woolner entitled "AIG of Drugmakers Pfizer Is Too Big to Be Guilty" and published on or around September 4, 2009, and respectfully refer the Court to such document for an accurate statement of its contents.

155.     Defendants deny the allegations set forth in Paragraph 155 of the Complaint, except admit that Paragraph 155 purports to describe and/or quote an article published in or around December 2009 and an article by Ann Woolner entitled "AIG of

Drugmakers Pfizer Is Too Big to Be Guilty" published on or around September 4, 2009, and respectfully refer the Court to such documents for an accurate statement of their contents.

156.    Defendants deny the allegations set forth in Paragraph 156 of the Complaint, except admit that (i) on or about March 26, 2009, Pfizer received an FDA notice regarding Aromasin, Caduet, Chantix, Detrol LA, Lyrica, and Celebrex; and (ii) Paragraph 156 purports to describe and/or quote this notice, and respectfully refer the Court to such document for an accurate statement of its contents.

157.    The allegations set forth in Paragraph 157 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 157 of the Complaint, except admit that Pfizer filed Annual Proxy Statements on SEC Form 14A on or about March 15, 2007, March 14, 2008, and March 13, 2009.

158.    The allegations set forth in Paragraph 158 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 157 of the Complaint, except admit that (i) Pfizer included the 2006 Financial Report as Appendix A to the 2007 Proxy Statement; (ii) Pfizer included the 2007 Financial Report as Appendix A to the 2008 Proxy Statement; (iii) Pfizer included the 2008 Financial Report as Appendix A to the 2009 Proxy Statement; and (iv) Paragraph 157 purports to describe the 2006, 2007, and 2008 Financial Reports, and respectfully refer the Court to such documents for an accurate statement of their contents.

159.    The allegations set forth in Paragraph 159 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 159 of the Complaint, except admit that (i) Pfizer filed Annual Proxy Statements on the SEC form 14A on or about March 15, 2007, March 14, 2008, and March 13, 2009; and (ii) Paragraph 159 purports to describe the 2007, 2008, and 2009 Proxy Statements, and respectfully refer the Court to such documents for an accurate statement of their contents.

160.    The allegations set forth in Paragraph 160 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required.  In addition, the allegations set forth in Paragraph 160 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 160 of the Complaint, except admit that Paragraph 160 purports to describe and/or cite Delaware law, and respectfully refer the court to such law for an accurate statement of the contents thereof.

161.    The allegations set forth in Paragraph 161 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 161 of the Complaint, except admit that (i) Pfizer's Code of Business Conduct and Ethics for Members of the Board of Directors discusses the function of Pfizer's Board of Directors; and (ii) Paragraph 161 purports to describe and/or quote Pfizer's Code of Business Conduct and Ethics

for Members of the Board of Directors, and respectfully refer the Court to such document for an accurate statement of its contents.

162.    The allegations set forth in Paragraph 162 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 162 of the Complaint, except admit that Paragraph 162 purports to describe Pfizer's Code of Business Conduct and Ethics for Members of the Board of Directors, and respectfully refer the Court to such document for an accurate statement of its contents.

163.    The allegations set forth in Paragraph 163 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 163 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 163 of the Complaint, including due to the fact that the allegations are so vague as not to identify the purported Proxy Statements, such that Defendants are not able to admit or deny the allegations, except admit that Pfizer filed certain Annual Proxy Statements on SEC form 14A, and respectfully refer the court to such documents for an accurate statement of their contents.

164.    The allegations set forth in Paragraph 164 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in the first

Case 1:09-cv-07822-JSR    Document 54    Filed 04/06/2010    Page 46 of 60

sentence of Paragraph 164 of the Complaint and deny knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in the second, third, and fourth sentences of Paragraph 164 of the Complaint, except admit Pfizer entered into the 2002, 2004, and 2009 CIAs.

165.    The allegations set forth in Paragraph 165 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 165 of the Complaint, except admit that Paragraph 165 purports to describe Pfizer's 2007, 2008, and 2009 Annual Proxy Statements on the SEC form 14A, and respectfully refer the Court to such documents for an accurate statement of their contents.

166.    The allegations set forth in Paragraph 165 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 166 of the Complaint.

167.    The allegations set forth in Paragraph 167 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in the first, second, fourth, fifth, and sixth sentences of Paragraph 167 of the Complaint, except to the extent the allegations set forth in the first, second, fourth, fifth, and sixth sentences constitute conclusions of law as to which no response is required, and deny knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 167 of the Complaint.

168.    The allegations set forth in Paragraph 168 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first, second, and third sentences of Paragraph 168 of the Complaint and deny the allegations set forth in the fourth sentence of Paragraph 168 of the Complaint, except to the extent the allegations set forth in the first, second, third, and fourth sentences constitute conclusions of law as to which no response is required, and except admit that Pfizer's shareholders approved a Restated Stock Plan in 2009, which increased the number of shares of common stock available for executive and employee grants by 425,000,000 shares.

169.    The allegations set forth in Paragraph 169 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 169, except to the extent the allegations set forth in Paragraph 169 constitute conclusions of law as to which no response is required.

170.    The allegations set forth in Paragraph 170 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 170 of the Complaint, except admit that Plaintiffs purport to bring a derivative action on behalf of Pfizer.

171.    The allegations set forth in Paragraph 171 of the Complaint contain conclusions of law as to which no response is required.    To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 171 of the Complaint, except admit that Lead Plaintiff purports to have retained counsel experienced in prosecuting this type of action.

172.    Defendants deny the allegations set forth in Paragraph 172 of the Complaint, except admit that Plaintiffs purport to incorporate by reference all preceding and subsequent paragraphs of the Complaint.    Defendants incorporate all responses to those allegations.

173.    Defendants admit the allegations set forth in the first sentence of Paragraph 173 of the Complaint.  The allegations set forth in the second sentence of Paragraph 173 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in the second sentence of Paragraph 173 of the Complaint, except admit that Lead Plaintiff did not make a demand upon Pfizer's Board of Directors prior to instituting this action.

174.    The allegations set forth in Paragraph 174 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 174 of the Complaint.

175.    The allegations set forth in Paragraph 175 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations set forth in Paragraph 176 of the Complaint, except to the extent Paragraph 176 contains conclusions of law as to which no response is required, and to the extent Paragraph 176 purports to describe the 2002, 2004, or

2009 CIAs, respectfully refer the Court to such documents for an accurate statement of their contents.

177.    Defendants deny the allegations set forth in the first and second sentences of Paragraph 177 of the Complaint.  The allegations set forth in the third and fourth sentences of Paragraph 177 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in the third and fourth sentences of Paragraph 177 of the Complaint.

178.    The allegations set forth in Paragraph 178 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 178 of the Complaint.

179.    The allegations set forth in Paragraph 179 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 179 of the Complaint, except admit that (i) Defendants Brown, Burns, Burt, Cornwell, Gray, Horner, Lorch, Mead and Steere have served on the Board since at least 2002; and (ii) Pfizer entered into the 2002 CIA.

180.    Defendants deny the allegations set forth in Paragraph 180 of the Complaint, except admit that Paragraph 180 purports to describe the 2002, 2004, or 2009 CIAs, and respectfully refer the Court to such documents for an accurate statement of their contents.

181.    Defendants deny the allegations set forth in Paragraph 181 of the Complaint, except admit that Paragraph 181 purports to describe Pfizer's Corporate Governance Principles, Code of Business Conduct and Ethics for Members of the Board of Directors, Delaware law, and the 2002, 2004, and 2009 CIAs, and respectfully refer the Court to such documents for an accurate statement of their contents.

182.    The allegations set forth in Paragraph 182 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 182 of the Complaint.

183.    The allegations set forth in Paragraph 183 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 183 of the Complaint, except admit that Defendants Brown, Burns, Burt, Cornwell, Gray, Horner, Lorch, Mead, and Steere would constitute a nine member majority of Pfizer's current Board of Directors.

184.    Defendants deny the allegations set forth in Paragraph 184 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, except admit that (i) Defendant Kindler is a current member of Pfizer's Board of Directors; (ii) Defendant Kindler was not a member of Pfizer's Board of Directors at the time Pfizer entered into the 2002 and 2004 CIAs; (iii) Defendant Kindler served as Pfizer's General Counsel and Chief Compliance Officer at the time the Pfizer entered into the 2002 and 2004 CIAs and until he was appointed Pfizer's CEO in 2006; and (iv) Defendant Kindler became a member of Pfizer's Board of Directors in 2006.

185.    Defendants deny the allegations set forth in Paragraph 185 of the Complaint, except to the extent it contains conclusions of law as to which no response is required.

186.    Defendants deny the allegations set forth in Paragraph 186 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that on or about October 28, 2009, Pfizer issued a press release regarding awards to Defendants D'Amelio and Read in connection with Pfizer's acquisition of

Wyeth, and respectfully refer the Court to such document for an accurate statement of its contents.

187.    Defendants deny the allegations set forth in Paragraph 187 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that (i) half of the awards made to Defendants D'Amelio and Read were paid in cash on or about October 26, 2009; (ii) the other half of the awards made to Defendants D'Amelio and Read were comprised of shares authorized by the Restated Stock Plan; and (iii) the Restated Stock Plan was authorized pursuant to a shareholder vote based on the 2009 Proxy Statement.

188.    Defendants deny the allegations set forth in Paragraph 188 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that members of Pfizer's Board also sit on various Board committees.

189.    Defendants deny the allegations set forth in Paragraph 189 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that (i) Defendants Burns, Burt, Cornwell, and Johnson have served on the Audit Committee at various times; (ii) Defendants Burns, Burt, and Cornwell have each served as Directors since at least 2000; (iii) Defendant Johnson has served on the Audit Committee since September 2007; (v) the Audit Committee Charter discusses the function of the Audit Committee; and (vi) Paragraph 189 purports to describe and/or quote the Audit Committee Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

190.    Defendants deny the allegations set forth in Paragraph 190 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that (i) the Audit Committee Charter discusses the functions of the

Audit Committee; and (ii) Paragraph 190 purports to describe and/or quote the Audit Committee Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

191.    Defendants deny the allegations set forth in Paragraph 191 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that (i) Defendants Brown, Burns, Gray, Horner, and Ausiello have served on the Corporate Governance Committee at various times; (ii) Defendants Brown, Burns, Gray, and Horner have each served as Directors since at least 2000; and (iii) Defendant Ausiello has served as a member of the Corporate Governance Committee since 2007.

192.    Defendants deny the allegations set forth in Paragraph 192 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, except admit that (i) in connection with the 2009 Settlement Agreement, Pfizer agreed to pay $2.3 billion in fines; and (ii) Paragraph 192 purports to describe and/or quote the Corporate Governance Committee Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

193.    Defendants deny the allegations set forth in Paragraph 193 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, except admit that (i) in connection with the 2009 Settlement Agreement, Pfizer agreed to pay $2.3 billion in fines; and (ii) Paragraph 193 purports to describe and/or quote the Corporate Governance Committee Charter, and respectfully refer the Court to such document for an accurate statement of its contents.

194.    Defendants deny the allegations set forth in Paragraph 194 of the Complaint, except to the extent it contains conclusions of law as to which no response is required, and except admit that (i) Defendants Kindler and Steere are listed as non-independent

directors in Pfizer's public filings; (ii) Defendant Kindler is Pfizer's CEO; and (iii) Defendant Steere is Chairman Emeritus of Pfizer.

195.    The allegations set forth in Paragraph 195 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements. Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 195 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 195 of the Complaint.

196.    For their response to the allegations set forth in Paragraph 196 of the Complaint, Defendants repeat each and every answer set forth above to the allegations set forth in Paragraphs 1-195 of the Complaint as if fully set forth herein.

197.    The allegations set forth in Paragraph 197 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements. Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 197 of the Complaint except admit that (i) Pfizer issued Proxy Statements in 2007, 2008, and 2009, which solicited shareholder votes for the election of directors; and (ii) the 2009 Pfizer Proxy Statement solicited shareholder votes for the approval of the Restated Stock Plan.

198.    The allegations set forth in Paragraph 198 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements. Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 198 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 198 of the Complaint.

199.    The allegations set forth in Paragraph 199 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 199 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 199 of the Complaint.

200.    The allegations set forth in Paragraph 200 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 200 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 200 of the Complaint.

201.    The allegations set forth in Paragraph 201 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 201 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 201 of the Complaint, except admit that (i) the 2009 Proxy Statement solicited a shareholder vote on the Restated Stock Plan; (ii) in connection with the 2009 Settlement Agreement, Pfizer agreed to pay $2.3 billion in fines; (iii) Pharmacia agreed to plead guilty to one count of violating the FDCA; (iv) certain *qui tam* complaints were filed by former Pfizer employees regarding the marketing of certain Pfizer products; (v) various consumer fraud actions were filed regarding the marketing of certain Pfizer products; (vi) Pfizer entered into a settlement with 42 states and the District of Columbia regarding the marketing of

Geodon and agreed to pay $33 million in connection with that settlement; and (vii) Pfizer settled product liability suits related to Bextra and Celebrex for $745 million.

202.    The allegations set forth in Paragraph 202 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 202 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 202 of the Complaint.

203.    The allegations set forth in Paragraph 203 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 203 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 203 of the Complaint.

204.    For their response to the allegations set forth in Paragraph 204 of the Complaint, Defendants repeat each and every answer set forth above to the allegations set forth in Paragraphs 1-203 of the Complaint as if fully set forth herein.

205.    The allegations set forth in Paragraph 205 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 205 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 205 of the Complaint.

206.    The allegations set forth in Paragraph 206 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 206 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 206 of the Complaint.

207.    The allegations set forth in Paragraph 207 of the Complaint relate exclusively to Pfizer's Annual Proxy Statements.  Since the Court dismissed all claims regarding Pfizer's Annual Proxy Statements in the Order, no response to such allegations is required. In addition, the allegations set forth in Paragraph 207 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 207 of the Complaint.

208.    For their response to the allegations set forth in Paragraph 208 of the Complaint, Defendants repeat each and every answer set forth above to the allegations set forth in Paragraphs 1-207 of the Complaint as if fully set forth herein.

209.    The allegations set forth in Paragraph 209 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 209 of the Complaint.

210.    The allegations set forth in Paragraph 210 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 210 of the Complaint, except admit that Paragraph 210 purports to describe the 2002, 2004, and 2009 CIAs and Pfizer's Code of Business Conduct and Ethics for Members of the Board of Directors, and respectfully refer the Court to such documents for an accurate statement of their contents.

211.    The allegations set forth in Paragraph 211 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 211 of the Complaint.

212.    The allegations set forth in Paragraph 212 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 212 of the Complaint.

213.    The allegations set forth in Paragraph 213 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 213 of the Complaint.

214.    For their response to the allegations set forth in Paragraph 214 of the Complaint, Defendants repeat each and every answer set forth above to the allegations set forth in Paragraphs 1-213 of the Complaint as if fully set forth herein.

215.    The allegations set forth in Paragraph 215 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 215 of the Complaint.

216.    The allegations set forth in Paragraph 216 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 216 of the Complaint.

217.    The allegations set forth in Paragraph 217 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 217 of the Complaint.

218.    The allegations set forth in Paragraph 218 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 218 of the Complaint.

219.    The allegations set forth in Paragraph 219 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 219 of the Complaint.

220.    For their response to the allegations set forth in Paragraph 220 of the Complaint, Defendants repeat each and every answer set forth above to the allegations set forth in Paragraphs 1-219 of the Complaint as if fully set forth herein.

221.    The allegations set forth in Paragraph 221 of the Complaint relate exclusively to Plaintiffs' claim based on unjust enrichment.  Since the Court dismissed Plaintiffs' claim based on unjust enrichment, no response to such allegations is required.  In addition, the allegations set forth in Paragraph 221 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 221 of the Complaint.

222.    The allegations set forth in Paragraph 222 of the Complaint relate exclusively to Plaintiffs' claim based on unjust enrichment.  Since the Court dismissed Plaintiffs' claim based on unjust enrichment, no response to such allegations is required. In addition, the allegations set forth in Paragraph 222 of the Complaint contain conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth in Paragraph 222 of the Complaint

## DEFENSES

In asserting the following defenses, Defendants do not assume the burden of proof on any defenses that would otherwise rest on Plaintiffs.

1.    Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted against the Defendants.

2.      Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing.

3.      Plaintiffs' claims are barred in whole or in part for lack of subject matter jurisdiction.

4.      Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitation.

5.      Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make demand on Pfizer's Board of Directors to initiate this action.

6.      Plaintiffs' claims are barred in whole or in part because Plaintiffs have not maintained continuous ownership of Pfizer stock from the time of the actions complained of in the Complaint to date.

7.      Plaintiffs' claims are barred in whole or in part because the Director Defendants' are exculpated from monetary liability under Pfizer's Certificate of Incorporation pursuant to Section 102(b)(7) of the Delaware General Corporation Law.

8.      Plaintiffs' claims are barred in whole or in part because Defendants' alleged actions are protected by the business judgment rule.

9.      Plaintiffs' claims are barred in whole or in part because Defendants did not breach any fiduciary or contractual duty owed to Pfizer or to Plaintiffs.

10.     Plaintiffs' claims are barred in whole or in part because neither Plaintiffs nor Pfizer have suffered any damages.

11.     Plaintiffs' monetary recovery, if any, must be reduced by the valuable benefits conferred by Pfizer on Plaintiffs through the actions alleged in the Complaint and any costs to Pfizer incurred as a result of those actions.

12.     Plaintiffs' claims for costs and disbursements are barred because they have failed to state facts sufficient to support a claim for costs and disbursements.

13.     Plaintiffs' claims are barred in whole or in part by the equitable doctrine of waiver and estoppel.

14.     Plaintiffs' claims are barred in whole or in part by the equitable doctrine of laches and unclean hands.

WHEREFORE, Defendants respectfully demand judgment:

(a)     dismissing the Complaint with prejudice;

(b)     awarding costs and disbursements, including but not limited to attorney's fees and expert's fees; and

(b)     granting such other and further relief as the Court deems proper and just.

Dated:  April 6, 2010                CADWALADER, WICKERSHAM & TAFT LLP

                                     By: /s/ Gregory A. Markel
                                          Dennis J. Block
                                          Gregory A. Markel
                                          One World Financial Center
                                          New York, New York 10281
                                          Telephone: 212-504-6000
                                          Facsimile: 212-504-6666

                                          *Attorneys for Defendants Dennis A. Ausiello,
                                          Michael S. Brown, M. Anthony Burns, Robert N.
                                          Burt, W. Don Cornwell, William H. Gray III,
                                          Constance J. Horner, James M. Kilts, Jeffrey B.
                                          Kindler, George A. Lorch, Suzanne Nora Johnson,
                                          Dana G. Mead, William C. Steere, Jr., Stephen W.
                                          Sanger, William R. Howell, Henry A. McKinnell,
                                          Stanley O. Ikenberry, Ruth J. Simmons, Frank A.
                                          D'Amelio, Joseph M. Feczko, Douglas M. Lankler,
                                          and Ian Read*