09 civ 7822 (JSR)

## TOLLING AGREEMENT

THIS TOLLING AGREEMENT (the "Agreement") is made as of August 16, 2010 (the "Effective Date") between the Court Appointed Lead Derivative Plaintiff Louisiana Sheriffs' Pension and Relief Fund, Court Appointed Lead Plaintiff Skandia Life Insurance Company Ltd. and additional plaintiffs Port Authority of Allegheny County Retirement and Disability Allowance Plan for Employees represented by Local 85 of Amalgamated Transit Union, Henrietta Klein (collectively "Plaintiffs") and Allen P. Waxman (the "Tolled Individual" or "Waxman").

WHEREAS, on or about the fall of 2009, the first of several derivative actions were filed in this Court against certain current and former board members and executives of Pfizer, Inc. (collectively the "Derivative Defendants"). These actions were subsequently consolidated, Lead Plaintiffs were appointed, and Bernstein Litowitz Berger & Grossmann LLP was appointed as Lead Counsel. On November 18, 2009, the Plaintiffs in the Federal Derivative filed an amended and consolidated derivative complaint (the "Complaint"). The derivative action is identified herein as the "Derivative Action";

WHEREAS, on or about December 16, 2009, the Derivative Defendants moved to dismiss the Derivative Action;

WHEREAS, on or about January 7, 2010, Waxman was personally served with a copy of the Complaint, summons, the individual rules of practice of the Honorable Jed S. Rakoff, and electronic case filing rules and instructions;

WHEREAS, on or about July 13, 2010, this Court issued a Decision that granted in part and denied in part the Derivative Defendants motions to dismiss. Specifically, this Court granted the motions to dismiss Counts 1, 2 and 5 of the Complaint, and denied the motion to

1

dismiss Counts 3 and 4 of the Complaint. In the Decision, the Court granted the motion to dismiss certain former directors of Pfizer and dismissed Waxman without prejudice;

WHEREAS, Plaintiffs wish to preserve their rights against Waxman to assert the same or similar claims as those asserted against him or which could have been asserted against him in the Complaint and as amended (if such complaint is subsequently amended to assert additional claims) (the "Tolled Derivative Claims"); and

WHEREAS, Waxman and Plaintiffs wish to avoid the cost, expense and disruption of potentially unnecessary litigation;

NOW, THEREFORE, Plaintiffs and Waxman agree as follows:

1. Any statute of limitations, statute of repose or other time-related defense or claim, whether statutory, contractual or otherwise, with respect to any Tolled Derivative Claims, including without limitation any claim or cause of action which was asserted in the Complaint, is tolled during the Tolling Period, as defined herein; provided, however, that nothing in this Tolling Agreement shall operate to revive or extend the time for filing any Derivative Claim that was already time-barred or barred by any applicable statute of limitations as of the Effective Date, and nothing in this Tolling Agreement shall limit or effect any tolling or extension of applicable statutes of limitations that exist or existed independent of this Agreement. The "Tolling Period" shall be the time from the date of this Agreement through the Termination Date (as defined in Paragraph 4, below);

2. The Tolling Period shall not be included in determining the applicability of any statute of limitations or repose, laches or any other defense based on the passage of time in any suit brought by Plaintiffs with respect to any Tolled Derivative Claims.

2

3. The standard applicable to Waxman's responses to discovery requests served by Plaintiffs in the Derivative Action shall be the standard applicable as if Waxman was a party in the Derivative Action. Any discovery requests directed to Waxman shall be served upon his counsel. In the event of any dispute regarding discovery, Waxman shall not assert that the scope of discovery to be provided in response to Plaintiffs' requests should be limited on account of Waxman not currently being a party in the Derivative Action. Notwithstanding the foregoing, Waxman does not waive, and expressly preserves, any and all objections (including, for example, objections as to relevance, privilege, overbreadth and burden) that Waxman could otherwise assert as a defendant in the Derivative Action.

4. This agreement shall terminate (the "Termination Date") on the earlier of: (a) the settlement or final conclusion of the Derivative Action; (b) ten (10) days after receipt by Lead Counsel for the Plaintiffs in the Derivative Action of a written notice from Waxman of his intent to terminate this agreement; or (c) ten (10) days following the receipt by Waxman or his counsel of written notice from Lead Counsel for Plaintiffs in the Derivative Action of their intent to terminate this agreement. For the avoidance of doubt, both Plaintiffs and Waxman have the absolute right to deliver a notice to terminate this agreement at any time and for any reason, provided the terminating party complies with the notice provisions set forth herein. If either the Plaintiffs or Waxman seek to include Waxman in a trial of this Action, they agree to terminate this agreement at least 60 days prior to the scheduled trial date.

5. Following the provision of a notice pursuant to Paragraph 4(b) or 4(c) above, Waxman shall become a party to the Derivative Action, and specifically agrees that proof of service on Waxman shall be filed with the Court and the Complaint amended, if required, with respect to Waxman.

6. Waxman agrees that he will not dispute that proper and valid service of process was made personally on him on or about January 7, 2010. However, Waxman seeks to preserve any and all arguments in opposition to being included in this Action based on timeliness or laches that existed as of July 13, 2010. Waxman specifically waives any defense, claim or argument based on the passing of any time or any conduct after July 13, 2010.

7. Plaintiffs specifically preserve all arguments that service on Waxman was timely, and that he was timely included in the Action.

8. Except as set forth in paragraph 6, Waxman agrees that he is waiving any claim, argument or defense that he was prejudiced in any manner by being added or included as a defendant in the Derivative Action at a date during or after fact discovery, expert discovery or any other motion or proceeding prior to trial.

9. This agreement is expressly conditioned on the United States District Court presiding over the Derivative Action agreeing that Waxman is an exception to the joinder cut off date set forth in any operative Scheduling Order in this Action, and Waxman can be added as a party as contemplated by this Agreement.

10. The execution of this Agreement is not, and shall not operate as, an admission of liability, wrongdoing, or responsibility by Waxman, and nothing herein shall prejudice or affect any other rights, liabilities or defenses of any party or Waxman.

11. The execution of this Agreement shall not preclude or prevent Waxman from participating in this Action, or any mediation or alternative dispute resolution with respect to any claims in the Complaint.

12. This Agreement shall be binding on the successors and assigns of each party.

13.     This Agreement constitutes the entire agreement and understanding between Plaintiffs and Waxman respecting the subject matter herein and shall not be modified except in a writing signed by counsel Plaintiffs and Waxman.

14.     Plaintiffs' Lead Counsel represent and warrant that they are authorized to execute this Agreement on behalf of their respective clients, and intend this Agreement to be a valid and binding obligation, enforceable in accordance with its terms.

15.     Waxman represents and warrants that he is an attorney, consulted with counsel prior to executing this agreement, and fully understands and consents to this agreement.

16.     Any notices relating to or arising out of this Agreement (including any notice of termination) shall be delivered by hand and shall be addressed as follows:

**To Counsel for Plaintiffs:**

Mark Lebovitch
David L. Wales
Bernstein Litowitz Berger
  & Grossmann LLP
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Telephone:   212-554-1400

To:

**Allen P. Waxman, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Telephone:   212-836-7545
and**

**To Counsel for Certain Defendants:**

Dennis J. Block
Hal S. Shaftel
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Telephone:   212-504-5555

5

17. This Agreement shall be deemed to have been entered into and shall be construed and enforced in accordance with the laws of the State of New York without regard to the conflicts of law provisions thereof.

18. This Agreement may be executed in counterparts, each of which counterpart shall be original, but together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

**FOR PLAINTIFFS:**

By: *[signature: David L. Wales]*
BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
Mark Lebovitch
David L. Wales
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

**ALLEN P. WAXMAN:**

By: *[signature: Allen Waxman]*
ALLEN P. WAXMAN, ESQ.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
(212) 836-7545

SO ORDERED

*[signature]*
USDJ

8-17-10

USActive 20305036.4 48269/188