# EXHIBIT F

# EXHIBIT F

**MAYER, BROWN, ROWE & MAW LLP**
Alan N. Salpeter (admitted *pro hac vice*)
Javier H. Rubinstein (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone:   (312) 782-0600

*Attorneys for Individual Defendant Lawrence J. Ellison*

**MORRISON & FOERSTER, LLP**
Jordan Eth (121617)
425 Market Street
San Francisco, California 94105-2482
Telephone:   (415) 268-7000

*Attorneys for Nominal Defendant Oracle Corporation*

**BERMAN DEVALERIO PEASE TABACCO**
   **BURT & PUCILLO**
Joseph J. Tabacco, Jr. (75484)
Nicole Lavallee (165755)
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 433-3200

**COREY, LUZAICH, PLISKA**
   **DE GHETALDI & NASTARI LLP**
George R. Corey (34580)
Dario de Ghetaldi (126782)
700 El Camino Real
Millbrae, CA 94030
Telephone: (650) 871-5666

*Plaintiffs' Co-Lead and Liaison Counsel*

ENDORSED FILED
SAN MATEO COUNTY

NOV 2 2 2005

Clerk of the Superior Court
By ___BIANCA NEDELCU___
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 1550(b))<br><br>ORACLE CASES<br><br>This Document Relates To:<br><br>ALL ACTIONS | JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 4180<br><br>[PROPOSED]<br>**JUDGMENT OF DISMISSAL**<br><br>DATE: November 22, 2005<br><br>The Honorable John G. Schwartz,<br>Coordination Trial Judge |

1        The application of Plaintiffs Syed Akhter, John Bosco, Joseph Boyle, Cary Collins,

2 Trustee of the Chadsey Educational Trust dated February 21, 1997, Barry J. Gamble, Max

3 Katz, and Alan Pierce for approval of the Stipulation and Agreement of Settlement, a copy of

4 which is attached hereto as Exhibit 1 (the "Stipulation"), came regularly on for hearing on

5 November 22, 2005 at 10:00 a.m., before the Hon. John G. Schwartz, Coordination Trial

6 Judge, to determine: (1) whether the terms and conditions of the Stipulation should be

7 approved; (2) whether judgment should be entered dismissing this Action with prejudice;

8 and (3) whether a release of the Released Claims, as set forth in the Stipulation, should be

9 provided to the Released Parties.

10       Having heard and considered the matter, including all papers filed in connection

11 therewith and the oral presentations of counsel at said hearing, and good cause appearing:

12       IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

13       1.    The Stipulation, including the definitions contained therein, is incorporated by

14 reference in this Final Judgment.

15       2.    This Court hereby approves the Settlement set forth in the Stipulation and

16 finds that the Settlement is, in all respects, fair, reasonable, and adequate with respect to

17 Oracle and its Shareholders, is consistent and in compliance with all applicable

18 requirements of California law, the California and United States Constitutions (including

19 the due process clause), the California Code of Civil Procedure, the California Rules of

20 Court, and any other applicable law, and is in the best interests of the Company and its

21 Shareholders. Oracle's Counsel and Plaintiffs' Counsel have adequately represented the

22 interests of the Company and its Shareholders for purposes of this Action.

23       4.    The Settling Parties and their counsel are hereby directed to implement and

24 consummate the Settlement according to its terms and provisions.

25       5.    The Settlement is binding on the Settling Parties, as well as their past, present,

26 and future parents, subsidiaries, predecessors, successors and assigns and affiliates and each

27 of their respective past, present, and future officers, directors, employees, agents,

28 representatives, attorneys, heirs, administrators, executors, insurers, predecessors,

1  successors, and assigns, or any of them, including any person or entity controlled by or

2  controlling or under the control of any of them.  As to the Released Claims, this Judgment is

3  intended to have *res judicata* and other preclusive effect in all pending and future lawsuits or

4  other proceedings maintained by or on behalf of Oracle.

5        6.    The Court finds that all parties to the Action and their counsel have complied

6  with the requirements of the California Code of Civil Procedure as to all proceedings herein.

7        7.    The Court hereby dismisses the Action with prejudice and without costs,

8  except as provided in the Stipulation.

9        8.    Upon the Settlement Effective Date, Plaintiffs and Oracle shall be deemed to

10  have, and by operation of the Final Judgment shall have, fully, finally, and forever released,

11  relinquished, and discharged each and every one of the Released Parties from the Released

12  Claims as detailed in Section V.3 of the Stipulation.

13        9.    Plaintiffs and Oracle, and any of their respective representatives, trustees,

14  successors, heirs and assigns, are permanently barred and enjoined from filing,

15  commencing, prosecuting, intervening in, participating in (as a nominal defendant or

16  otherwise) or receiving any benefits or other relief from, any other lawsuit, arbitration, or

17  administrative, regulatory, or other proceeding or order against the Released Parties in any

18  jurisdiction based on or relating to the Released Claims.  Notwithstanding the foregoing, (a)

19  Plaintiffs shall retain any rights, claims or defenses they may have in the Federal Securities

20  Action; and (ii) Oracle shall retain any rights, claims or defenses it may have in the Federal

21  Securities Action including, without limitation, its rights of indemnity or contribution.

22        10.    Pursuant to California Corporations Code § 800, no notice of the Settlement to

23  Oracle's shareholders is required.

24        11.    Upon the Settlement Effective Date, each of the Settling Parties shall be

25  deemed to have, and by operation of the Final Judgment shall have, fully, finally, and

26  forever released, relinquished, and discharged each other, and Plaintiffs' Counsel from all

27  claims relating to, arising out of, or connected with the institution, prosecution, assertion,

28  settlement, or resolution of the Action and/or the Released Claims.

12.     In the event that this Stipulation and Settlement is terminated by any of the parties in accordance with Section V.6.1 of the Stipulation, then this Final Judgment shall be null and void and shall have no force or effect, and no party to the Settlement shall be bound by any of its terms, except for the terms of Section V.6.4.

13.     The Court retains continuing jurisdiction over the implementation of this Judgment and all parties thereto for the purpose of enforcing and administering the terms of the Settlement.  Such continuing jurisdiction shall not affect the finality of this Judgment as to matters not reserved.

NOV **2 2** 2005

DATED: _____

JOHN G. SCHWARTZ
_____
Hon. John G. Schwartz
Coordination Trial Judge

JCCP 4180; JUDGMENT OF DISMISSAL

**EXHIBIT 1**

1  MAYER, BROWN, ROWE & MAW LLP
   Alan N. Salpeter (admitted *pro hac vice*)
2  Javier H. Rubinstein (admitted *pro hac vice*)
   71 South Wacker Drive
3  Chicago, Illinois 60606-4637
   Telephone:   (312) 782-0600
4
   *Attorneys for Individual Defendant Lawrence J. Ellison*
5
   MORRISON & FOERSTER, LLP
6  Jordan Eth (121617)
   425 Market Street
7  San Francisco, California  94105-2482
   Telephone:   (415) 268-7000
8
9  *Attorneys for Nominal Defendant Oracle Corporation*
10  BERMAN DEVALERIO PEASE TABACCO
      BURT & PUCILLO
11  Joseph J. Tabacco, Jr. (75484)
    Nicole Lavallee (165755)
12  425 California Street, Suite 2100
    San Francisco, CA  94104
13  Telephone: (415) 433-3200
14
15  COREY, LUZAICH, PLISKA
      DE GHETALDI & NASTARI LLP
16  George R. Corey (34580)
    Dario de Ghetaldi (126782)
17  700 El Camino Real
    Millbrae, CA 94030
18  Telephone: (650) 871-5666
19  *Plaintiffs' Co-Lead and Liaison Counsel*
20
21              SUPERIOR COURT OF THE STATE OF CALIFORNIA
22                 FOR THE COUNTY OF SAN MATEO
23

| Coordination Proceeding<br>Special Title (Rule 1550(b)) | JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 4180 |
|---|---|
| ORACLE CASES | STIPULATION AND AGREEMENT OF<br>SETTLEMENT |
| This Document Relates To:<br><br>ALL ACTIONS | The Honorable John G. Schwartz,<br>Coordination Trial Judge |

1    Syed Akhter, John Bosco, Joseph Boyle, Cary Collins, Trustee of the Chadsey

2  Educational Trust dated February 21, 1997, Barry J. Gamble, Max Katz, and Alan Pierce (who

3  have sued derivatively on behalf of Oracle Corporation), Lawrence J. Ellison, and Oracle

4  Corporation hereby enter into the following Stipulation and Agreement of Settlement, dated as of

5  November 16, 2005, subject to the approval of the Court.

6   I.     THE DERIVATIVE LITIGATION

7        A.     *The Derivative Complaints.* On March 12, 2001, Alan Pierce filed a derivative

8  action in the Superior Court of the State of California for the County of San Mateo on behalf of

9  nominal defendant Oracle Corporation, entitled *Pierce v. Ellison, et al.*, No. 416147, alleging

10  breach of fiduciary duty, abuse of control, constructive fraud, negligent breach of fiduciary duty,

11  gross mismanagement, waste of corporate assets, and unjust enrichment against one or more of

12  the Original Defendants in connection with certain stock trades made by certain of the Original

13  Defendants during January 2001. Six (6) other similar derivative actions were later filed in this

14  Court and/or in the Superior Court for the County of Santa Clara on behalf of Oracle, against one

15  or more of the Original Defendants, entitled *Katz v. Ellison, et al.*, San Mateo County Superior

16  Court No. 416209, *Collins v. Berg, et al.*, San Mateo County Superior Court No. 416477,

17  *Gamble v. Ellison, et al.*, San Mateo County Superior Court No. 416774, *Akhter v. Ellison, et al.*,

18  San Mateo County Superior Court No. 416875, *Bosco v. Ellison, et al.*, San Mateo County

19  Superior Court No. 418814, and *Boyle v. Ellison, et al.*, Santa Clara County Superior Court No.

20  CV 797494. On or about August 15, 2001, this Court entered an Order consolidating the *Katz*,

21  *Collins, Gamble, Akhter*, and *Boyle* actions into Judicial Council Coordination Proceeding

22  ("JCCP") 4180, *In re: Oracle Cases* (as amended on August 27, 2001) and on December 10,

23  2001, ordered that the *Pierce* and *Bosco* actions be added to JCCP 4180.

24        B.     *Procedural History.* On January 28, 2002, Plaintiffs filed their Consolidated

25  Derivative Complaint, in which only Lawrence Ellison, Jeffrey Henley, Donald Lucas and

26  Michael Boskin were named as defendants. Oracle was named as a nominal defendant. Since

27  that time, all of the defendants, except for Ellison and nominal defendant Oracle, have been

28  voluntarily dismissed. Similarly, all of Plaintiffs' claims, except for their claim that Ellison

1   violated California Corporations Code §§ 25402 and 25502, have been dismissed either on

2   Plaintiffs' motion or by court order. Most recently, the Action had been set for trial beginning

3   on September 26, 2005.

4         C.    *Mediation and Settlement*. Over the past four months, counsel for the Settling

5   Parties have engaged in substantial arms-length negotiations in an effort to resolve the Action,

6   including meetings, telephone conferences, and a mediation before the Honorable Judge Daniel

7   Weinstein (Ret.), wherein the terms of the Settlement were debated and negotiated.

8   **II.    ORACLE'S APPROVAL OF THE SETTLEMENT**

9       Oracle believes it to be in the Company's best interests for this Action to be settled and

10  dismissed because this Settlement will (i) provide substantial benefits to Oracle and its

11  shareholders, and (ii) avoid the substantial expense, disruption, and risks posed by the Action.

12  **III.    PLAINTIFFS' AGREEMENT TO THE SETTLEMENT**

13      Plaintiffs believe that the claims asserted in the Action have merit and that the evidence

14  supports the claims asserted. However, Plaintiffs recognize the expense and length of continued

15  proceedings necessary to prosecute the Action through trial and appeal. Plaintiffs have taken

16  into account the uncertain outcome and the risk of any litigation, especially complex derivative

17  actions such as this Action, as well as the difficulties and delay inherent in such litigation,

18  particularly delays in possible appeals, even assuming Plaintiffs prevail at trial. Plaintiffs have

19  also taken into account the possible defenses to the Released Claims and the substantial benefits

20  inuring to Oracle and its shareholders as a result of the provisions of this Settlement. In light of

21  the foregoing, and based on their arms-length negotiations conducted under the guidance of the

22  Hon. Daniel Weinstein (Ret.), Plaintiffs believe that terms of the settlement set forth in this

23  Stipulation and Agreement of Settlement are fair, reasonable and adequate, and confer

24  substantial benefits on Oracle.

25  **IV.    ELLISON'S AGREEMENT TO THE SETTLEMENT AND DENIALS OF
26        WRONGDOING AND LIABILITY**

27      Ellison has denied, and continues to deny, all allegations of wrongdoing or liability

28  whatsoever with respect to the Released Claims, including any and all contested facts or claims

alleged in the Action. Ellison has asserted and continues to assert that at all relevant times, he acted in good faith, and in a manner that was in fact, and that he reasonably believed to be, in the best interests of Oracle and Oracle's shareholders. In that regard, Ellison points to the exhaustive investigation conducted by Oracle's Special Litigation Committee, which was appointed to investigate the claims raised in the Action and similar actions pending in other jurisdictions. That committee concluded that Ellison engaged in no wrongdoing and that the claims against him and the other Original Defendants should be dismissed with prejudice. In addition, the Delaware Chancery Court in *In re Oracle Derivative Litigation*, Civil Action No. 18751 (the "Delaware Derivative Action") granted defendant Ellison's motion for summary judgment. This decision was affirmed on appeal by the Delaware Supreme Court. Nonetheless, Ellison has concluded that it is desirable that the Action be fully and finally settled in the manner and upon the conditions set forth in this Stipulation as it will eliminate the burden (to him and the Company), expense, and uncertainties of further litigation and the concomitant distraction of resources and efforts from his business.

## V.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, in consideration of the promises and agreements, covenants, representations, and warranties set forth herein, intending to be legally bound;

IT IS HEREBY STIPULATED AND AGREED, by and between the Settling Parties, that this Action and all Released Claims are settled and compromised and that the Action shall be dismissed with prejudice, subject to approval of the Court, on the following terms and conditions:

1.    *Definitions*. As used in this Stipulation, the following capitalized terms have the following meanings, unless a section or subsection of this Stipulation provides otherwise:

1.1    *"Action"* means the lawsuits captioned *Pierce v. Ellison, et al.*, San Mateo County Superior Court No. 416147, *Katz v. Ellison, et al.*, San Mateo County Superior Court No. 416209, *Collins v. Berg, et al.*, San Mateo County Superior Court No. 416477, *Gamble v. Ellison, et al.*, San Mateo County Superior Court No. 416774, *Akhter v. Ellison, et al.*, San Mateo County Superior Court No. 416875, *Bosco v. Ellison, et al.*, San Mateo County Superior

1   Court No. 418814, and *Boyle v. Ellison, et al.*, Santa Clara County Superior Court No. CV

2   797494 as consolidated into JCCP 4180.

3     1.2   *"Attorneys' Fees and Expenses"* and *"Fee Award"* means such funds as may be

4   awarded to Plaintiffs' Counsel to compensate them for their fees and expenses in connection

5   with this Action.

6     1.3   *"Court"* means the Superior Court of the State of California for the County of

7   San Mateo.

8     1.4   *"Donation"* means the donation of funds specified in Section V.2.2 of this

9   Settlement.

10    1.5   *"Ellison"* means defendant Lawrence J. Ellison.

11    1.6   *"Ellison's Counsel"* means the law firm of Mayer, Brown, Rowe & Maw LLP.

12    1.7   *"Escrow Account"* means the escrow account to be set up by Ellison in relation to

13  the Attorneys' Fees and Expenses detailed in Section V.4.2.

14    1.8   *"Federal Securities Action"* means the case captioned *In re Oracle Corporation*

15  *Securities Litigation*, Case No. C-01-0988-MJJ, currently pending before the Honorable Martin

16  J. Jenkins in the United States District Court for the Northern District of California.

17    1.9   *"Final Judgment"* means that judgment to be entered by the Court, substantially

18  in the form of Exhibit B hereto, as contemplated in Section V.5 below.

19    1.10  *"Oracle"* or the *"Company"* means Oracle Corporation and its past, present, and

20  future parents, subsidiaries, predecessors, successors, agents, affiliates, and assigns.

21    1.11  *"Oracle's Counsel"* means the law firm of Morrison & Foerster LLP.

22    1.12  *"Original Defendants"* means Jeffrey Berg, Michael J. Boskin, Daniel

23  Cooperman, Lawrence J. Ellison, Sergio Giacoletto, Jeffrey O. Henley, Jack F. Kemp, Kay

24  Koplovitz, Donald L. Lucas, Richard A. McGinn, Jay H. Nussbaum, and Charles A. Rozwat.

25    1.13  *"Plaintiffs"* means Syed Akhter, John Bosco, Joseph Boyle, Cary Collins, Trustee

26  of the Chadsey Educational Trust dated February 21, 1997, Barry J. Gamble, Max Katz, and

27  Alan Pierce.

28

1.14   *"Plaintiffs' Counsel"* means the law firms of: Berman DeValerio Pease Tabacco Burt & Pucillo; Corey, Luzaich, Pliska, de Ghetaldi & Nastari LLP; Schiffrin & Barroway, LLP; McManis, Faulkner & Morgan, A Professional Corporation; Morris & Morris LLC; Law Offices of Thomas D. Mauriello; Scott & Scott LLC; Law Offices of Laura M. Perrone; Harold B. Obstfeld, P.C.; Seeger Weiss LLP; Trevor & Weixel LLP; Cauley Bowman Carney & Williams, PLLC; and Biggs and Battaglia.

1.15   *"Plaintiffs' Co-Lead Counsel"* means the law firms of Berman DeValerio Pease Tabacco Burt & Pucillo and Corey, Luzaich, Pliska, de Ghetaldi & Nastari LLP.

1.16   *"Release"* means the release set forth in Section V.3.1 of this Stipulation.

1.17   *"Released Claims"* means any and all claims, causes of action, equitable, legal, and administrative relief, demands or rights, suits, matters, and issues of every kind and nature whatsoever, including, without limitation, claims for rescission, restitution, unjust enrichment, or damages of any kind, whether based on or arising under federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that have been, might have been, could have been, or might hereafter be asserted, whether known or unknown, through the Settlement Effective Date, by or on behalf of Plaintiffs and/or Oracle, and each of their heirs, executors, administrators, successors, and assigns against the Released Parties or any of them in this Action, or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of or related, directly or indirectly, in any way to the allegations of the Complaint or any facts, occurrences, disclosures, statements, acts or omissions, failures to act by the Original Defendants, or any stock transactions consummated by the Original Defendants, during the time period of December 2000-February 2001; *provided, however*, that (a) Plaintiffs shall retain any rights, claims, or defenses they may have in the Federal Securities Action, and (b) Oracle shall retain any rights, claims, or defenses it may have in the Federal Securities Action including, without limitation, its rights of indemnity or contribution.

1.18    *"Released Parties"* means the Original Defendants and each of their respective agents, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, and immediate family members.

1.19    *"Settlement"* or *"Stipulation"* means this Stipulation and Agreement of Settlement, dated as of November 16, 2005.

1.20    *"Settlement Effective Date"* means the date upon which the Final Judgment is no longer subject to appeal or review (or further appeal or review) whether by exhaustion of any possible appeal, lapse of time, or otherwise.

1.21    *"Settlement Hearing"* means the hearing scheduled for November 22, 2005 at which the parties will present this Stipulation for approval by the Court.

1.22    *"Settling Parties"* means Plaintiffs, Ellison, and Oracle.

1.23    *"Shareholder"* means any holder of Oracle common stock during the time period December 1, 2000 through the date of the Settlement Hearing.

2.    **Settlement Relief**

2.1    Oracle, Ellison, and Plaintiffs acknowledge that the filing and prosecution of this Action were material factors in the adoption of the various modifications made to Oracle's policies listed in Exhibit A hereto which constitute substantial benefits to Oracle.

2.2    Over the course of five years from the Settlement Effective Date, Ellison shall effect a charitable donation of one hundred million dollars ($100,000,000.00) in the name of Oracle to a charity or institution approved by Oracle. Oracle shall provide Plaintiffs' Co-Lead Counsel with written notice of the identity of the charity or institution selected to receive the Donation within seven (7) business days of the Settlement Effective Date and Ellison shall begin making the Donation within 120 days of the Settlement Effective Date. Oracle shall provide Plaintiffs' Co-Lead Counsel with written notice of (a) Ellison's payment of the first installment of the Donation and (b) his payment of the final installment of the Donation within seven (7) business days of each respective occurrence.

3.      *Release, Waiver, and Covenant Not to Sue*

3.1     Plaintiffs and Oracle agree to the following release and waiver, which shall take effect as of the Settlement Effective Date:

3.1.1    Plaintiffs, on behalf of themselves and Oracle, and Oracle hereby release and discharge each and every Released Claim, and shall not now or hereinafter institute, participate in, or maintain a proceeding involving a Released Claim, against the Released Parties, either directly or indirectly, derivatively, on their own behalf, or on behalf of any other person or entity;

3.1.2    By expressly releasing and forever discharging all Released Claims against the Released Parties, Plaintiffs and Oracle expressly waive any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

For the purpose of implementing a full and complete release of the Released Claims, Plaintiffs and Oracle also expressly waive all similar federal, state or foreign laws, rights, rules, or legal principals which may be applicable herein.  Notwithstanding the provisions of Section 1542 and all similar federal, state or foreign laws, rights, rules, or legal principles which may be applicable herein, Plaintiffs and Oracle understand and agree that this Release is intended to include all Released Claims, if any, which Plaintiffs and/or the Company may have whether or not Plaintiffs and/or the Company know or suspect those claims exist in their favor, and that this Release extinguishes all such claims.

3.1.3    Nothing in this Release shall preclude:  (a) any action to enforce the terms of this Settlement; or (b) any motion to enforce the terms of this Settlement pursuant to California Code of Civil Procedure § 664.6.

3.2     Upon the Settlement Effective Date, Ellison and Oracle shall be deemed to have released, acquitted, and forever discharged Plaintiffs and Plaintiffs' Counsel from any and all claims, known or unknown, they have or may have against Plaintiffs or Plaintiffs' Counsel

1    regarding, concerning, or in connection with the Action.  In releasing such claims, Ellison and

2    Oracle also expressly waive any and all provisions, rights and benefits conferred by California

3    Code of Civil Procedure § 1542 and all similar federal, state or foreign law rights, rules or legal

4    principles which may be applicable herein.

5        3.3        The Parties hereby agree and acknowledge that the provisions of Sections V.3.1

6    and V.3.2 constitute essential terms of the Stipulation.

7        4.        *Attorneys' Fees and Litigation Expenses*

8        4.1        Plaintiffs' Co-Lead Counsel agree to make, and Ellison and Oracle agree not to

9    oppose, an application for an award of Attorneys' Fees and Expenses in this Action not to exceed

10    a total of twenty-two million dollars ($22,000,000).

11        4.2        Ellison agrees to pay into an interest-bearing escrow account, at a financial

12    institution mutually agreed to by the Settling Parties, in the manner specified below and subject

13    to Court approval, a sum not to exceed twenty-two million dollars ($22,000,000), equal to the

14    award of Attorneys' Fees and Expenses, within ten (10) business days of the Court entering the

15    Final Judgment and an order for the Fee Award.

16        4.3        The actual amounts of Attorneys' Fees and Expenses to be paid to Plaintiffs from

17    the Escrow Account are subject to the approval of the Court and Plaintiffs shall only be entitled

18    to receive from the Escrow Account the amounts finally approved by the Court.

19        4.4        Interest on the Attorneys' Fees and Expenses awarded to Plaintiffs shall accrue

20    for the benefit of Plaintiffs' Co-Lead Counsel, commencing upon the date the funds are

21    deposited into the Escrow Account and continuing until the Settlement Effective Date, at which

22    time all monies awarded to Plaintiffs' Co-Lead Counsel by the Court, and any and all interest

23    earned on said monies, shall be distributed from the Escrow Account to Plaintiffs' Co-Lead

24    Counsel.

25        4.5        If the Settlement Effective Date occurs and no appeal from the Fee Award has

26    been taken and no request for review of the Fee Award has been made, then Plaintiffs' Co-Lead

27    Counsel shall thereafter allocate the monies in the Escrow Account amongst other Plaintiffs'

28

1   Counsel in a manner in which they in good faith believe reflects the contributions and costs and
2   expenses of such counsel in the prosecution and settlement of the Action.

3       4.6     If the Settlement Effective Date occurs after an appeal from the Fee Award has
4   been taken or after a request for review of the Fee Award has been made, if no preliminary
5   distribution has been made as provided in Section V.4.8, and the Attorneys' Fees and Expenses
6   originally ordered by the Court are not reduced, then Plaintiffs' Co-Lead Counsel shall thereafter
7   allocate the monies in the Escrow Account as provided in Section V.4.5.

8       4.7     If the Settlement Effective Date occurs after an appeal from the Fee Award has
9   been taken or after a request for review of the Fee Award has been made, if no preliminary
10  distribution from the Escrow Account has been made as provided in Section V.4.8, and the
11  Attorneys' Fees and Expenses originally awarded by the Court are reduced, then Plaintiffs' Co-
12  Lead Counsel shall thereafter allocate the Fee Award as reduced plus interest from the Escrow
13  Account amongst other Plaintiffs' Counsel in a manner in which they in good faith believe
14  reflects the contributions and costs and expenses of such counsel in the prosecution and
15  settlement of the Action. Any funds remaining in the Escrow Account following such
16  distribution shall be remitted to Ellison.

17      4.8     It is further agreed that in the event that the Settlement Effective Date does not
18  occur for any reason, including a noticed appeal (but not including termination of the Settlement
19  as detailed in Section V.6.1, below), by the sixtieth (60th) calendar day after the Court's entry of
20  an order for Attorneys' Fees and Expenses, Plaintiffs' Co-Lead Counsel, may, at their option,
21  draw down any amount from the Escrow Account, provided that they first provide to Ellison an
22  undertaking to repay any amounts that they are ultimately not entitled to receive and secure that
23  obligation by providing to Ellison, as beneficiary, an irrevocable letter of credit containing
24  customary and usual commercial terms, drawn on a financial institution reasonably acceptable to
25  Ellison (the "LOC"), in the full amount of any such sums Plaintiffs' Co-Lead Counsel intend to
26  withdraw pursuant to this provision, plus interest thereon. Plaintiffs' Co-Lead Counsel shall be
27  permitted to withdraw such amount, five (5) business days subsequent to providing a satisfactory
28  undertaking and LOC to Ellison.

1    4.9    In the event that the amount of monies withdrawn by Plaintiffs' Co-Lead Counsel

2    from the Escrow Account exceeds the amount of Attorneys' Fees and Expenses plus interest

3    ultimately awarded to Plaintiffs' Counsel after the expiration or resolution of any and all appeals,

4    Ellison shall be entitled to draw down on the LOC for any amount owing to him, which shall

5    include interest calculated at the rate for Thirty (30) Day U.S. Treasury Notes prevailing as of the

6    date of the withdrawal, within ten (10) business days of making a demand of Plaintiffs' Co-Lead

7    Counsel for the amount due to Ellison, if the amount has not already been repaid by Plaintiffs'

8    Co-Lead Counsel.

9    4.10   Neither the Company nor Ellison, nor any of their respective past, present, and

10   future parents, subsidiaries, predecessors, successors, and assigns, nor any of their respective

11   past, present, and future officers, directors, partners, principals, employees, agents,

12   representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors,

13   and assigns, or any of them, shall be liable for or obligated to pay any fees, expenses, costs or

14   disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in

15   connection with this Action, this Stipulation, or the proposed Settlement, other than as expressly

16   provided for in this Settlement.

17         5.    *Settlement Hearing and Final Judgment*

18         5.1    As soon as practicable after execution of this Stipulation but no later than

19   November 22, 2005, the Settling Parties shall submit this Stipulation to the Court for approval.

20         5.2    As part of the Settlement Hearing and upon approval by the Court of the

21   Settlement terms set forth in this Stipulation, the Settling Parties shall seek and obtain from the

22   Court a Final Judgment, substantially in the form annexed as Exhibit B hereto, that shall, among

23   other things:

24         5.2.1   approve the Settlement as fair, reasonable, and adequate, consistent and in

25   compliance with all applicable requirements of California law, the California and United States

26   Constitutions (including the due process clause), the California Code of Civil Procedure, the

27   California Rules of Court, and any other applicable law, and is in the best interests of the

28   Company and its shareholders;

1           5.2.2   direct the Settling Parties and their counsel to implement and consummate

2 this Settlement according to its terms and provisions; and declare this Settlement to be binding

3 on—and, as to the Released Claims, to have *res judicata* and other preclusive effect in all

4 pending and future lawsuits or other proceedings maintained by or on behalf of— the Settling

5 Parties, as well as their past, present, and future parents, subsidiaries, predecessors, successors

6 and assigns and affiliates and each of their respective past, present, and future officers, directors,

7 employees, agents, representatives, attorneys, heirs, administrators, executors, insurers,

8 predecessors, successors, and assigns, or any of them, including any person or entity controlled

9 by or controlling or under the control of any of them;

10           5.2.3   find that Oracle's Counsel and Plaintiffs' Counsel adequately represented

11 the interests of Oracle and its shareholders for purposes of this Action;

12           5.2.4   dismiss the Action with prejudice, without fees or costs to any party

13 except as provided in this Settlement;

14           5.2.5   incorporate the Release set forth above in Section V.3, make the Release

15 effective as of the date of the Final Judgment, and forever discharge the Released Parties from

16 any claims or liabilities arising from or related to the matters covered by the Release;

17           5.2.6   permanently bar and enjoin Plaintiffs and Oracle, or any of their respective

18 representatives, trustees, successors, heirs and assigns, from filing, commencing, prosecuting,

19 intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or

20 other relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding

21 or order against the Released Parties in any jurisdiction based on or relating to the Released

22 Claims;

23           5.2.7   find that, pursuant to California Corporations Code § 800, no notice of the

24 Settlement to Oracle's shareholders is required; and

25           5.2.8   without affecting the finality of the Final Judgment for purposes of appeal,

26 retain jurisdiction as to all matters relating to the administration, consummation, enforcement,

27 and interpretation of this Stipulation and the Final Judgment.

28

6.    *Effect of Disapproval or Termination*

6.1    Subject to paragraph V.6.2, this Settlement will terminate at the sole option and discretion of Plaintiffs, the Company, or Ellison if (i) the Court, or any appellate court(s), rejects, modifies or denies any portion of the Stipulation or the proposed Settlement that the terminating party in its (or their) sole judgment and discretion reasonably determine(s) is material, including, without limitation, the terms of relief, the findings of the Court, the terms of the Release, or (ii) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Judgment, that the terminating party in its (or their) sole judgment and discretion reasonably believe(s) to be material. The terminating party must exercise the option to withdraw from and terminate this Settlement, as provided in this subsection, no later than twenty (20) business days after receiving notice of the event giving rise to the grounds for termination.

6.2    Disallowance by the Court of any Attorneys' Fees and Expenses or interest that has accrued thereon requested by or awarded to Plaintiffs' Counsel, any appeal from any order relating thereto, and any modification or reversal on appeal of any such order, shall not operate to terminate or cancel the Stipulation or affect its terms, including the releases, be deemed a material change to this Stipulation under Section V.6.1, or affect or delay the finality of the Final Judgment approving the Stipulation; *provided, however,* that Ellison, in his sole discretion, may elect to terminate this Settlement if the amount of Attorneys' Fees and Expenses awarded, in the first instance or on appeal, exceeds the amount agreed upon by the Settling Parties as set forth in Section V.4.1 above.

6.3    If an option to withdraw from and terminate this Settlement arises under Section V.6.1 of this Stipulation, neither Plaintiffs, Ellison, nor the Company will be required for any reason or under any circumstance to exercise that option.

6.4    If this Settlement is terminated in accordance with its terms, then:

6.4.1    this Stipulation shall be null and void and shall have no force or effect, and no party to this Settlement shall be bound by any of its terms, except for the terms of this subsection;

1          6.4.2   this Stipulation, all of its provisions, and all negotiations, statements, and

2    proceedings and orders relating to it shall be without prejudice to the rights of Plaintiffs, Ellison,

3    and Oracle, all of whom shall be restored to their respective positions existing immediately

4    before the execution of this Stipulation, including the return of all sums paid in connection with

5    this Settlement, with interest calculated at the rate for Thirty (30) Day U.S. Treasury Notes

6    prevailing as of the date of termination;

7          6.4.3   Ellison and his current and former predecessors, successors, heirs, agents,

8    assigns, officers, directors, employees, partners, principals, attorneys and representatives

9    expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that

10   have been or might later be asserted in this Action;

11         6.4.4   Plaintiffs and Oracle and their current and former predecessors,

12   successors, heirs, agents, assigns, officers, directors, employees, partners, principals, attorneys

13   and representatives expressly and affirmatively reserve all arguments and motions as to all

14   claims that have been or might later be asserted in this Action;

15         6.4.5   neither this Stipulation, nor the fact of its having been made, shall be

16   admissible or entered into evidence for any purpose whatsoever; and

17         6.4.6   the provisions set forth in Section V.7.5 below shall remain in full force

18   and effect.

19       7.   *General Matters and Reservations*

20       7.1   The obligation, though not the ability, of the Settling Parties to conclude the

21   proposed Settlement is and will be contingent on each of the following:

22         7.1.1   occurrence of the Settlement Effective Date; and

23         7.1.2   any other conditions stated in this Stipulation.

24       7.2   Neither this Stipulation nor any of its terms (nor any agreement, negotiations, or

25   order relating thereto), nor any payment or consideration provided for herein, is or shall be

26   construed as an admission by Ellison or Oracle of any fault, wrongdoing, or liability whatsoever,

27   or an admission by any of the Plaintiffs of any lack of merit of their claims against Ellison.

28   Neither this Stipulation nor any of its terms (nor any agreement, negotiations, or order relating

1 thereto), nor any payment or consideration provided for herein, shall be deemed or offered or

2 received in evidence in any judicial, administrative, regulatory, or other proceeding or utilized in

3 any manner whatsoever, including as a presumption, a concession, or an admission of any fault,

4 wrongdoing, or liability whatsoever on the part of Ellison or Oracle; *provided, however*, that

5 nothing contained in this subsection shall prevent the Stipulation (or any agreement or order

6 relating thereto) from being used, offered, or received in evidence in any proceeding to approve,

7 enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the

8 Final Judgment, or in which the reasonableness, fairness, or good faith of Ellison in participating

9 in the Settlement (or any agreement or order relating thereto) is at issue, or to enforce or

10 effectuate provisions of this Settlement as to the Settling Parties.

11        7.3     Plaintiffs' Co-Lead Counsel shall use their best efforts to secure the dismissal,

12 with prejudice, of the action captioned *Bauer v. Ellison, et al.*, Case No. 3:02-CV-01304,

13 currently pending before the Honorable Martin J. Jenkins in the United States District Court for

14 the Northern District of California on or before the Settlement Effective Date. Plaintiffs' Co-

15 Lead Counsel agree that to the extent plaintiffs' counsel in the *Bauer* action are paid or

16 reimbursed for any fees, costs, or expenses in connection with that litigation, such payment or

17 reimbursement shall be made solely by Plaintiffs' Co-Lead Counsel from any Attorneys' Fees

18 and Expenses Plaintiffs are awarded as detailed in Section 4, above.

19        7.4     Plaintiffs' Counsel, Ellison's Counsel, and Oracle's Counsel agree to act in good

20 faith to ensure that any public comments about or descriptions of the proposed Settlement are

21 balanced, fair, and accurate. None of the parties will issue any press releases regarding this

22 Settlement. All parties are free, however, to respond to inquiries from the press.

23 Notwithstanding any other provision of this paragraph, the Company shall be able to make,

24 without notification to, or prior review or approval by, Plaintiffs' Counsel or Ellison's Counsel,

25 any and all disclosures regarding the Settlement that the Company believes may be required or

26 appropriate under applicable law or by the rules of the NASDAQ stock exchange, or as required

27 in connection with a judicial or regulatory proceeding.

28

1   7.5   By execution of this Stipulation, neither Ellison nor Oracle releases any claim

2   against any insurer for any cost or expense hereunder, including attorneys' fees and costs.

3   7.6   All counsel who execute this Stipulation represent and warrant that they have

4   authority to do so on behalf of their respective clients.

5   7.7   The Settling Parties acknowledge that their designated representatives have

6   reviewed this Settlement and acknowledge that they are accepting the benefits of this Settlement

7   after consulting with Counsel.

8   7.8   Oracle hereby represents and warrants to each other party hereto that the

9   execution, delivery, and performance of this Settlement is within its power and authority, has

10   been duly authorized by all necessary action, and does not and will not:  (a) require any

11   authorization which has not been obtained; or (b) contravene the charter documents of Oracle,

12   any applicable laws or other legal requirements, or any agreement or restriction binding on or

13   affecting Oracle or its property.  This Settlement, when executed by its designated representative

14   and delivered, will constitute the legal, valid, and binding obligation of Oracle.

15   7.9   This Stipulation (including exhibits hereto, agreements referenced herein, and

16   documents executed pursuant to the foregoing) contains the entire agreement among the Settling

17   Parties with respect to the subject matter hereof and supersedes any prior written or oral

18   agreements, representations, warranties, or statements including, specifically, the Stipulation and

19   Agreement of Settlement, dated September 19, 2005 and filed with the Court on September 20,

20   2005.  The Settling Parties agree that this Stipulation was drafted at arms' length, and that no

21   parol or other evidence may be offered to explain, construe, or clarify its terms, the intent of the

22   parties or their counsel, or the circumstances under which the Settlement was made or executed;

23   *provided*, that there shall be no presumption for or against any party that drafted all or any

24   portion of this Stipulation.

25   7.10   No representation, warranty, or inducement has been made to any party

26   concerning this Stipulation other than the representations, warranties, and covenants contained

27   herein.

28

1    7.11    Plaintiffs and Plaintiffs' Counsel expressly warrant that, in entering into this

2  Stipulation, they relied solely upon their own knowledge and investigation, and not upon any

3  promise, representation, warranty, or other statement by Ellison or Oracle not expressly

4  contained herein.

5    7.12    Whenever this Stipulation and Settlement requires or contemplates that one party

6  shall or may give notice to another, notice shall be provided by facsimile and/or next-day

7  (excluding weekends and court holidays) express delivery service as follows:

8           1.  If to Oracle, then to:

9                James Maroulis
                 ORACLE CORPORATION
10               500 Oracle Parkway
                 Redwood Shores, CA  94065
11
                     -and-
12
                 Jordan Eth
13               MORRISON & FOERSTER LLP
                 425 Market Street, 34th Floor
14               San Francisco, CA 94105-2482

15          2.  If to Ellison, then to:

16               Alan N. Salpeter
                 MAYER, BROWN, ROWE & MAW LLP
17               71 South Wacker Drive
                 Chicago, IL  60606-4637
18
            3.  If to Plaintiffs, then to:
19
                 Joseph J. Tabacco, Jr.
20               BERMAN DE VALERIO PEASE TABACCO BURT & PUCILLO
                 425 California Street, Suite 2100
21               San Francisco, CA  94104

22                   -and-

23               Dario de Ghetaldi
                 COREY, LUZIACH, PLISKA, DE GHETALDI, & NASTARI LLP
24               700 El Camino Real
                 P.O. Box 669
25               Millbrae, CA  94030

26    7.13    The failure of any Settling Party to enforce at any time any provision of this

27  Stipulation shall not be construed to be a waiver of such provision, nor in any way to affect the

28  validity of this Stipulation or any part hereof or the right of any Settling Party thereafter to

                                    -16-      JCCP 4180; STIPULATION AND AGREEMENT OF
                                              SETTLEMENT

1  enforce each and every such provision. No waiver of any breach of this Stipulation shall be held
2  to constitute a waiver of any other breach.

3       7.14    The Settling Parties, their successors and assigns, and their attorneys agree to
4  cooperate fully with one another in seeking Court approval of this Stipulation and to use their
5  best efforts to effect the prompt consummation of this Stipulation and the proposed settlement.
6  Without limitation of any other remedies available by law, the Settling Parties agree that any
7  party to this Stipulation may compel specific performance of its terms.

8       7.15    This Stipulation and the Settlement contemplated hereby shall be governed by,
9  and construed in accordance with, the laws of the State of California, including its choice of law
10  principles.

11       7.16    Nothing in this Stipulation, the Settlement contemplated thereby, or the
12  negotiations or proceedings relating to the foregoing is intended to be or shall be deemed to
13  constitute a waiver of any applicable privilege or immunity, including without limitation, the
14  accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product
15  immunity.

16       7.17    This Stipulation may be executed in one or more counterparts, all of which shall
17  be considered the same as if a single document shall have been executed, and shall become
18  effective when such counterparts have been executed by all signatories and delivered to
19  Plaintiffs' Co-Lead Counsel, Ellison's Counsel and Oracle's Counsel. Execution by facsimile
20  shall be fully and legally binding on any Settling Party so executing.

21       7.18    This Stipulation and Settlement may not be modified except pursuant to a written
22  instrument signed by all the parties hereto.

23       7.19    All Released Parties who are not individually, or through counsel, signatories to
24  this Stipulation are intended third-party beneficiaries entitled to enforce the terms of the Release
25  set forth herein so long as they agree to be bound by the entirety of this Stipulation and
26  Agreement of Settlement.

27

28

1    7.20    The Settling Parties agree that the Court shall retain jurisdiction as to all matters

2   relating to the administration, consummation, enforcement, and interpretation of this Stipulation

3   and the Final Judgment.

4

5   Dated: November 16, 2005

        BERMAN DEVALERIO PEASE TABACCO
6           BURT & PUCILLO
        Joseph J. Tabacco, Jr.
7           Nicole Lavallee

8   By: _____
9             Nicole Lavallee

10  *Plaintiffs' Co-Lead and Liaison Counsel*

11          COREY LUZAICH PLISKA DE GHETALDI
        & NASTARI LLP
12          Dario de Ghetaldi
        George R. Corey
13          Jerry E. Nasatari
        Amanda L. Riddle
14

15  By: _____
16            Dario de Ghetaldi

17  *Plaintiffs' Co-Lead and Liaison Counsel*

18  Dated: November 16, 2005

19          MAYER, BROWN, ROWE & MAW LLP
        Alan N. Salpeter
20          Javier H. Rubinstein

21

22  By: _____
          Alan N. Salpeter
23

        Counsel for Individual Defendant
24          LAWRENCE J. ELLISON

25

26

27

28

1    7.20    The Settling Parties agree that the Court shall retain jurisdiction as to all matters

2  relating to the administration, consummation, enforcement, and interpretation of this Stipulation

3  and the Final Judgment.

4

5  Dated: November __, 2005                    BERMAN DEVALERIO PEASE TABACCO
                                              BURT & PUCILLO
6                                             Joseph J. Tabacco, Jr.
                                              Nicole Lavallee

7

8                                             By:_____
9                                                      Nicole Lavallee

10                                            *Plaintiffs' Co-Lead and Liaison Counsel*

11                                            COREY LUZAICH PLISKA DE GHETALDI
                                              & NASTARI LLP
12                                            Dario de Ghetaldi
                                              George R. Corey
13                                            Jerry E. Nasatari
                                              Amanda L. Riddle
14

15

16                                            By:_____
                                                      Dario de Ghetaldi
17
                                              *Plaintiffs' Co-Lead and Liaison Counsel*
18  Dated: November __, 2005

19                                            MAYER, BROWN, ROWE & MAW LLP
                                              Alan N. Salpeter
20                                            Javier H. Rubinstein

21

22                                            By:_____
                                                      Alan N. Salpeter
23
                                              Counsel for Individual Defendant
24                                            LAWRENCE J. ELLISON

25

26

27

28
                                -18-    JCCP 4180; STIPULATION AND AGREEMENT OF
                                        SETTLEMENT

1   Dated: November 17, 2005                    MORRISON & FOERSTER, LLP
                                                Jordan Eth
2                                               Anna Erickson White

3

4                                               By: _____
                                                    Jordan Eth
5
                                                Counsel for Nominal Defendant ORACLE
6   Dated: November __, 2005                    CORPORATION

7

8                                               _____
                                                Lawrence J. Ellison
9
    Dated: November __, 2005                    ORACLE CORPORATION
10

11
                                                By: _____
12                                                   Safra Catz, President

13
    Dated: November __, 2005
14

15                                              _____
                                                John Bosco
16
    Dated: November __, 2005
17

18                                              _____
                                                Joseph Boyle
19  Dated: November __, 2005

20
                                                _____
21                                              Cary Collins, Trustee of the Chadsey
                                                Educational Trust dated February 21, 1997
22  Dated: November __, 2005

23
                                                _____
24                                              Barry J. Gamble

25

26

27

28
                                    -19-

1    Dated: November ___, 2005                MORRISON & FOERSTER, LLP
                                              Jordan Eth
2                                             Anna Erickson White

3

4                                             By:_____
                                                     Jordan Eth
5
                                              Counsel for Nominal Defendant ORACLE
6    Dated: November 18, 2005                 CORPORATION

7

8                                             _____
                                                  Lawrence J. Ellison
9
10   Dated: November ___, 2005                ORACLE CORPORATION

11

12                                            By:_____
                                                     Safra Catz, President
13
     Dated: November ___, 2005
14

15                                            _____
                                              John Bosco
16   Dated: November ___, 2005

17

18                                            _____
                                              Joseph Boyle
19   Dated: November ___, 2005

20

21                                            _____
                                              Cary Collins, Trustee of the Chadsey
                                              Educational Trust dated February 21, 1997
22   Dated: November ___, 2005

23

24                                            _____
                                              Barry J. Gamble
25

26

27

28
                                    -19-    JCCP 4180; STIPULATION AND AGREEMENT OF
                                            SETTLEMENT

1    Dated: November __, 2005                    MORRISON & FOERSTER, LLP
                                                 Jordan Eth
2                                                Anna Erickson White

3

4                                                By:_____
                                                      Jordan Eth
5

6    Dated: November __, 2005                    Counsel for Nominal Defendant ORACLE
                                                 CORPORATION
7

8                                                _____
                                                 Lawrence J. Ellison
9

10   Dated: November 18, 2005                    ORACLE CORPORATION

11

12                                               By:_____
                                                      Safra Catz, President
13

14   Dated: November __. 2005

15                                               _____
                                                 John Bosco
16
     Dated: November __, 2005
17

18                                               _____
                                                 Joseph Boyle
19   Dated: November __, 2005

20

21                                               _____
                                                 Cary Collins, Trustee of the Chadsey
22                                               Educational Trust dated February 21, 1997
     Dated: November __, 2005
23

24                                               _____
                                                 Barry J. Gamble
25

26

27

28
                                    -19-    JCCP 4180; STIPULATION AND AGREEMENT OF
                                            SETTLEMENT

Dated: November ___, 2005

MORRISON & FOERSTER, LLP
Jordan Eth
Anna Erickson White

By:_____
        Jordan Eth

Counsel for Nominal Defendant ORACLE
CORPORATION

Dated: November ___, 2005

_____
Lawrence J. Ellison

ORACLE CORPORATION

Dated: November ___, 2005

By:_____
        Safra Catz, President

Dated: November 15 2005

_____
John Bosco

Dated: November ___, 2005

_____
Joseph Boyle

Dated: November ___, 2005

_____
Cary Collins, Trustee of the Chadsey
Educational Trust dated February 21, 1997

Dated: November ___, 2005

_____
Barry J. Gamble

Dated: November ___, 2005

MORRISON & FOERSTER, LLP
Jordan Eth
Anna Erickson White


By:_____
        Jordan Eth

Counsel for Nominal Defendant ORACLE
CORPORATION

Dated: November ___, 2005


_____
Lawrence J. Ellison

Dated: November ___, 2005

ORACLE CORPORATION


By:_____
        Safra Catz, President

Dated: November ___, 2005


_____
John Bosco

Dated: November /5, 2005


_____
Joseph Boyle

Dated: November ___, 2005


_____
Cary Collins, Trustee of the Chadsey
Educational Trust dated February 21, 1997

Dated: November ___, 2005


_____
Barry J. Gamble

-19-

11/17/2005  09:44 FAX 4158267392          COLLINS AND ASSOCIATES                    ☒002/002

1   Dated: November ___, 2005                    MORRISON & FOERSTER, LLP
                                                 Jordan Eth
2                                                Anna Erickson White

3

4                                                By:_____
                                                         Jordan Eth
5

6                                                Counsel for Nominal Defendant ORACLE
    Dated: November ___, 2005                    CORPORATION
7

8

9                                                _____
                                                 Lawrence J. Ellison
10  Dated: November ___, 2005                    ORACLE CORPORATION

11

12                                               By:_____
                                                         Safra Catz, President
13

14  Dated: November ___, 2005

15

16                                               _____
                                                 John Bosco
17  Dated: November ___, 2005

18                                               _____
                                                 Joseph Boyle
19  Dated: November 15, 2005

20

21                                               _____
                                                 Cary Collins, Trustee of the Chadsey
22                                               Educational Trust dated February 21, 1997
    Dated: November ___, 2005
23

24                                               _____
                                                 Barry J. Gamble
25

26

27

28
                                        -19-        JCCP 4180; STIPULATION AND AGREEMENT OF
                                                    SETTLEMENT

1   Dated: November __, 2005        MORRISON & FOERSTER, LLP
                                    Jordan Eth
2                                   Anna Erickson White

3

4                                   By:_____
                                         Jordan Eth
5
                                    Counsel for Nominal Defendant ORACLE
6   Dated: November __, 2005        CORPORATION

7

8                                   _____
                                    Lawrence J. Ellison
9

10  Dated: November __, 2005        ORACLE CORPORATION

11

12                                  By:_____
                                         Safra Catz, President
13

14  Dated: November __, 2005

15
                                    _____
                                    John Bosco
16  Dated: November __, 2005

17

18                                  _____
                                    Joseph Boyle
19  Dated: November __, 2005

20

21                                  _____
                                    Cary Collins, Trustee of the Chadsey
22  Dated: November __, 2005        Educational Trust dated February 21, 1997

23

24                                  _____
                                    Barry E. Gamble
25

26

27

28

                            -19-   JCCP 4180; STIPULATION AND AGREEMENT OF
                                   SETTLEMENT

1   Dated: November ____, 2005

2

3                                                    Max Katz

4   Dated: November ___, 2005

5                                                    Alan Pierce

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOV 15 2000 12:07PM   HP LASERJET 3200                                    P.1
11/15/2005  11:12    3104794861              BARRY CARPET           PAGE  01

1     Dated: November ___, 2005

2

3                                Max Katz

4     Dated: November ___, 2005

5                                Alan Pierce

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JCCP 4180; STIPULATION AND AGREEMENT OF
SETTLEMENT

1   Dated: November ___, 2005

2

3                                              Max Katz

4   Dated: November ___, 2005

5

6                                              Alan Pierce

7   Dated: November 16, 2005

8                                              Syed Akhter                                    s

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    -20-    JCCP 4180: STIPULATION AND AGREEMENT OF
                                            SETTLEMENT

# EXHIBIT A

Exhibit A: Oracle Insider Trading Policies

1.   Implementation of Restrictive Guidelines On Use of 10b5-1 Plans (2004)

    A.   Plans must be approved by the General Counsel
    B.   Plans can only be implemented or modified during an open window
    C.   No trading during a closed window period
    D.   Only precision plans permitted which specify quantity, price and date; no discretionary plans
    E.   Oracle reserves option to suspend trading
    F.   Oracle publicly announces 10b5-1 plans before trading

2.   Ellison's sales of Oracle stock since 2001 were only pursuant to a 10b5-1 Plan

    A.   Plan dated 1/30/04. Plan to sell 120MM shares, and to gift 3.3 MM

3.   Oracle modified its insider-trading policy

    A.   Two-tier policy – one for Section 16 officers and one for others
    B.   Shorter trading windows
    C.   For non-Section 16 officers, no trading window from 2 weeks before end of quarter until 2 trading days after earnings announced
    D.   For Section 16 officers, no-trading window starts one month before the end of the quarter

4.   Definition of material information was modified

    A.   Includes new examples
    B.   "Financial performance, especially quarterly and year-end earnings, or significant changes in financial performance or liquidity (including forecasts relating to these types of information that may affect company-wide results)."

5.   Stricter pre-clearance procedures

    A.   Trades must be pre-cleared at least two business days in advance
    B.   Trades must be pre-cleared by the General Counsel, "who will also verify with the CFO that the proposed transactions can proceed."

6.   Form 4's and 144's are published immediately on the Oracle website when filed with SEC, thus resulting in earlier disclosure to the public

# EXHIBIT B

1
MAYER, BROWN, ROWE & MAW LLP
Alan N. Salpeter (admitted *pro hac vice*)
Javier H. Rubinstein (admitted *pro hac vice*)

2
71 South Wacker Drive
Chicago, Illinois 60606-4637

3
Telephone:    (312) 782-0600

4
*Attorneys for Individual Defendant Lawrence J. Ellison*

5
MORRISON & FOERSTER, LLP

6
Jordan Eth (121617)
425 Market Street

7
San Francisco, California  94105-2482
Telephone:    (415) 268-7000

8

9
*Attorneys for Nominal Defendant Oracle Corporation*

10
BERMAN DEVALERIO PEASE TABACCO
     BURT & PUCILLO

11
Joseph J. Tabacco, Jr. (75484)
Nicole Lavallee (165755)

12
425 California Street, Suite 2100

13
San Francisco, CA  94104
Telephone: (415) 433-3200

14

15
COREY, LUZAICH, PLISKA
     DE GHETALDI & NASTARI LLP

16
George R. Corey (34580)
Dario de Ghetaldi (126782)

17
700 El Camino Real
Millbrae, CA 94030

18
Telephone: (650) 871-5666

19
*Plaintiffs' Co-Lead and Liaison Counsel*

20
SUPERIOR COURT OF THE STATE OF CALIFORNIA

21
FOR THE COUNTY OF SAN MATEO

22
Coordination Proceeding
Special Title (Rule 1550(b))

23

24
ORACLE CASES

25

26
This Document Relates To:

27
ALL ACTIONS

28

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 1550(b)) | JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 4180 |
| ORACLE CASES | **JUDGMENT OF DISMISSAL** |
| This Document Relates To:<br><br>ALL ACTIONS | DATE:  November 22, 2005<br><br>The Honorable John G. Schwartz,<br>Coordination Trial Judge |

1        The application of Plaintiffs Syed Akhter, John Bosco, Joseph Boyle, Cary Collins,

2 Trustee of the Chadsey Educational Trust dated February 21, 1997, Barry J. Gamble, Max

3 Katz, and Alan Pierce for approval of the Stipulation and Agreement of Settlement, a copy of

4 which is attached hereto as Exhibit 1 (the "Stipulation"), came regularly on for hearing on

5 November 22, 2005 at 10:00 a.m., before the Hon. John G. Schwartz, Coordination Trial

6 Judge, to determine: (1) whether the terms and conditions of the Stipulation should be

7 approved; (2) whether judgment should be entered dismissing this Action with prejudice;

8 and (3) whether a release of the Released Claims, as set forth in the Stipulation, should be

9 provided to the Released Parties considered the matter, including all papers filed in connection

10 therewith and the oral presentations of counsel at said hearing, and good cause appearing:

11        IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

12        1.     The Stipulation, including the definitions contained therein, is incorporated by

13 reference in this Final Judgment.

14        2.     This Court hereby approves the Settlement set forth in the Stipulation and

15 finds that the Settlement is, in all respects, fair, reasonable, and adequate with respect to

16 Oracle and its Shareholders, is consistent and in compliance with all applicable

17 requirements of California law, the California and United States Constitutions (including

18 the due process clause), the California Code of Civil Procedure, the California Rules of

19 Court, and any other applicable law, and is in the best interests of the Company and its

20 Shareholders. Oracle's Counsel and Plaintiffs' Counsel have adequately represented the

21 interests of the Company and its Shareholders for purposes of this Action.

22        4.     The Settling Parties and their counsel are hereby directed to implement and

23 consummate the Settlement according to its terms and provisions.

24        5.     The Settlement is binding on the Settling Parties, as well as their past, present,

25 and future parents, subsidiaries, predecessors, successors and assigns and affiliates and each

26 of their respective past, present, and future officers, directors, employees, agents,

27 representatives, attorneys, heirs, administrators, executors, insurers, predecessors,

28 successors, and assigns, or any of them, including any person or entity controlled by or

1   controlling or under the control of any of them.  As to the Released Claims, this Judgment is
2   intended to have *res judicata* and other preclusive effect in all pending and future lawsuits or
3   other proceedings maintained by or on behalf of Oracle.

4        6.      The Court finds that all parties to the Action and their counsel have complied
5   with the requirements of the California Code of Civil Procedure as to all proceedings herein.

6        7.      The Court hereby dismisses the Action with prejudice and without costs,
7   except as provided in the Stipulation.

8        8.      Upon the Settlement Effective Date, Plaintiffs and Oracle shall be deemed to
9   have, and by operation of the Final Judgment shall have, fully, finally, and forever released,
10  relinquished, and discharged each and every one of the Released Parties from the Released
11  Claims as detailed in Section V.3 of the Stipulation.

12       9.      Plaintiffs and Oracle, and any of their respective representatives, trustees,
13  successors, heirs and assigns, are permanently barred and enjoined from filing,
14  commencing, prosecuting, intervening in, participating in (as a nominal defendant or
15  otherwise) or receiving any benefits or other relief from, any other lawsuit, arbitration, or
16  administrative, regulatory, or other proceeding or order against the Released Parties in any
17  jurisdiction based on or relating to the Released Claims.  Notwithstanding the foregoing, (a)
18  Plaintiffs shall retain any rights, claims or defenses they may have in the Federal Securities
19  Action; and (ii) Oracle shall retain any rights, claims or defenses it may have in the Federal
20  Securities Action including, without limitation, its rights of indemnity or contribution.

21       10.     Pursuant to California Corporations Code § 800, no notice of the Settlement to
22  Oracle's shareholders is required.

23       11.     Upon the Settlement Effective Date, each of the Settling Parties shall be
24  deemed to have, and by operation of the Final Judgment shall have, fully, finally, and
25  forever released, relinquished, and discharged each other, and Plaintiffs' Counsel from all
26  claims relating to, arising out of, or connected with the institution, prosecution, assertion,
27  settlement, or resolution of the Action and/or the Released Claims.

28       12.     In the event that this Stipulation and Settlement is terminated by any of the

1  parties in accordance with Section V.6.1 of the Stipulation, then this Final Judgment shall be

2  null and void and shall have no force or effect, and no party to the Settlement shall be bound

3  by any of its terms, except for the terms of Section V.6.4.

4      13.    The Court retains continuing jurisdiction over the implementation of this

5  Judgment and all parties thereto for the purpose of enforcing and administering the terms of

6  the Settlement.  Such continuing jurisdiction shall not affect the finality of this Judgment as

7  to matters not reserved.

8

9  DATED: _____

10

11                                Hon. John G. Schwartz
                                  Coordination Trial Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28