# EXHIBIT H

# EXHIBIT H

EFiled:  Aug 26 2010  5:56PM EDT
Transaction ID 32890925
Case No. 769-VCS

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., CONSOLIDATED DERIVATIVE LITIGATION | Civil Action No. 769-VCS (Del. Ch. New Castle County) |

| | |
|---|---|
| In re AMERICAN INTERNATIONAL GROUP, INC. DERIVATIVE LITIGATION | Master File No. 04-cv-8406 (S.D.N.Y) |

| | |
|---|---|
| R.S. BASSMAN, individually and derivatively on behalf of AMERICAN INTERNATIONAL GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAURICE R. GREENBERG, et al., <br><br> Defendants, <br><br> and <br><br> AMERICAN INTERNATIONAL GROUP, INC., <br><br> Nominal Defendant. | Civil Action No. 05-cv-7022 (S.D.N.Y.) |

| | |
|---|---|
| DAVID M. KLEINHANDLER, derivatively on behalf of American International Group, Inc., | Civil Action No. 05-cv-6417 (S.D.N.Y.) |
| Plaintiff, | |
| v. | |
| MAURICE R. GREENBERG and HOWARD I. SMITH, | |
| Defendants, | |
| and | |
| AMERICAN INTERNATIONAL GROUP, INC., | |
| Nominal Defendant. | |

| | |
|---|---|
| TEACHERS' RETIREMENT SYSTEM OF LOUISIANA, et al., | Index No. 650064/2009 (Sup. Ct. N.Y. Cty.) |
| Plaintiffs, | |
| v. | |
| VINCENT CANTWELL, et al., | |
| Defendants, | |
| and | |
| AMERICAN INTERNATIONAL GROUP, INC. | |
| Nominal Defendant. | |

2

**Agreement Between the Teachers' Retirement System of Louisiana; the City of New Orleans Employees' Retirement System; John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere Backe Children's Trust; Paula Rosen; Thomas McAdam; Bruce G. Murphy; Jerome Kaplan, Trustee, Trust of Edith J. Kaplan; Marilyn Clark; Gail Fink; Maxine Marcus; Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust; Dr. Frederick Hauber; R. S. Bassman; David M. Kleinhandler;[1] C.V. Starr & Company, Inc.; Starr International Company, Inc.; Vincent Cantwell; Michael J. Castelli; Carlos Coello; Maurice R. Greenberg; Robert P. Jacobson; Edward E. Matthews; Christian M. Milton; John Mohs; L. Michael Murphy; Karen Radke; Howard I. Smith; Martin Sullivan; Jean-Baptist Tateossian; Thomas R. Tizzio; Joseph H. Umansky; Bernard Aidinoff; Steven J. Bensinger; Marshall A. Cohen; William Dooley; Martin Feldstein; Ellen Futter; Stephen Hammerman; Richard Holbrooke; George Miles; Kristian Moor; Win Neuger; Edmund Tse; Jay Wintrob; and Frank Zarb**

WHEREAS, on October 21, 2004, a shareholder derivative complaint captioned *John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere Backe Children's Trust* v. *Greenberg et al.* (Del. Ch.) was filed in the Court of Chancery, New Castle County, Delaware ("Court of Chancery"), and

WHEREAS, two additional shareholder derivative complaints, captioned *Jerome Kaplan, Trustee, Trust of Edith J. Kaplan* v. *Greenberg et al.* (Del. Ch.) and *Paula Rosen* v. *Greenberg et al.* (Del. Ch.), were filed in the Court of Chancery on October 22, 2004 and November 4, 2004, respectively, and

WHEREAS, on December 7, 2004, the Court of Chancery consolidated the three then-pending shareholder derivative actions under the caption *American International Group, Inc. Consolidated Derivative Litigation*, C.A. No. 769-VCS (the "Delaware Derivative Action"), and

WHEREAS, two additional shareholder derivative complaints were filed in April 2005, and on May 17, 2005, the Teachers' Retirement System of Louisiana ("TRSL") filed an amendment to an existing complaint in a separate action pending before the Court of Chancery, and

---

[1] The Teachers' Retirement System of Louisiana; the City of New Orleans Employees' Retirement System; John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere Backe Children's Trust; Paula Rosen; Thomas McAdam; Bruce G. Murphy; Jerome Kaplan, Trustee, Trust of Edith J. Kaplan; Marilyn Clark; Gail Fink; Maxine Marcus; Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust; Dr. Frederick Hauber; R. S. Bassman; and David M. Kleinhandler are parties to this agreement in their capacity as shareholders of AIG that have asserted rights of AIG in certain pending derivative litigations.

WHEREAS, on June 10, 2005, the Court of Chancery entered an order consolidating the two derivative actions filed in April 2005 into the Delaware Derivative Action, and providing for the claims that were added to TRSL's separate action on May 17, 2005 to be severed from that action and consolidated into the Delaware Derivative Action, and

WHEREAS, counsel for the plaintiffs in the shareholder derivative actions that were filed in the Court of Chancery agreed upon a leadership structure whereby the consolidated Delaware Derivative Action would be prosecuted by TRSL and the City of New Orleans Retirement System (together, the "Delaware Derivative Plaintiffs") as co-lead plaintiffs, and

WHEREAS, on August 6, 2005, the Delaware Derivative Plaintiffs filed a First Amended Consolidated Stockholders' Derivative Complaint, which included the claims filed in the consolidated Delaware actions and the newly-added claims from TRSL's separate action, and

WHEREAS, beginning on October 25, 2004 through November 15, 2004, other shareholder derivative plaintiffs filed shareholder derivative actions in the Southern District of New York captioned *Gail Fink* v. *Greenberg et al.* (S.D.N.Y.), *Maxine Marcus* v. *Greenberg et al.* (S.D.N.Y.), *Marilyn Clark* v. *Greenberg et al.* (S.D.N.Y.), *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust* v. *Greenberg et al.* (S.D.N.Y.), and *Dr. Frederick Hauber* v. *Greenberg et al.* (S.D.N.Y.) (the "New York federal derivative actions"), and

WHEREAS, on February 7, 2005, the Southern District of New York entered an order consolidating the New York federal derivative actions under the caption *In re American International Group, Inc. Derivative Litigation*, No. 04-CV-8406 (the "New York Federal Consolidated Derivative Action"), and further providing that the consolidation order applied to all related subsequently filed actions unless a party filed an objection with the Court as provided for in the order, and

WHEREAS, other shareholder derivative plaintiffs subsequently filed shareholder derivative complaints in the Southern District of New York under the captions *Bassman* v. *Greenberg*, No. 05-CV-7022 (S.D.N.Y.) ("*Bassman*"), and *Kleinhandler* v. *Greenberg*, No. 05-CV-6417 (S.D.N.Y.) ("*Kleinhandler*"), and, after notice, did not object to being consolidated in the New York Federal Consolidated Derivative Action, and

WHEREAS, the shareholder plaintiffs in the New York Federal Consolidated Derivative Action filed an amended shareholder derivative complaint on November 18, 2005, and

WHEREAS, the shareholder derivative complaints that were consolidated in the Delaware Derivative Action and the New York Federal Consolidated Derivative Action, and the shareholder derivative complaints in *Bassman* and *Kleinhandler*, named as

defendants various current and former officers, directors and employees of American International Group, Inc. ("AIG"), including Bernard Aidinoff ("Aidinoff"), Eli Broad ("Broad"), Michael Castelli ("Castelli"), Pei-Yuan Chia ("Chia"), Carlos Coello ("Coello"), Marshall A. Cohen ("M. Cohen"), William Cohen ("W. Cohen"), Barber Conable ("Conable"), Robert Crandall ("Crandall"), Martin Feldstein ("Feldstein"), Ellen Futter ("Futter"), Leslie Gonda ("Gonda"), John Graf ("Graf"), Evan Greenberg ("E. Greenberg"), Maurice R. Greenberg ("Greenberg"), Carla Hills ("Hills"), Frank Hoenemeyer ("Hoenemeyer"), Richard Holbrooke ("Holbrooke"), Donald P. Kanak ("Kanak"), Edward E. Matthews ("Matthews"), Christian Milton ("Milton"), John Mohs ("Mohs"), Kristian Moor ("Moor"), Michael Murphy ("Murphy"), Frank Petralito ("Petralito"), Dean Phypers ("Phypers"), Karen Radke ("Radke"), John Roberts ("Roberts"), Howard I. Smith ("Smith"), Ernest Stempel ("Stempel"), Martin Sullivan ("Sullivan"), Jean-Baptist Tatcossian ("Tatcossian"), Thomas Tizzio ("Tizzio"), Edmund Tse ("Tse"), Jay Wintrob ("Wintrob"), Frank Wisner ("Wisner"), and Frank Zarb ("Zarb"), and

WHEREAS, AIG appointed a special litigation committee (the "SLC") to investigate the claims alleged in the Delaware Derivative Action and the New York Federal Consolidated Derivative Action, and those actions were stayed until March 14, 2007 to permit the SLC to complete its investigation, and

WHEREAS, the SLC decided it was in AIG's best interests to (a) directly pursue the claims that had been asserted in the Delaware Derivative Action against Greenberg and Smith, (b) seek the dismissal of certain defendants and claims, and (c) take no position on the remaining claims, and

WHEREAS, on March 13, 2007, the Delaware Derivative Plaintiffs and AIG filed a stipulation with the Court of Chancery stating that AIG had decided to realign itself as a party plaintiff in the Delaware Derivative Action and would have until June 13, 2007 to file an amended complaint and to move to terminate the litigation with respect to certain defendants, and

WHEREAS, on June 13, 2007, AIG (a) filed an Amended Complaint asserting claims against Greenberg and Smith only, and (b) moved to terminate the Delaware Derivative Action with respect to certain other defendants who had been named in the shareholder derivative complaints, and

WHEREAS, following the completion of the SLC's investigation, the parties to the Delaware Derivative Action agreed to a further stay of the proceedings, with the exception of briefing on the motions to dismiss, pending resolution of the claims against AIG in *In re AIG Securities Litigation*, No. 04-CV-8141 (S.D.N.Y.) ("the Securities Litigation"), and

WHEREAS, following the completion of the SLC's investigation, the parties to the New York Federal Consolidated Derivative Action, who had previously

agreed to a stay of proceedings until September 14, 2007, filed a stipulation with the New York federal court on September 11, 2007 that extended the stay of the New York Federal Consolidated Derivative Action until such time as the Delaware Derivative Action was resolved, provided that any termination of a named defendant from the Delaware Derivative Action (by motion of the SLC) will apply to the New York Federal Consolidated Derivative Action without further order of the court, and provided that AIG will not seek to settle or release any of the federal claims asserted in the New York Federal Consolidated Derivative Action against defendants Greenberg and Smith without consent of plaintiffs in the New York Federal Consolidated Derivative Action or the United States District Court for the Southern District of New York, and

WHEREAS, during the pendency of the stays referenced above, the Delaware Derivative Plaintiffs have had access to the extensive document discovery database from the Securities Litigation containing millions of pages of documents, as well as copies of the deposition transcripts from that litigation, which the Delaware Derivative Plaintiffs have reviewed and utilized in connection with various amendments of their complaint, and

WHEREAS, on September 28, 2007, AIG and the Delaware Derivative Plaintiffs jointly filed a Combined Amended Complaint in the Delaware Derivative Action, wherein AIG asserted claims directly against Greenberg and Smith (the "Non-Derivative Claims") and the Delaware Derivative Plaintiffs asserted claims derivatively on behalf of AIG against current and former AIG employees Vincent Cantwell ("Cantwell"), Castelli, Coello, Robert P. Jacobson ("Jacobson"), Matthews, Milton, Mohs, Murphy, Radke, Tateossian, Tizzio and Joseph H. Umansky ("Umansky") (the "Derivative Claims"), and

WHEREAS, Cantwell, Jacobson and Umansky had not yet been named as defendants at the time when (a) the SLC conducted its investigation and (b) AIG moved to terminate the Delaware Derivative Action with respect to certain defendants, and

WHEREAS, on April 11, 2008, AIG and the Delaware Derivative Plaintiffs jointly filed the First Amended Combined Complaint, which did not alter the Non-Derivative Claims but which asserted additional Derivative Claims, including a new derivative claim against Greenberg, and

WHEREAS, motions to dismiss the First Amended Combined Complaint were filed in the Delaware Derivative Action on June 13, 2008, and

WHEREAS, during the course of briefing on the motions to dismiss, the Delaware Derivative Plaintiffs voluntarily dismissed defendants Cantwell, Jacobson and Umansky from the Delaware Derivative Action without prejudice, and

WHEREAS, on February 10, 2009, following extensive briefing and oral argument by counsel for the Delaware Derivative Plaintiffs, the motions to dismiss the Derivative Claims were denied with respect to defendants Greenberg, Smith, Matthews,

and Tizzio, and granted for lack of personal jurisdiction with respect to defendants Castelli, Coello, Milton and Radke, and

WHEREAS, on February 11, 2009, the Delaware Derivative Plaintiffs commenced a shareholder derivative action in New York Supreme Court, New York County, captioned *Teachers Retirement System of La. v. Cantwell, et al.*, No. 650064/2009 (N.Y. Sup. Ct., N.Y. Cty.) (the "New York State Derivative Action"), asserting claims against, among others, certain persons who were never successfully made a party to the Delaware Derivative Action, or who were dismissed from the Delaware Derivative Action, including Cantwell, Castelli, Coello, Jacobson, Milton, Mohs, Murphy, Radke, Tateossian and Umansky, and

WHEREAS, on March 9, 2009, the Delaware Derivative Plaintiffs voluntarily dismissed defendants Mohs, Murphy and Tateossian from the Delaware Derivative Action, without prejudice, for lack of personal jurisdiction, and

WHEREAS, on March 12, 2009, Greenberg asserted cross-claims in the Delaware Derivative Action against, among others, Tizzio, and third party claims against, among others, Aidinoff, Steven J. Bensinger ("Bensinger"), M. Cohen, William Dooley ("Dooley"), Feldstein, Futter, Stephen Hammerman ("Hammerman"), Holbrooke, George Miles ("Miles"), Moor, Win Neuger ("Neuger"), Sullivan, Tse, Wintrob, and Zarb (the "AIG Cross-Claim/Third Party Defendants") (the AIG Cross-Claim/Third Party Defendants, together with Broad, Chia, W. Cohen, Conable, Crandall, Gonda, Graf, E. Greenberg, Hills, Hoenemeyer, Kanak, Petralito, Phypers, Roberts, Stempel, Tse and Wisner, are hereinafter referred to collectively as the "AIG Defendants"), and

WHEREAS, motions to dismiss have been fully briefed in the New York State Derivative Action, but oral argument has been postponed until September 30, 2010, in light of the agreement reflected herein, and

WHEREAS, C.V. Starr & Company, Inc. ("C.V. Starr"), Starr International Company, Inc. ("SICO"), Cantwell, Castelli, Coello, Greenberg, Jacobson, Matthews, Milton, Mohs, Murphy, Radke, Smith, Sullivan, Tateossian, Tizzio and Umansky (collectively, the "D&O Beneficiaries"), the Delaware Derivative Plaintiffs, and the derivative plaintiffs in the New York State Derivative Action, the New York Federal Consolidated Derivative Action, *Bassman*, and *Kleinhandler* (together with the D&O Beneficiaries and the AIG Cross-Claim/Third Party Defendants, the "Parties") desire to resolve the disputes pending in the Delaware Derivative Action; the New York State Derivative Action; the New York Federal Consolidated Derivative Action; the New York State Derivative Action; *Bassman*; and *Kleinhandler* (collectively, the "Derivative Cases"), and

WHEREAS, AIG, C.V. Starr, SICO, Greenberg and Smith executed a Memorandum of Understanding, dated November 25, 2009 (the "November 25, 2009 MOU"), and

WHEREAS, on February 5, 2010, pursuant to the November 25, 2009 MOU, AIG, Greenberg and Smith filed a Stipulation and Notice of Voluntary Dismissal with Prejudice in the Delaware Derivative Action providing that the direct claims asserted in the action by AIG against Greenberg and Smith were dismissed with prejudice, and

WHEREAS, the Parties to the instant agreement (the "Agreement") and AIG collectively have claims pending against a 2004-2005 D&O insurance tower with a coverage limit of $200,000,000 (two hundred million dollars) (the "D&O Insurance Tower"), and

WHEREAS, the Parties and AIG have aggregate claims against the D&O Insurance Tower substantially in excess of the $200,000,000 (two hundred million dollars) of insurance coverage provided by the D&O Insurance Tower, and

WHEREAS, the insurance companies that provide coverage under the D&O Insurance Tower (the "D&O Carriers") dispute that the D&O Insurance Tower is available to pay the claims made under the policies, and

WHEREAS, the Parties desire to resolve their disputes, including disputes regarding the appropriate allocation of their respective rights to the D&O Insurance Tower, and

WHEREAS, counsel for Greenberg and Smith participated in a mediation (the "Mediation") with counsel for AIG, counsel for the Delaware Derivative Plaintiffs, and representatives of the D&O Carriers on February 10 and 11, 2010 and March 16, 2010 before the Hon. Layn R. Phillips (ret.) in order to resolve their disputes regarding the D&O Insurance Tower pursuant to the understandings and agreements set forth herein, and

WHEREAS, the Parties have agreed to a settlement ("Settlement") of the claims between and among them in the Derivative Cases, on the terms set forth herein, and

WHEREAS, the institution and prosecution of the Derivative Cases was a material factor in securing the Settlement Amount, as set forth in Paragraph 1 below;

NOW, THEREFORE, IT IS HEREBY AGREED by and among the Parties, that:

1.      This Agreement is conditioned upon execution of and compliance with a written settlement agreement under which the D&O Carriers pay $90 million (ninety million dollars) (the "Settlement Amount") of the proceeds under the D&O Insurance Tower into an interest-bearing escrow account (the "escrow account") maintained by counsel for the Delaware Derivative Plaintiffs for the benefit of AIG, and $60 million (sixty million dollars) of the proceeds under the D&O Insurance Tower to Greenberg and Smith jointly. No provision of this Agreement shall be effective until such payment is made.

2.     Within twenty days of the execution of this Agreement and the D&O Carriers depositing the Settlement Amount in the escrow account, whichever is later:

(a)     The Delaware Derivative Plaintiffs shall request approval by the Court of Chancery of a form of notice to be provided to AIG's shareholders to inform them of the Settlement in accordance with Court of Chancery Rule 23.1(c), and shall request a hearing date at the earliest convenience of the Court to consider the Delaware Derivative Plaintiffs' request for approval of the Settlement and for dismissal of the Delaware Derivative Action against the D&O Beneficiaries and the AIG Defendants with prejudice, and

(b)     The plaintiffs in the New York Federal Consolidated Derivative Action, *Kleinhandler*, *Bassman*, and the New York State Derivative Action shall request a stay, to the extent such a stay is not already in place, of all proceedings in those actions with respect to any claims against the D&O Beneficiaries and the AIG Defendants, pending a decision by the Court of Chancery on whether to approve the Settlement.

3.     If the Court of Chancery approves the Settlement and dismisses the Delaware Derivative Action with prejudice against the D&O Beneficiaries and the AIG Defendants, then, within ten days after entry of such order(s) the plaintiffs in the New York Federal Consolidated Derivative Action, *Kleinhandler*, *Bassman*, and the New York State Derivative Action shall request dismissal of those actions against the D&O Beneficiaries and the AIG Defendants with prejudice, in light of the notice to AIG's shareholders that was provided in the Delaware Derivative Action and the Court of Chancery's approval of the Settlement (including the releases set forth in Paragraphs 6 through 8 herein).

4.     For the purposes of this Agreement, the term "Final Settlement Date" means the date on which each of the following has occurred:  (a) the Court of Chancery has approved the Settlement, including the releases set forth in Paragraphs 6 through 8 herein, and has entered an order or judgment dismissing the Delaware Derivative Action against the D&O Beneficiaries and the AIG Defendants with prejudice; (b) the Courts in the New York Federal Consolidated Derivative Action, *Kleinhandler*, *Bassman*, and the New York State Derivative Action have entered orders or judgments dismissing with prejudice each of the actions against the D&O Beneficiaries and the AIG Defendants; (c) the time for taking an appeal from the dismissal of any of the Derivative Cases against the D&O Beneficiaries and the AIG Defendants has expired, or, if any appeal is taken, the date on which all appeals, including petitions for rehearing or reargument, petitions for writ of review, and petitions for certiorari or any other form of review, have been finally disposed of (whether through expiration of time to file, denial of any request for review, by affirmance on the merits, or otherwise) in a manner that does not result in any material alteration of the orders or judgments of dismissal; and (d) any awards of attorneys' fees and/or expenses in any of the Derivative Cases have been made and are in accordance with Paragraphs 11 through 13 herein.

9

5.       Upon the Final Settlement Date, counsel for the Delaware Derivative Plaintiffs shall cause the Settlement Amount (including any interest thereon) to be remitted to AIG, less (i) any applicable taxes and other costs of maintaining the escrow account, (ii) any attorneys' fees and expenses as are awarded to counsel for any of the plaintiffs in the Derivative Cases (and any applicable interest thereon), subject to the limitations of Paragraphs 11 through 13 herein, to the extent not already paid in accordance with Paragraphs 11 and 13, and (iii) the costs of providing notice of the Settlement to AIG's stockholders. With the exception of the costs described in (i) and (iii) above and except as permitted in Paragraphs 11 and 13, no monies may be removed from the escrow account for any purpose prior to the Final Settlement Date.

6.       Upon the Final Settlement Date, the plaintiffs in the Derivative Cases (not to include AIG), derivatively on behalf of AIG, thereby release and forever discharge the D&O Beneficiaries and all other current and former AIG officers, directors and employees, including Aidinoff, Broad, Bensinger, Chia, M. Cohen, W. Cohen, Conable, Crandall, Dooley, Feldstein, Futter, Gonda, Graf, E. Greenberg, Hammerman, Hills, Hoenemeyer, Holbrooke, Kanak, Miles, Moor, Neuger, Petralito, Phypers, Roberts, Stempel, Sullivan, Tse, Wintrob, Wisner and Zarb, from any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, known or unknown, that were brought, could have been brought, or should have been brought in a derivative capacity at any point from the beginning of time through the date of this Agreement on behalf of AIG, and that arise out of or relate in any way to the allegations made in the First Amended Combined Complaint, the complaint filed in the New York State Derivative Action, the complaint filed in the New York Federal Consolidated Derivative Action, the complaints filed in *Bassman* and *Kleinhandler*, or to any of the events or transactions that were the subject of the First Amended Combined Complaint, the complaint filed in the New York State Derivative Action, the complaint filed in the New York Federal Consolidated Derivative Action, or the complaints filed in *Bassman* and *Kleinhandler*. Nothing in this Agreement is intended to, nor shall it be construed as, a release of any claims against any persons other than the D&O Beneficiaries and other current and former AIG officers, directors and employees. Nothing in this Agreement is intended to, nor shall it be construed as, a release by the plaintiffs in the Derivative Cases of any claims they may have as members of the class in the Securities Litigation. In addition, for the avoidance of doubt, the released claims do not include any claims that have been asserted in the currently pending complaints or that arise from any appeals stemming therefrom in *Bible v. Liddy, et al.*, C.A. No. BC410879 (pending in California Superior Court, Los Angeles County); *City of New Orleans Employees' Retirement System v. Bensinger, et al.*, C.A. No. 4042-VCS (pending in the Delaware Court of Chancery, New Castle County); *Grill v. Bollenbach, et al.*, C.A. No. 650150 (pending in New York Supreme Court, New York County); *Hauber v. Sullivan, et al.*, C.A. No. 08-003951 (pending in New York Supreme Court, Nassau County); *In Re American International Group, Inc.*, 2007 Derivative Litigation, Lead Case No. 07-CV-10464 (S.D.N.Y.) (LAP) (previously pending in the United States District Court for the Southern District of New York and currently on appeal before the United States Court of Appeals for the Second Circuit); *John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere Backe Children's Trust v.*

*Cassano, et al.*, C.A. No. 4290-VCS (pending in the Delaware Court of Chancery, New Castle County); or *Pride Invs., Inc. v. Bensinger, et al.*, C.A. No. BC426595 (pending in California Superior Court, Los Angeles County).

       7.     Upon the Final Settlement Date, the D&O Beneficiaries thereby release and forever discharge each other and the plaintiffs in the Derivative Cases (not to include AIG) from any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, known or unknown, that were brought, could have been brought, or should have been brought at any point from the beginning of time through the date of this Agreement, and that arise out of or relate in any way to the allegations made in the First Amended Combined Complaint, the complaint filed in the New York State Derivative Action, the complaint filed in the New York Federal Consolidated Derivative Action, the complaints filed in *Bassman* and *Kleinhandler*, or to any of the events or transactions that were the subject of the First Amended Combined Complaint, the complaint filed in the New York State Derivative Action, the complaint filed in the New York Federal Consolidated Derivative Action, or the complaints filed in *Bassman* and *Kleinhandler*, including claims brought derivatively on behalf of AIG. This release shall not affect, and is not intended to affect, any rights or obligations between or among the D&O Beneficiaries under other agreements between or among them, including, but not limited to, employment separation agreements and pension or investment rights and obligations.

       8.     Upon the Final Settlement Date, the D&O Beneficiaries, on the one hand, and the AIG Cross-Claim/Third Party Defendants, on the other hand, thereby release and forever discharge each other from any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, known or unknown, that were brought, could have been brought, or should have been brought at any point from the beginning of time through the date of this Agreement, and that arise out of or relate in any way to the allegations made in the First Amended Combined Complaint, the complaint filed in the New York State Derivative Action, the complaint filed in the New York Federal Consolidated Derivative Action, the complaints filed in *Bassman* and *Kleinhandler*, or to any of the events or transactions that were the subject of the First Amended Combined Complaint, the complaint filed in the New York State Derivative Action, the complaint filed in the New York Federal Consolidated Derivative Action, or the complaints filed in *Bassman* and *Kleinhandler*, including claims brought derivatively on behalf of AIG and third party and cross claims brought by Greenberg and/or Smith. This release shall not affect, and is not intended to affect, any rights or obligations between or among the D&O Beneficiaries and the AIG Cross-Claim/Third Party Defendants under other agreements between or among them, including, but not limited to, employment separation agreements and pension or investment rights and obligations.

       9.     Nothing in this Agreement is intended to be, nor shall it be construed to be, a release of any claims by the D&O Beneficiaries against any insurance coverage to which they may be entitled, which is a matter that the D&O Beneficiaries intend to address separately in the written settlement agreement with the D&O Carriers described in Paragraph 1 herein. This Agreement also does not affect, nor shall it be

construed to affect, any rights that the D&O Beneficiaries or any of the AIG Defendants may have to indemnification or advancement.

           10.     It is intended and agreed by the Parties that the damages which may be recovered derivatively on behalf of AIG by the plaintiffs in the Derivative Cases against tortfeasors other than the D&O Beneficiaries shall be reduced to the extent of the pro rata share of the D&O Beneficiaries. The foregoing language is intended to comply with 10 Del. C. § 6304(b) and NY CPLR § 15-108, to the extent applicable, so as to preclude any liability of any of the D&O Beneficiaries to any other alleged tortfeasors, for contribution or otherwise; and any language of this release inconsistent with such intent or with the requirements of 10 Del. C. § 6304(b) and NY CPLR § 15-108 for the execution of such intent shall be void and of no consequence, and in place thereof it is agreed that it shall be considered that this document contains such other language, if any, as is necessary to make effectual the express intent of the parties as aforementioned.

           11.     Counsel for the Delaware Derivative Plaintiffs agree that they will seek, on behalf of all counsel in the Delaware Derivative Action and any of the cases consolidated therein, an award from the Court of Chancery of attorneys' fees of no more than 22.5 percent of the Settlement Amount, plus no more than $1,000,000 in expenses, to be used to pay for any awards of attorneys' fees and expenses in the Delaware Derivative Action and any of the cases consolidated therein. Counsel for the Delaware Derivative Plaintiffs shall request that the court's order awarding such fees and expenses specify that any fees and expenses so awarded fully satisfy any obligation by AIG to pay any attorneys' fees and/or expenses in the Delaware Derivative Action or any of the cases consolidated therein. The D&O Beneficiaries and AIG agree to take no position on this fee and expense request. The plaintiffs and plaintiffs' counsel in the New York Federal Consolidated Derivative Action, *Bassman*, and *Kleinhandler* played no part in any negotiations surrounding any request for fees and expenses by counsel for the plaintiffs in the Delaware Derivative Action, and take no position on this request. The Parties acknowledge and agree that any fees and expenses awarded to counsel for the Delaware Derivative Plaintiffs shall be paid from the escrow account to the Delaware Derivative Plaintiffs' counsel within five (5) business days after entry of the order awarding such attorneys' fees or expenses, notwithstanding the existence of any timely filed objections to that order, or potential for appeal therefrom, or any collateral attack on the Settlement or any part thereof; provided, however, that (a) in the event that the Final Settlement Date does not occur such that the Settlement Amount must be returned to the D&O Carriers, the Delaware Derivative Plaintiffs' counsel shall, within five (5) business days after receiving notice from AIG or the D&O Carriers, return to the escrow account the full amount withdrawn plus accrued interest at the same net rate as was earned by the escrow account; and (b) in the event that the award of fees and expenses to the Delaware Derivative Plaintiffs' counsel is reduced, reversed or otherwise modified, whether on appeal, further proceedings on remand, successful collateral attack or otherwise, then the Delaware Derivative Plaintiffs' counsel shall, within five (5) business days after receiving notice of any such reduction, reversal or other modification, return to the escrow account (or to AIG, if the balance in the escrow account has already been remitted to AIG) the difference between the amount initially

awarded and any amount ultimately and finally awarded, plus accrued interest at the same net rate as was earned by the escrow account.

12.     Provided that the Court of Chancery awards attorneys' fees and expenses in the full amount requested by the Delaware Derivative Plaintiffs' counsel in accordance with Paragraph 11 above, counsel for the plaintiffs in the New York State Derivative Action agree not to seek any award of attorneys' fees or expenses in the New York State Derivative Action. In the event that the Court of Chancery awards attorneys' fees and expenses less than the amount requested, counsel for the plaintiffs in the New York State Derivative Action may request an award of attorneys' fees and/or expenses in that action sufficient to make the total amount awarded in the Delaware Derivative Action and the New York State Derivative Action equal to the amount requested in the Delaware Derivative Action in accordance with Paragraph 11. The D&O Beneficiaries, AIG, and the plaintiffs and plaintiffs' counsel in the New York Federal Consolidated Derivative Action, *Bassman*, and *Kleinhandler* agree to take no position on this fee and expense request.

13.     Separate and apart from the fees and expenses to be requested in the Delaware Derivative Action and the New York State Derivative Action, counsel for the plaintiffs in the New York Federal Consolidated Derivative Action agree that they will seek, on behalf of all counsel in the New York Federal Consolidated Derivative Action, any of the cases consolidated therein, *Bassman*, and *Kleinhandler*, a fee of no more than $2,500,000 to be used to pay for any awards of attorneys' fees and expenses in the New York Federal Consolidated Derivative Action, any of the cases consolidated therein, *Bassman*, and/or *Kleinhandler*. Counsel for the plaintiffs in the New York Federal Consolidated Derivative Action shall request that the court's order awarding such fees and expenses specify that any fees and expenses so awarded fully satisfy any obligation by AIG to pay any attorneys' fees and/or expenses in the New York Federal Consolidated Derivative Action, any of the cases consolidated therein, *Bassman*, and/or *Kleinhandler*. The D&O Beneficiaries and AIG agree to take no position on this fee and expense request. The Delaware Derivative Plaintiffs and their counsel played no part in any negotiations surrounding any request for fees and expenses by counsel for the plaintiffs in the New York Federal Consolidated Derivative Action, and take no position on this request. The Parties acknowledge and agree that any fees and expenses awarded to counsel for the plaintiffs in the New York Federal Consolidated Derivative Action shall be paid from the escrow account to such counsel within five (5) business days after entry of the order awarding such attorneys' fees or expenses, notwithstanding the existence of any timely filed objections to that order, or potential for appeal therefrom, or any collateral attack on the Settlement or any part thereof; provided, however, that (a) in the event that the Final Settlement Date does not occur such that the Settlement Amount must be returned to the D&O Carriers, counsel for the plaintiffs in the New York Federal Consolidated Derivative Action shall, within five (5) business days after receiving notice from AIG or the D&O Carriers, return to the escrow account the full amount withdrawn plus accrued interest at the same net rate as was earned by the escrow account; and (b) in the event that the award of fees and expenses to the counsel for the plaintiffs in the New York Federal Consolidated Derivative Action is reduced, reversed or otherwise modified, whether on appeal, further

13

proceedings on remand, successful collateral attack or otherwise, then counsel for the plaintiffs in the New York Federal Consolidated Derivative Action shall, within five (5) business days after receiving notice of any such reduction, reversal or other modification, return to the escrow account (or to AIG, if the balance in the escrow account has already been remitted to AIG) the difference between the amount initially awarded and any amount ultimately and finally awarded, plus accrued interest at the same net rate as was earned by the escrow account.

14.      The Parties agree that the Hon. Layn R. Phillips (or, if he is unable to serve, the Hon. Daniel Weinstein) will have exclusive and binding authority to interpret and resolve any disputes in whole or in part arising from, or relating to, this Agreement.

15.      The Parties agree that the escrow account is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that counsel for the Delaware Derivative Plaintiffs, as administrators of the escrow account within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the escrow account.  All taxes on the income earned on the Settlement Amount shall be paid out of the Settlement Amount and counsel for the Delaware Derivative Plaintiffs shall also be solely responsible for causing payment to be made from the Settlement Amount of any taxes owed with respect to the Settlement Amount.

_David Boies_
David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
*On behalf of Maurice R. Greenberg, C.V. Starr & Co., Inc, and Starr International Company, Inc.*

Dated: _25 August 2010_


_____
Vincent A. Sama
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
*On behalf of Howard I. Smith*

Dated: _____

14

proceedings on remand, successful collateral attack or otherwise, then counsel for the plaintiffs in the New York Federal Consolidated Derivative Action shall, within five (5) business days after receiving notice of any such reduction, reversal or other modification, return to the escrow account (or to AIG, if the balance in the escrow account has already been remitted to AIG) the difference between the amount initially awarded and any amount ultimately and finally awarded, plus accrued interest at the same net rate as was earned by the escrow account.

14.    The Parties agree that the Hon. Layn R. Phillips (or, if he is unable to serve, the Hon. Daniel Weinstein) will have exclusive and binding authority to interpret and resolve any disputes in whole or in part arising from, or relating to, this Agreement.

15.    The Parties agree that the escrow account is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that counsel for the Delaware Derivative Plaintiffs, as administrators of the escrow account within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the escrow account.  All taxes on the income earned on the Settlement Amount shall be paid out of the Settlement Amount and counsel for the Delaware Derivative Plaintiffs shall also be solely responsible for causing payment to be made from the Settlement Amount of any taxes owed with respect to the Settlement Amount.

_____

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
*On behalf of Maurice R. Greenberg, C.V. Starr & Co., Inc, and Starr International Company, Inc.*

Dated: _____

_____

Vincent A. Sama
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
*On behalf of Howard I. Smith*

Dated: _Augꞩst 24, 2010_

14

John Gardiner
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
*On behalf of Edward Matthews*

Dated: 8/25/2010

_____
Stuart M. Grant
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, Delaware 19801
*On behalf of Teachers Retirement System of Louisiana, and as Lead Counsel in the*
*Delaware Derivative Action, on behalf of Paula Rosen; Thomas McAdam; Bruce G.*
*Murphy; and Jerome Kaplan, Trustee, Trust of Edith J. Kaplan*


Dated: _____

_____
Peter C. Harrar
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
*On behalf of the City of New Orleans Employees' Retirement*
*System and John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere*
*Backe Children's Trust, and as Lead Counsel in the Delaware Derivative Action, on behalf*
*of Paula Rosen; Thomas McAdam; Bruce G. Murphy; and Jerome Kaplan, Trustee, Trust*
*of Edith J. Kaplan*


Dated: _____

_____
Brian J. Robbins
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, California 92101
*On behalf of Marilyn Clark, and as Lead Counsel in the New York Federal Consolidated*
*Derivative Action, on behalf of Gail Fink, Maxine Marcus, Pirelli Armstrong Tire Corporation*
*Retiree Medical Benefits Trust and Dr. Frederick Hauber*


Dated: _____

15

John Gardiner
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
*On behalf of Edward Matthews*

Dated:

Stuart M. Grant
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, Delaware 19801
*On behalf of Teachers Retirement System of Louisiana, and as Lead Counsel in the*
*Delaware Derivative Action, on behalf of Paula Rosen; Thomas McAdam; Bruce G.*
*Murphy; and Jerome Kaplan, Trustee, Trust of Edith J. Kaplan*

Dated: August 20, 2010

Peter C. Harrar
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
*On behalf of the City of New Orleans Employees' Retirement*
*System and John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere*
*Backe Children's Trust, and as Lead Counsel in the Delaware Derivative Action, on behalf*
*of Paula Rosen; Thomas McAdam; Bruce G. Murphy; and Jerome Kaplan, Trustee, Trust*
*of Edith J. Kaplan*

Dated: August 20, 2010

Brian J. Robbins
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, California 92101
*On behalf of Marilyn Clark, and as Lead Counsel in the New York Federal Consolidated*
*Derivative Action, on behalf of Gail Fink, Maxine Marcus, Pirelli Armstrong Tire Corporation*
*Retiree Medical Benefits Trust and Dr. Frederick Hauber*

Dated: _____

15

_____
John Gardiner
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
*On behalf of Edward Matthews*

Dated: _____

_____
Stuart M. Grant
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, Delaware 19801
*On behalf of Teachers Retirement System of Louisiana, and as Lead Counsel in the*
*Delaware Derivative Action, on behalf of Paula Rosen; Thomas McAdam; Bruce G.*
*Murphy; and Jerome Kaplan, Trustee, Trust of Edith J. Kaplan*

Dated: _____

_____
Peter C. Harrar
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
*On behalf of the City of New Orleans Employees' Retirement*
*System and John Paul Fulco, Trustee f/b/o Lucia Forastiere Irrevocable June Forastiere*
*Backe Children's Trust, and as Lead Counsel in the Delaware Derivative Action, on behalf*
*of Paula Rosen; Thomas McAdam; Bruce G. Murphy; and Jerome Kaplan, Trustee, Trust*
*of Edith J. Kaplan*

Dated: _____

_____
Brian J. Robbins
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, California 92101
*On behalf of Marilyn Clark, and as Lead Counsel in the New York Federal Consolidated*
*Derivative Action, on behalf of Gail Fink, Maxine Marcus, Pirelli Armstrong Tire Corporation*
*Retiree Medical Benefits Trust and Dr. Frederick Hauber*

Dated: __8/18/10_____

_[signature]_

Scott W. Fisher
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
New York, New York 10036
_On behalf of David M. Klemhandler_

Dated AUGUST 16, 2010

_____   _____
Richard D. Greenfield
GREENFIELD & GOODMAN LLC
250 Hudson Street, 8th Floor
New York, New York 10013
_On behalf of R S Bassman_

Dated _____   __  __

_____   __  ___  __
David M. Murphy
Meredith L. Turner
WACHTEL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
_On behalf of Martin J. Sullivan_

Dated _____   ___

_____   _____
Charles I. Poret
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
_On behalf of Michael J. Castelli_

Dated _____   __  _____

---

Scott W. Fisher
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
New York, New York 10036
*On behalf of David M. Kleinhandler*

Dated: _____

_____
Richard D. Greenfield
GREENFIELD & GOODMAN LLC
250 Hudson Street, 8th Floor
New York, New York 10013
*On behalf of R.S. Bassman*

Dated  8-18-10

---

David M. Murphy
Meredith L. Turner
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
*On behalf of Martin J. Sullivan*

Dated  _____

Charles I. Poret
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
*On behalf of Michael J. Castelli*

Dated  _ _

16

_____
Scott W. Fisher
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
New York, New York 10036
*On behalf of David M. Kleinhandler*


Dated: _____



_____
Richard D. Greenfield
GREENFIELD & GOODMAN LLC
250 Hudson Street, 8th Floor
New York, New York 10013
*On behalf of R.S. Bassman*


Dated: _____


_____
David M. Murphy
Meredith L. Turner
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
*On behalf of Martin J. Sullivan*

Dated: __8/23/10_____



_____
Charles I. Poret
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
*On behalf of Michael J. Castelli*


Dated: _____

16

_____
Scott W. Fisher
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
New York, New York 10036
*On behalf of David M. Kleinhandler*

Dated: _____


_____
Richard D. Greenfield
GREENFIELD & GOODMAN LLC
250 Hudson Street, 8th Floor
New York, New York 10013
*On behalf of R.S. Bassman*

Dated: _____


_____
David M. Murphy
Meredith L. Turner
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
*On behalf of Martin J. Sullivan*

Dated: _____

_____
Charles I. Poret
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
*On behalf of Michael J. Castelli*

Dated: _August 18, 2010_

16

Frederick P. Hafetz
Tracy E. Sivitz
HAFETZ NECHELES & ROCCO
500 Fifth Avenue, 29th Floor
New York, New York 10110
*On behalf of Christian M. Milton*

Dated: ___8 - 19 - 10___


_____
Brian McDonough
Todd Schiltz
DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005
*On behalf of Vincent Cantwell*

Dated: _____


_____
Craig D. Singer
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*On behalf of L. Michael Murphy*

Dated: _____


_____
Michael S. Kim
Steven W. Perlstein
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
*On behalf of Thomas R. Tizzio and Karen J. Radke*

Dated: _____


17

Frederick P. Hafetz
Tracy E. Sivitz
HAFETZ NECHELES & ROCCO
500 Fifth Avenue, 29th Floor
New York, New York 10110
*On behalf of Christian M. Milton*

Dated: _____

_____
Brian McDonough
Todd Schiltz
DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005
*On behalf of Vincent Cantwell*

Dated: _8/18/10_____

_____
Craig D. Singer
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*On behalf of L. Michael Murphy*

Dated: _____

_____
Michael S. Kim
Steven W. Perlstein
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
*On behalf of Thomas R. Tizzio and Karen J. Radke*

Dated: _____

17

Frederick P. Hafetz
Tracy E. Sivitz
HAFETZ NECHELES & ROCCO
500 Fifth Avenue, 29th Floor
New York, New York 10110
*On behalf of Christian M. Milton*

Dated: _____ ____


Brian McDonough
Todd Schiltz
DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005
*On behalf of Vincent Cantwell*

Dated: _____

Craig D. Singer
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*On behalf of L. Michael Murphy*

Dated: _____


Michael S. Kim
Steven W. Perlstein
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
*On behalf of Thomas R. Tizzio and Karen J. Radke*

Dated: _____

17

_____
Frederick P. Hafetz
Tracy E. Sivitz
HAFETZ NECHELES & ROCCO
500 Fifth Avenue, 29th Floor
New York, New York 10110
*On behalf of Christian M. Milton*

Dated: _____


_____
Brian McDonough
Todd Schiltz
DRINKER BIDDLE & REATH LLP
140 Broadway, 39th Floor
New York, New York 10005
*On behalf of Vincent Cantwell*

Dated: _____


_____
Craig D. Singer
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*On behalf of L. Michael Murphy*

Dated: _____


_____
Michael S. Kim
Steven W. Perlstein
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
*On behalf of Thomas R. Tizzio and Karen J. Radke*

Dated: _____8/19/2010_____

17

_(signature)_

Nicholas M. De Feis
Allison Menkes
DE FEIS O'CONNELL & ROSE, P.C.
500 Fifth Avenue, 26th Floor
New York, New York 10110
_On behalf of Carlos Coello_

Dated: _(handwritten)_


_____
Paul Hugel
CLAYMAN & ROSENBERG
305 Madison Avenue
New York, New York 10165
_On behalf of Joseph Umansky_

Dated: _____


_____
Jamison A. Diehl
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
_On behalf of Robert P. Jacobson_

Dated: _____


_____
Jeffrey Lichtman
750 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 581-1001
_On behalf of John Mohs_

Dated: _____

18

Nicholas M. De Feis
Allison Menkes
DE FEIS O'CONNELL & ROSE, P.C.
500 Fifth Avenue, 26th Floor
New York, New York  10110
*On behalf of Carlos Coello*

Dated: _____

Paul Hugel
CLAYMAN & ROSENBERG
305 Madison Avenue
New York, New York  10165
*On behalf of Joseph Umansky*

Dated: *Aug. 19, 2010*

_____

Jamison A. Diehl
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York  10036
*On behalf of Robert P. Jacobson*

Dated: _____

_____

Jeffrey Lichtman
750 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 581-1001
*On behalf of John Mohs*

Dated: _____

18

---

Nicholas M. De Feis
Allison Menkes
DE FEIS O'CONNELL & ROSE, P.C.
500 Fifth Avenue, 26th Floor
New York, New York 10110
*On behalf of Carlos Coello*

Dated: _____

---

Paul Hugel
CLAYMAN & ROSENBERG
305 Madison Avenue
New York, New York 10165
*On behalf of Joseph Umansky*

Dated: _____

Jamison A. Diehl
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
*On behalf of Robert P. Jacobson*

Dated: 8/20/10

---

Jeffrey Lichtman
750 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 581-1001
*On behalf of John Mohs*

Dated: _____

18

_____

Nicholas M. De Feis
Allison Menkes
DE FEIS O'CONNELL & ROSE, P.C.
500 Fifth Avenue, 26th Floor
New York, New York  10110
*On behalf of Carlos Coello*

Dated: _____


_____

Paul Hugel
CLAYMAN & ROSENBERG
305 Madison Avenue
New York, New York  10165
*On behalf of Joseph Umansky*

Dated: _____


_____

Jamison A. Diehl
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York  10036
*On behalf of Robert P. Jacobson*

Dated: _____

_____

Jeffrey Lichtman
750 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 581-1001
*On behalf of John Mohs*

Dated: _____

Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
152 W. 57th Street, Suite 24C
New York, New York 10019
*On behalf of Jean-Baptist Tateossian*

Dated: 8/13/2010

---

James G. Gamble
SIMPSON, THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*On behalf of Bernard Aidinoff, Marshall A. Cohen, Martin Feldstein, Ellen Futter, Stephen Hammerman, Richard Holbrooke, George Miles and Frank Zarb*

Dated: _____

---

Joseph De Simone
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
*On behalf of Stephen Bensinger, William Dooley, Win Neuger and Jay Wintrob*

Dated: _____

---

Dennis P. Orr
Stefan W. Engelhardt
MORRISON & FOERSTER, LLP
1290 Avenue of the Americas
New York, New York 10104
*On behalf of Kristian Moor and Edmund Tse*

Dated: _____

---

Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
152 W. 57th Street, Suite 24C
New York, New York  10019
*On behalf of Jean-Baptist Tateossian*

Dated: _____

---

James G. Gamble
SIMPSON, THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
*On behalf of Bernard Aidinoff, Marshall A. Cohen, Martin Feldstein, Ellen Futter, Stephen Hammerman, Richard Holbrooke, George Miles and Frank Zarb*

Dated: _____

---

Joseph De Simone
MAYER BROWN LLP
1675 Broadway
New York, New York  10019
*On behalf of Stephen Bensinger, William Dooley, Win Neuger and Jay Wintrob*

Dated: _____

---

Dennis P. Orr
Stefan W. Engelhardt
MORRISON & FOERSTER, LLP
1290 Avenue of the Americas
New York, New York 10104
*On behalf of Kristian Moor and Edmund Tse*

Dated: _____

19

---

Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
152 W. 57th Street, Suite 24C
New York, New York 10019
*On behalf of Jean-Baptist Tateossian*

Dated: _____

---

James G. Gamble
SIMPSON, THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*On behalf of Bernard Aidinoff, Marshall A. Cohen, Martin Feldstein, Ellen Futter, Stephen Hammerman, Richard Holbrooke, George Miles and Frank Zarb*

Dated: _____

_____
Joseph De Simone
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
*On behalf of Stephen Bensinger, William Dooley, Win Neuger and Jay Wintrob*

Dated: _8/19/10_____

---

Dennis P. Orr
Stefan W. Engelhardt
MORRISON & FOERSTER, LLP
1290 Avenue of the Americas
New York, New York 10104
*On behalf of Kristian Moor and Edmund Tse*

Dated: _____

19

_____
Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
152 W. 57th Street, Suite 24C
New York, New York 10019
*On behalf of Jean-Baptist Tateossian*

Dated: _____


_____
James G. Gamble
SIMPSON, THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
*On behalf of Bernard Aidinoff, Marshall A. Cohen, Martin Feldstein, Ellen Futter, Stephen Hammerman, Richard Holbrooke, George Miles and Frank Zarb*

Dated: _____


_____
Joseph De Simone
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
*On behalf of Stephen Bensinger, William Dooley, Win Neuger and Jay Wintrob*

Dated: _____

_____
Dennis P. Orr
Stefan W. Engelhardt
MORRISON & FOERSTER, LLP
1290 Avenue of the Americas
New York, New York 10104
*On behalf of Kristian Moor and Edmund Tse*

Dated: ___AUGUST 17, 2010___

Consented to by:

Daniel J. Kramer
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
*On behalf of American International Group, Inc.*

EFiled:  Sep 30 2008  3:44PM EDT
Transaction ID 21768486
Case No. 20106-VCS

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TEACHERS' RETIREMENT SYSTEM OF LOUISIANA, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 20106-VCS |
| v. | ) ) | |
| MAURICE R. GREENBERG, EDWARD E. MATTHEWS, HOWARD I. SMITH, THOMAS R. TIZZIO, and C.V. STARR & CO., INC., | ) ) ) ) ) | |
| Defendants, | ) ) | |
| -and- | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation, | ) ) ) | |
| Nominal and Cross-Claim Defendant. | ) | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") is made and entered into by:  (i) nominal defendant American International Group, Inc. ("AIG" or the "Company"); (ii) plaintiff Teachers' Retirement System of Louisiana, individually and derivatively on behalf of AIG, ("TRSL"); and (iii) defendants Maurice R. Greenberg, Edward E. Matthews, Howard I. Smith, Thomas R. Tizzio (collectively, the "Director Defendants"), and C.V. Starr & Co., Inc. ("C.V. Starr") (together with the Director Defendants,  the "Defendants"). The Parties intend for this Stipulation to fully, finally, and forever resolve, discharge, and settle the Derivative Action and

any and all AIG and Defendant Released Claims upon and subject to the terms and conditions
herein, with each of the foregoing terms used as defined in Part I, *infra*.

## RECITALS

**WHEREAS**, on December 31, 2002, TRSL filed a stockholder derivative
complaint (the "Initial Complaint") in an action styled, *Teachers' Retirement System of
Louisiana v. Aidinoff, et al.*, C.A. No. 20106-NC (the "Derivative Action"), in the Court of
Chancery of the State of Delaware (the "Court");

**WHEREAS**, the defendants named in the Initial Complaint were AIG directors
M. Bernard Aidinoff, Eli Broad, Pei-Yuan Chia, Marshall A. Cohen, Barber B. Conable, Jr.,
Robert L. Crandall, Martin S. Feldstein, Ellen V. Futter, Maurice R. Greenberg, Carla A. Hills,
Frank J. Hoenemeyer, Richard C. Holbrooke, Edward E. Matthews, Howard I. Smith, Martin J.
Sullivan, Thomas R. Tizzio, Edmund S. W. Tse, Jay S. Wintrob, Frank G. Wisner, and Frank G.
Zarb;

**WHEREAS**, the Initial Complaint alleged that during the years 1999 through
2001, AIG's directors breached their fiduciary duties to AIG in connection with the payment of
commissions for the production of insurance business to certain managing general agencies (the
"Starr Agencies") owned by C.V. Starr, a private company then owned by, among others, the
Director Defendants, and the payment of service and rental fees to Starr International Company,
Inc. ("SICO"), a private company then controlled by, among others, the Director Defendants;

**WHEREAS**, on December 31, 2002, Mr. Matthews retired from his position as
Senior Vice Chairman of Investments and Financial Services of AIG;

2

**WHEREAS**, on January 7, 2003, the AIG Board of Directors (the "AIG Board") formed a special litigation committee ("SLC") consisting of two non-management directors of AIG who had no financial interest in C.V. Starr or SICO (Marshall A. Cohen and Frank J. Hoenemeyer) to investigate the claims asserted in the Derivative Action and to determine, among other things, whether pursuit of such claims would serve the best interests of AIG and its stockholders;

**WHEREAS**, the SLC retained two law firms (Weil Gotshal & Manges LLP and Morris, Nichols, Arsht & Tunnell) as well as an accounting advisor (KPMG LLP) and insurance industry advisor (Bernd G. Heinze) to assist the SLC in its investigation;

**WHEREAS**, on May 14, 2003, Mr. Tizzio resigned from the AIG Board;

**WHEREAS**, on May 14, 2003, Mr. Matthews resigned from the AIG Board;

**WHEREAS**, on August 14, 2003, the SLC issued a 146-page report ("First SLC Report") detailing its findings and filed a motion to terminate the Derivative Action;

**WHEREAS**, from August 2003 to May 2005, TRSL and the SLC engaged in discovery and briefing regarding the SLC's motion to terminate the Derivative Action;

**WHEREAS**, on March 14, 2005, Mr. Smith's employment with AIG ended;

**WHEREAS**, on March 14, 2005, Mr. Greenberg retired from his position as Chief Executive Officer of AIG and, on March 28, 2005, Mr. Greenberg retired from his position as Chairman of the AIG Board;

**WHEREAS**, on May 17, 2005, TRSL filed an amended complaint (the "Amended Complaint") that, *inter alia*, expanded the scope of the claims alleged in the Initial

3

Complaint to include the years 2002, 2003, 2004 and 2005 and added new defendants, including

C.V. Starr, to the case;

        **WHEREAS**, on May 27, 2005, the SLC requested that the Court postpone

scheduling of oral argument on the SLC's motion to terminate the Derivative Action in order to

facilitate settlement discussions among the parties;

        **WHEREAS**, on June 3, 2005, Mr. Smith resigned from the AIG Board;

        **WHEREAS**, on June 8, 2005, Mr. Greenberg resigned from the AIG Board;

        **WHEREAS**, on November 10, 2005, AIG director Michael Sutton was appointed

to the SLC to replace Frank Hoenemeyer, who had retired from the AIG Board;

        **WHEREAS**, on January 4, 2006, the SLC issued a second report to the AIG

Board in which the SLC determined to withdraw its motion to terminate the Derivative Action in

return for TRSL's agreement (i) to dismiss its claims with prejudice against all present and past

AIG directors who never owned C.V. Starr stock, and (ii) to dismiss its claims without prejudice

against all present and past AIG directors who owned C.V. Starr stock and who remained with

AIG following Mr. Greenberg's departure from AIG;

        **WHEREAS**, on February 16, 2006, the Court granted an order to which TRSL

and the SLC had stipulated whereby (i) the SLC withdrew its motion to terminate the

Derivative Action; (ii) the Derivative Action was dismissed with prejudice against defendants

Aidinoff, Broad, Chia, Cohen, Feldstein, Futter, Hills, Hoenemeyer, Wisner and Zarb; and (iii)

the Derivative Action was dismissed without prejudice with respect to defendants Kanak,

Sullivan, Tizzio, Tse, and Wintrob, although those dismissals would be converted to with

prejudice dismissals at the conclusion of the Derivative Action;

**WHEREAS**, on or about October 31, 2005, defendants Greenberg, Matthews, Smith and C.V. Starr filed motions to dismiss the Amended Complaint;

**WHEREAS**, on various dates in 2006, AIG terminated its relationship with each of the Starr Agencies and, shortly thereafter, each of the Starr Agencies entered new MGA relationships with insurance companies unaffiliated with AIG, including subsidiaries of Berkshire Hathaway, ACE, Chubb and Lloyds;

**WHEREAS**, on March 31, 2006, Mr. Tizzio's employment with AIG ended;

**WHEREAS**, on June 22, 2006, the Court granted in part and denied in part the defendants' motions to dismiss the Amended Complaint;

**WHEREAS**, on July 21, 2006, TRSL filed a second amended derivative complaint ("Second Amended Complaint") in the Derivative Action;

**WHEREAS**, between July 21, 2006 and June 11, 2008, the Parties conducted fact and expert discovery related to the claims set forth in the Second Amended Complaint, including producing over one million pages of documents and deposing 62 fact and expert witnesses;

**WHEREAS**, on April 20, 2007, defendants C.V. Starr, Greenberg, Matthews and Smith filed a motion for leave to file (i) a third-party complaint joining as defendants to the Derivative Action certain directors of AIG who were previously defendants in the Derivative Action as well as other officers and directors of AIG and/or its subsidiaries who participated in and/or benefited financially from the transactions challenged in the Derivative Action (the "Third-Party Complaint"), and (ii) a cross-claim against AIG relating to hundreds of millions of dollars in benefits Defendants contended AIG obtained as a result of its relationship with C.V. Starr (the "Cross-Claim");

5

**WHEREAS**, on June 13, 2007, the Court granted Defendants' motion for leave to file the Cross-Claim but denied the motion for leave to file the Third-Party Complaint;

**WHEREAS**, on February 19, 2008, pursuant to leave of Court first sought in November 2007, TRSL filed its third amended derivative complaint ("Third Amended Derivative Complaint") in the Action adding Thomas R. Tizzio as a defendant;

**WHEREAS**, the Director Defendants are former officers of AIG and members of the AIG Board, who served AIG as follows:

*Maurice R. Greenberg*: Director, 1967 - June 8, 2005; Chief Executive Officer, 1967 – March 14, 2005.

*Edward E. Matthews*: Director, 1973 - May 14, 2003; Senior Vice Chairman, Investments and Financial Services, 2001 – December 31, 2002.

*Howard I. Smith*: Director, 1997 – June 3, 2005; Executive Vice President, 1995 - March 14, 2005; Chief Financial Officer, 1996 - March 14, 2005.

*Thomas R. Tizzio*: Director, 1986 - May 14, 2003; Senior Vice Chairman, General Insurance, 1997 - March 31, 2006.

**WHEREAS**, the Third Amended Derivative Complaint asserts claims against the Director Defendants for breach of fiduciary duty and against C.V. Starr for aiding and abetting alleged breaches of fiduciary duties to AIG and for unjust enrichment;

**WHEREAS**, following the conclusion of fact and expert discovery, the Parties and the Insurance Carriers (as defined below) engaged in mediation under the auspices of the Honorable Nicholas H. Politan (U.S.D.J., D.N.J)(ret.), which mediation took place over a four month period;

**WHEREAS**, the trial in this action was scheduled to commence on September 15, 2008;

6

**WHEREAS**, TRSL, having thoroughly considered the facts and law underlying the Derivative Action, after weighing the costs and uncertainties of continued litigation against the likelihood of success, and taking into account the financial circumstances of AIG, has determined that it is in the best interests of the Company and its stockholders that the Derivative Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and that these terms and conditions are fair, reasonable, and adequate;

**WHEREAS**, Defendants, who believe they have substantial defenses to the claims alleged against them in the Third Amended Derivative Complaint, have denied and continue to deny the allegations of wrongdoing, liability, and/or violations of any laws and/or the existence of any damages asserted in or arising from the Derivative Action, but have nevertheless concluded that further litigation in connection with the Derivative Action would be protracted, time-consuming, expensive, and distracting, and that it is desirable, taking into account the magnitude of TRSL's demands for damages and interest and the commitment from the Insurance Carriers (as defined below) to provide more than 74% of the $115 million Settlement Fund (as defined below), that the Derivative Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and that these terms and conditions are fair, reasonable, and adequate;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties (as hereinafter defined) that, pursuant to the procedure set forth in this Stipulation, the Derivative Action and the Claims (as hereinafter defined) released pursuant to Section II.C of this Stipulation shall be fully and finally compromised, settled and released, and

the Derivative Action shall be dismissed on the merits, with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

I.    **DEFINITIONS**

      A.    As used in this Stipulation, the following terms have the meanings specified below:

      1.    "AIG Released Claims" means any and all Claims of any nature, whether known or unknown, suspected or unsuspected, from the beginning of time to the present, that have been, could have been, or might have been asserted by or on behalf of AIG in the Derivative Action and that are based upon, arise out of, or relate in any way, directly or indirectly, to any of the allegations made in the Third Amended Derivative Complaint or to any of the events that were the subject of the Third Amended Derivative Complaint concerning the business dealings between C.V. Starr, the Starr Agencies or SICO, on the one hand, and AIG, on the other hand.  For the avoidance of doubt, AIG Released Claims shall not mean and does not include:  (i) any Claims to enforce the terms of this Stipulation; (ii) any Claims presently asserted and pending in the Other Litigations, or other Claims that are not barred by the first sentence of this paragraph; (iii) any Claims arising under Other Written Agreements; (iv) any Claims based upon conduct occurring after the date this Stipulation is executed, including but not limited to, any Claims for breach of any confidentiality agreements or orders governing the Parties in the Derivative Action; and (v) any Claims related to the management, operation and conduct of AIG and the disclosures made by AIG at any time after March 14, 2005, other than those that concern the business dealings between C.V. Starr, the Starr Agencies or SICO, on

8

the one hand, and AIG, on the other hand, that were the subject of the Third Amended Derivative Complaint.

2.      "AIG Released Persons" means the Company and/or each of its parents, divisions, subsidiaries, predecessors, successors, assigns, affiliates, partnerships, and joint ventures, as well as, solely in their capacities as such, past or present officers, directors, employees, agents, contractors, subcontractors, representatives, auditors, accountants, attorneys, and bankers, including any person or entity controlled by, controlling, or under common control with any of them.

3.      "Claims" means:  (i) any and all causes of action, claims, damages, and awards; (ii) equitable, legal and administrative relief; and/or (iii) interest, demands or rights. "Claims" includes, without limitation, claims for contribution, subrogation, rescission, restitution, attorneys' fees, costs and/or expenses (except as set forth in this Stipulation with respect to Plaintiff's Counsel's fees and expenses), unjust enrichment, and all other forms of recovery or damages of any kind, including those in excess of actual damages and whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source.

4.      "Current Stockholders" means all individuals or entities who hold of record, or beneficially own, directly or indirectly, common stock of the Company as of the date the Court approves the form and manner of Notice contemplated in this Stipulation.

5.      "Defendant Released Claims" means any and all Claims of any nature, whether known or unknown, suspected or unsuspected, from the beginning of time to the present, (a) that have been, could have been, or might have been asserted by or on behalf of the

9

Defendants in the Derivative Action and that are based upon, arise out of, or relate in any way, directly or indirectly, to any of the allegations made in the Third Amended Derivative Complaint or to any of the events that were the subject of the Third Amended Derivative Complaint concerning the business dealings between C.V. Starr, the Starr Agencies or SICO, on the one hand, and AIG, on the other hand, and (b) by the Director Defendants for indemnification from AIG relating solely to the Derivative Action, provided, however, that (i) AIG will not seek reimbursement of any attorneys' fees and expenses it has advanced or paid to date to any of the Director Defendants in connection with the Derivative Action and (ii) AIG may advance and reimburse Thomas R. Tizzio for his attorneys' fees and expenses incurred through the conclusion of the Derivative Action.   For the avoidance of doubt, Defendant Released Claims shall not mean and does not include:  (i) any Claims to enforce the terms of this Stipulation; (ii) any Claims presently asserted and pending in the Other Litigations, or other Claims not barred by the first sentence of this paragraph; (iii) any Claims arising under Other Written Agreements; (iv) any Claims for indemnification or advancement for any action or proceeding other than the Derivative Action; (v) any Claims by the Defendants to enforce any pension rights; (vi) any Claims based upon conduct occurring after the date this Stipulation is executed, including but not limited to, any such Claims for breach of any confidentiality agreements or orders governing the Parties in the Derivative Action; and (vii) any Claims related to the management, operation and conduct of AIG and the disclosures made by AIG at any time after March 14, 2005, other than those that concern the business dealings between C.V. Starr, the Starr Agencies or SICO, on the one hand, and AIG, on the other hand, that were the subject of the Third Amended Derivative Complaint.

10

6.      "Defendant Released Persons" means each of the Director Defendants, C.V. Starr and SICO and each of their respective family members, spouses, heirs, estates, trusts, beneficiaries, foundations, corporations, parents, divisions, subsidiaries, partnerships, joint ventures, limited liability companies, subsidiaries, predecessors, successors, assigns, and affiliates, as well as, solely in their capacities as such, executors, administrators, trustees, representatives, contractors, subcontractors, directors, officers, employees, agents, accountants, auditors, bankers, and attorneys, including any person or entity controlled by, controlling, or under common control with any of them.

7.      "Derivative Final Settlement Date" means the date on which the Judgment (as hereinafter defined) of the Court becomes Final (as hereinafter defined).  For purposes of this Stipulation, "Final" means:  (i) if no appeal from the Judgment is taken, the date on which the time for taking such an appeal expires; or (ii) if any appeal is taken, the date on which all appeals, including petitions for rehearing or reargument, petitions for writ of review, and petitions for *certiorari* or any other form of review, have been finally disposed of (whether through expiration of time to file, denial of any request for review, by affirmance on the merits, or otherwise) in a manner that does not result in any material alteration of the Judgment.  Notwithstanding the foregoing, the Court's ruling or failure to rule on any application for attorneys' fees, costs and/or expenses, shall not preclude the Judgment from becoming Final.

8.      "Fee Award" means the amount of attorneys' fees and expense reimbursement awarded by the Court in response to Plaintiff's Counsel's request pursuant to Section IV.A.

11

9.    "Insurance Carriers" means Great American Insurance Company (Policy Number DOL8811693), The Travelers Indemnity Company, successor in interest by merger to Gulf Insurance Company (Policy Number GA0722335), St. Paul Mercury Insurance Company (Policy Number 590CM0309), Zurich American Insurance Company (Policy Numbers EOC 3827219 00 and EOC 3830014 00), Federal Insurance Company (Policy Numbers 70223567), ACE Bermuda Insurance Ltd. (Policy Number AIG-9672D), XL Insurance (Bermuda) Ltd. (Policy Number XLDCR-02300-02) and Arch Insurance Company (Policy Number 11DOX0524200).

10.    "Judgment" means the order and/or judgment of the Court approving the settlement and dismissing with prejudice the claims asserted in the Third Amended Derivative Complaint in the form attached hereto as Exhibit C.

11.    "Notice" means the legal notice of the terms of the Stipulation in the form attached hereto as Exhibit B.

12.    "Parties" means TRSL, the Company and the Defendants.

13.    "Plaintiff's Counsel" means Grant & Eisenhofer, P.A.

14.    "Other Written Agreements" means any written agreements, other than this Stipulation, between any Defendant Released Persons, on the one hand, and any AIG Released Persons, on the other hand, entered into on or after March 14, 2005, including but not limited to a confidential settlement agreement, made and entered into as of December 4, 2006, by and between AIG and C.V. Starr, among other parties.

15.    "Other Litigations" means *Starr International Company, Inc. v. American International Group, Inc.*, No. 05-CV-6283 (BSJ) (MHD) (S.D.N.Y.); *American International*

12

*Group, Inc.* v. *Greenberg, et al.*, No. 600885/08 (Ramos, J.) (N.Y. Sup. Ct.); *In re AIG Securities Litigation*, No. 04-CV-8141 (JES) (AJP) (S.D.N.Y); *In re AIG Derivative Litigation*, No. 04-CV-8406 (JES) (AJP) (S.D.N.Y.); *American International Group, Inc. Consolidated Derivative Litigation*, No. 769-VCS (Del. Ch. Ct.); *The Starr Foundation v. American International Group, Inc.*, No. 601380/08 (Ramos, J.)(N.Y. Sup. Ct.); *SEC v. Maurice R. Greenberg, C.V. Starr & Co., Inc. and American International Group, Inc.*, No. M-18-304 (AKH) (S.D.N.Y.); *Hauber v. Sullivan*, No. 003951/08 (N.Y. Sup. Ct.); *Jacksonville Police and Fire Pension Fund v. American International Group, Inc.*, No. 08-CV-477 (S.D.N.Y.); *Connolly v. American International Group, Inc.*, No. 08-CV-507 (S.D.N.Y.); *Maine Public Employees Retirement System v. American International Group, Inc.*, No. 08-CV-546 (S.D.N.Y.); and *Ontario Teachers' Pension Plan Board* v. *American International Group, Inc.*, No. 08-CV-556 (S.D.N.Y.).

      16.    "Releases" means the releases set forth in Section II.C.

      17.    "Scheduling Order" means the proposed scheduling order pursuant to Rule 23.1 of the Rules of the Court of Chancery in form attached hereto as Exhibit A.

      18.    "Settlement Hearing" means a hearing required under Rule 23.1 of the Rules of the Court of Chancery of the State of Delaware, at or after which the Court will make a decision regarding whether to approve this Stipulation as fair, reasonable, and adequate, and in the best interests of the Company and its stockholders.

## II.   TERMS OF SETTLEMENT

    A.   **Payment:**

1.     Within fourteen (14) business days of Monday, September 29, 2008, Defendants shall cause cash payments in the aggregate amount of One Hundred Fifteen Million U.S. Dollars ($115,000,000) (the "Settlement Fund") to be made by wire transfer into an interest-bearing account maintained at Mellon Bank (the "Escrow Account") to hold the Settlement Fund,. The Settlement Fund shall be composed of Eighty Five Million Five Hundred Thousand U.S. Dollars ($85,500,000) funded by the Insurance Carriers, Twenty Eight Million Two Hundred Fifty Thousand U.S. Dollars ($28,250,000) funded by Defendant C.V. Starr, and One Million Two Hundred Fifty Thousand U.S. Dollars ($1,250,000) funded by Defendant Tizzio.

2.     Once the Judgment becomes Final, the Settlement Fund and interest earned on the Settlement Fund shall be applied as follows:

     a.     Within five (5) business days after the Derivative Final Settlement Date, the Escrow Agent shall (i) remit to AIG the amount of the Settlement Fund minus the amount of the Fee Award (the "Net Settlement Fund") and (ii) remit to Plaintiff's Counsel the amount of the Fee Award plus interest earned on the amount of the Fee Award.

     b.     The costs of maintaining the Escrow Account and of (a) publishing the Summary Notice on PR Newswire and Investor's Business Daily and (b) mailing, by first class U.S. or electronic mail, the Notice to AIG's twenty (20) largest institutional stockholders of record, not including Defendants Greenberg, SICO, or C.V. Starr, shall be paid out of interest earned on the Net Settlement Fund.   After the

14

payment of these costs, any remaining interest earned on the Net Settlement Fund will be remitted to AIG.

c. Should the amount of the Fee Award be challenged on appeal and reduced, Plaintiff's Counsel will repay the difference to AIG once such determination becomes Final. Should the amount of the Fee Award be challenged on appeal and increased, AIG will pay the difference to Plaintiff's Counsel once such determination becomes Final.

3. If, after any payment has been made into the Escrow Account and prior to the Derivative Final Settlement Date, this Stipulation is invalidated or overturned for any reason, or the Judgment does not become Final for any reason, the amounts in the Escrow Account shall be distributed to the Defendants and the Insurance Carriers who made contributions to the Escrow Account, divided proportionally according to the size of their respective contributions.

B. **Administration of the Escrow Account:**

1. Except as provided herein or pursuant to orders of the Court, the Settlement Fund shall remain in the Escrow Account prior to the Derivative Final Settlement Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

2. Plaintiff's Counsel shall serve as Escrow Agent for the Escrow Account. Other than the payment of taxes on the interest earned by the Escrow Account, no funds will be disbursed from the Escrow Account without receipt of the prior written approval of one of the

15

counsel for C.V. Starr, who shall respond within 3 days of a request and which consent shall not be unreasonably withheld. Except for the requirement of consent by C.V. Starr as provided in the preceding sentence, the Defendants shall have no involvement in, responsibility for, or liability relating to, the administration of, distributions from, or the payment of taxes relating to the Settlement Fund.

       3.     The Parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Plaintiff's Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. All taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund and Plaintiff's Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any taxes owed with respect to the Settlement Fund.

    C.    **Releases**:

       1.     Upon the Derivative Final Settlement Date, TRSL, the Company, and all AIG stockholders, shall, by operation of this Stipulation, by operation of the Judgment and to the fullest extent allowed by law, release and be deemed to release and forever discharge the AIG Released Claims against the Defendant Released Persons, TRSL and the Company shall covenant and be deemed to covenant not to sue the Defendant Released Persons with regard to

16

any AIG Released Claims, and TRSL and the Company shall forever be enjoined from asserting any AIG Released Claims.

2.    Upon the Derivative Final Settlement Date, Defendants shall, by operation of this Stipulation, by operation of the Judgment and to the fullest extent allowed by law, release and be deemed to forever discharge the Defendant Released Claims against the AIG Released Persons, Defendants shall covenant and be deemed to covenant not to sue the AIG Released Persons with regard to any Defendant Released Claims, and Defendants shall forever be enjoined from asserting any Defendant Released Claims.

3.    Upon the Derivative Final Settlement Date, the Company and the Defendants shall, by operation of this Stipulation, by operation of the Judgment and to the fullest extent allowed by law, release and be deemed to release and forever discharge TRSL and Plaintiff's Counsel from any and all claims relating to their conduct in litigating the Derivative Action.

4.    TRSL, the Company and Defendants expressly acknowledge, and all Company stockholders shall be deemed to acknowledge, that they have been advised by their attorney concerning, and/or is familiar with, the provisions of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

17

The Parties further acknowledge that the Claims being settled hereby include, but are not limited to, any claims of fraud, including but not limited to any claims of fraud in the inducement of, or otherwise in connection with or related to, this Stipulation and/or any matters contemplated hereby.

5.      TRSL, the Company and Defendants expressly acknowledge, and all Company stockholders shall be deemed to acknowledge:  (i) that they may hereafter discover facts in addition to those that they now know or believe to be true with respect to the Derivative Action and the AIG Released Claims and Defendant Released Claims; and (ii) that they may have sustained damages, losses, fees, costs and/or expenses that are presently unknown and unsuspected, and that such damages, losses, fees, costs and/or expenses as the TRSL, the Company, Defendants, and any Company stockholder may have sustained might give rise to additional damages, losses, fees, costs and/or expenses in the future.  Nevertheless, TRSL, the Company, and Defendants expressly acknowledge, and all Company stockholders shall be deemed to acknowledge, that this Stipulation has been negotiated and agreed upon in light of such possible unknown facts and such possible damages, losses, fees, costs and/or expenses, and each expressly waives, or shall be deemed to have waived, any and all rights under California Civil Code section 1542 and under any other federal or state statute or law of similar effect.  TRSL, the Company, and Defendants expressly acknowledge, and all Company stockholders shall be deemed to acknowledge, that this waiver was separately bargained for and is a material term of this Stipulation.

18

D.    **Dismissal of Derivative Action**:

The Derivative Action shall be dismissed in its entirety and with prejudice, with TRSL, the Company, and Defendants each to bear their own fees, costs and expenses, except as expressly provided in this Stipulation.

## III.    NOTICE

Within twenty (20) calendar days after the entry of the Scheduling Order, the Company shall cause the Notice to be posted on the website of AIG and shall issue a Form 8-K attaching this Stipulation and all exhibits thereto. Also within twenty (20) calendar days after the entry of the Scheduling Order, Plaintiff's Counsel shall (a) cause the Notice to be posted on the website of Grant & Eisenhofer, P.A., (b) publish the Summary Notice (in the form attached hereto as Exhibit D) via PR Newswire and Investor's Business Daily, and (c) provide the Notice by first class U.S. mail or electronic mail to the twenty (20) largest institutional stockholders of AIG, not including Defendants Greenberg, SICO, or C.V. Starr.

## IV.    ATTORNEYS' FEES

A.    Plaintiff's Counsel shall apply for an award of attorneys' fees in the amount of Twenty-Two and a Half Percent (22.5%) of the Settlement Fund plus the reimbursement of out of pocket costs/and or expenses incurred by Plaintiff's Counsel not to exceed $2,250,000. The Company and Defendants will take no position with respect to this fee request.

B.    This Stipulation, the settlement of the Derivative Action, the entry of Judgment, and whether the Judgment can become Final are not conditioned upon the approval of an award of attorneys' fees, costs and/or expenses, either at all or in any particular amount, by the Court. In the event that attorneys' fees are not awarded by the Court, or awarded in a manner that is

unsatisfactory to any of the Parties, this Stipulation nevertheless shall remain in force, including,

without limitation, the obligations imposed in Section II.

## V.    **TERMINATION**

A.    In the event that:  (i) the Judgment is not entered by the Court; or (ii) the

Judgment does not become Final, this Stipulation shall be terminated and shall become null and

void and of no force and effect, unless otherwise agreed to in writing by the Parties provided,

however, that the provisions of Section II A.3 regarding return of the Settlement Fund shall be

enforceable and shall not be null and void.

B.    In the event of termination under Section V.A, this Stipulation shall not be

admissible for any purpose in any proceeding before any court or tribunal.  In the event of such

termination, all proceedings in the Derivative Action will revert to their status as of September

11, 2008, and no materials created by or received from another Party that were used in, obtained

during, or related to settlement discussions shall be admissible for any purpose in any court or

tribunal or used, absent consent from the disclosing Party, in any other capacity.

## VI.    NO ADMISSION OF LIABILITY

It is expressly understood and agreed that neither this Stipulation nor any act or omission in connection therewith, is intended or shall be deemed or argued to be evidence or to constitute an admission by: (i) the Defendants, or any of them, or the Company, as to the validity of any claims, defenses, other issues raised, or which might be or might have been raised, in the Derivative Action or in any other action, or to be evidence of or constitute an admission of any wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (ii) TRSL as to the infirmity of any claim or the validity of any defense.

## VII.   MISCELLANEOUS PROVISIONS

A.      The exhibits to this Stipulation (the "Exhibits") are material and integral parts hereof and are fully incorporated herein by reference.

B.      The Parties agree that in the event of any breach of this Stipulation, all of the Parties' rights and remedies at law, equity or otherwise, are expressly reserved.

C.      The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and, when taken together with the other signed counterparts, shall constitute one and the same instrument.  Facsimile or PDF signatures shall constitute valid evidence of execution.  The Stipulation shall be deemed to be executed as of the date that all counsel for the Parties have executed a counterpart, even though no single counterpart is executed by all counsel for the Parties.

D.      This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any

21

Party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

E.    Each Party acknowledges that he, they, or it have been advised by counsel in connection with this Stipulation.

F.    In the event that any dispute arises among or between the Parties regarding the interpretation of this Stipulation, or any provision thereof, the Parties acknowledge and agree that all of the Parties shall be deemed collectively to be the drafting party and any rule of construction pursuant to which ambiguities are to be construed against the drafting party shall not be applicable.

G.    Waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation, and failure by any Party to assert any claim for breach of this Stipulation shall not be deemed to be a waiver as to that or any other breach and will not preclude any Party from seeking to remedy a breach and enforce the terms of this Stipulation.

H.    Each counsel or other person executing the Stipulation on behalf of any Party hereto warrants that he or she has the full authority to bind his or her principal to this Stipulation.

I.    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, successors and assigns of the Parties.

J.    This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to conflict of laws principles.  Any action relating to this Stipulation will be filed exclusively in the Court.  Each Party:  (i) consents to personal jurisdiction in any such action (but no other action) brought in the Court; (ii) consents to service

of process by registered mail upon such Party and/or such Party's agent; and (iii) waives any objection to venue in the Court and any claim that Delaware or the Court is an inconvenient forum.

K.    In addition to the actions specifically provided for in this Stipulation, the Parties will use their best efforts from the date hereof to take, or cause to be taken, all actions, and to do, or cause to be done, all things, reasonably necessary, proper or advisable under applicable laws, regulations or agreements, to consummate and make effective this Stipulation. The Parties and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Stipulation and to use their best efforts to effect the consummation of this Stipulation. Without further order of the Court, the Parties may agree to reasonable extensions of time not expressly set by the Court in order to carry out any of the provisions of this Stipulation.

L.    Each Party hereto represents and warrants that he or it is the legal owner of all rights and claims attributable to him or it that are the subject matter of this Stipulation and that there has been no assignment, hypothecation or transfer by operation of law or otherwise of any such rights and claims.

Dated:  September 29, 2008

_Cynthia A. Calder_
Stuart M. Grant (# 2526)
Cynthia A. Calder (# 2978)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Telephone: 302-622-7000

*Counsel for Plaintiff Teachers' Retirement
System of Louisiana*

OF COUNSEL:

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone:  914-749-8200

Steven I. Froot
Philip M. Bowman
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, Seventh Floor
New York, New York  10022
Telephone:  212-446-2300

Andre G. Bouchard (#2504)
BOUCHARD MARGULES &
FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone:  302-573-3500

*Counsel for Defendant C.V. Starr & Co., Inc.*

J. Travis Laster (#3514)
ABRAMS & LASTER LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807
Telephone: 302-778-1000

*Counsel for Defendant Maurice R. Greenberg*

24

OF COUNSEL:

John L. Gardiner
Jonathan L. Frank
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  212-735-3000

Edward P. Welch (#671)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone:  302-651-3000

*Counsel for Defendant Edward E. Matthews*

OF COUNSEL:

Vincent A. Sama
Eric M. Robinson
Catherine B. Schumacher
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone:  212-294-6700

Kurt M. Heyman (#3054)
PROCTOR HEYMAN LLP
1116 West Street
Wilmington, DE 19801
Telephone:  302-472-7300

*Counsel for Defendant Howard I. Smith*

OF COUNSEL:

Steven W. Perlstein
Matthew I. Menchel
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: 212-488-1200

Christian Douglas Wright (#3554)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-571-1253

*Counsel for Defendant Thomas R. Tizzio*

OF COUNSEL:

John L. Gardiner
Jonathan L. Frank
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: 212-735-3000

Edward P. Welch (#671)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone: 302-651-3000

*Counsel for Defendant Edward E. Matthews*

OF COUNSEL:

Vincent A. Sama
Eric M. Robinson
Catherine B. Schumacher
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-294-6700

*Kurt Heyman / PCE*

Kurt M. Heyman (#3054)
PROCTOR HEYMAN LLP
1116 West Street
Wilmington, DE 19801
Telephone: 302-472-7300

*Counsel for Defendant Howard I. Smith*

OF COUNSEL:

Steven W. Perlstein
Matthew I. Menchel
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: 212-488-1200

Christian Douglas Wright (#3554)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-571-1253

*Counsel for Defendant Thomas R. Tizzio*

OF COUNSEL:

John L. Gardiner
Jonathan L. Frank
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: 212-735-3000

_____

Edward P. Welch (#671)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone: 302-651-3000

*Counsel for Defendant Edward E. Matthews*

OF COUNSEL:

Vincent A. Sama
Eric M. Robinson
Catherine B. Schumacher
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-294-6700

_____

Kurt M. Heyman (#3054)
PROCTOR HEYMAN LLP
1116 West Street
Wilmington, DE 19801
Telephone: 302-472-7300

*Counsel for Defendant Howard I. Smith*

OF COUNSEL:

Steven W. Perlstein
Matthew I. Menchel
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: 212-488-1200

Christian Douglas Wright (#3554)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-571-1253

*Counsel for Defendant Thomas R. Tizzio*

CONFIDENTIAL SETTLEMENT MATERIALS
9/25/2008

OF COUNSEL:

Daniel J. Kramer
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000

David S. Eagle (Del. I.D. #3387)
KLEHR, HARRISON, HARVEY,
BRANBURG & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: 302-552-5508

*Counsel for Nominal Defendant American
International Group, Inc.*

26