**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PFIZER INC. SHAREHOLDER DERIVATIVE ACTION | 09-cv-7822 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR –**
**LAWRENCE BEZIDIJIAN'S MOTION TO INTERVENE**

**INTRODUCTION**

Dr. Lawrence Bezirdijian ("Dr. Bezirdijian") respectfully submits this memorandum of law in support of his motion to intervene in the above-referenced putative class action (the "Action").   For the reasons stated herein, and for those stated in Dr. Bezirdijian's Application for Attorneys' Fees ("Bezirdijian Fee Application"), Dr. Bezidijian should be permitted to intervene in the Action.

As stated in the Bezidijian Fee Application, Dr. Bezidijian sent a shareholder demand letter ("Demand Letter") to the members of the Board of Directors of Pfizer Inc. ("Pfizer") on October 13, 2009 to demand that the board of directors take actions to remedy injuries to Pfizer caused by illegal marketing activities.   Among those actions requested, the Demand Letter demanded that the Board "enact fundamental corporate governance and policy changes to prevent recurrence of the wrongdoing" described in the Demand Letter.  *See* Declaration of Caitlin M. Moyna ("Moyna Decl.") Exhibit 1.  On December 15, 2009, Matthew Lepore, Vice President and Chief Counsel at Pfizer, responded to the Demand Letter stating that Pfizer would not take the steps requested in the Demand Letter.  *See* Moyna Decl. Exhibit 2.

Concurrent with Dr. Bezidijian's Demand Letter, several derivative actions were brought on behalf of Pfizer, and were eventually consolidated into this Action.  On December 2, 2010, defendants entered into a formal stipulation of settlement with Plaintiffs ("Settlement Agreement"), which the Court approved on a preliminary basis on December 14, 2010.  Dkt. No. 95 at 11.  The Court also ordered that lead counsel shall file and serve papers in support of final approval of the Settlement Agreement no later than February 7, 2011, and that a hearing for final approval of the Settlement Agreement will be conducted on March 7, 2011.  Dkt. No. 95.

The Settlement Agreement calls for Pfizer to dedicate $75 million towards a new Regulatory and Compliance Committee of the Pfizer Board of Directors ("Regulatory Committee") that will exist for at least five (5) years.  As described in more detail in the Bezidijian Fee Application, many features of the Regulatory Committee serve the purpose as that demanded by Dr. Bezidijian in the Demand Letter when he requested that the Pfizer board of directors to "enact fundamental corporate governance and policy changes to prevent recurrence of the wrongdoing."  Moyna Decl. Ex. 1.  The Settlement Agreement also contemplates that Plaintiffs' counsel will seek an award from the Court of attorneys' fees of $22 million and expenses of $1.9 million, to be paid from the $75 million fund.  *See* Dkt. No. 95 at 16.  However, even though Dr. Bezidijian requested the identical relief as that ultimately adopted under the Settlement Agreement, he is not currently in a position to be reimbursed for his attorneys' fees associated with the Demand Letter and the benefits to Pfizer that have been and will be derived from compliance with those demands.  By letter dated Febuary 3, 2011 to Mr. Lepore, counsel for Dr. Bezidijian requested that they be compensated for the benefits to Pfizer for compliance with the Demand Letter, but such letter has not yet been answered by Mr. Lepore or any other person at Pfizer.  *See* Moyna Decl. Exhibit 3.  Dr. Bezidijian does not object to any of the terms

of the Settlement Agreement – indeed he called for some of them in the Demand Letter – but only seeks payment of his reasonable attorneys' fees and expenses for his contributions to the benefit to Pfizer. Therefore, Dr. Bezidijian's intervention will not prejudice or delay the proceedings associated with the Settlement Agreement.

**ARGUMENT**

**I.     DR. BEZIRDIJIAN MAY INTERVENE AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24(a)(2)**

Rule 24 of the Federal Rules of Civil Procedure permits parties to intervene in actions by right if they demonstrate an interest that is at risk in the litigation. *See* Fed. R. Civ. P. 24(a)(2). In order to intervene, the party must (1) file a timely intervention motion; (2) demonstrate an interest in the litigation; (3) demonstrate that their interest in the litigation will be impaired by an unfavorable disposition of the motion to intervene; and (4) show that their interest may not be adequately protected by the parties to the litigation. *Abondolo v. GCR Holbrook Medford, Inc.*, 285 B.R. 101, 108-09 (E.D.N.Y. 2002), citing *Brennan v. N.Y. City Bd. of Educ.*, 260 F.3d 123, 128-29 (2nd Cir. 2001); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).

To intervene by right in the litigation, the interest asserted by the proposed intervenor must be "direct, substantial, and legally protectable . . . ." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001), quoting *Wash Elec. Coop., Inc. v. Mass Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). For the reasons stated in the Bezirdijian Fee Application, Dr. Bezirdijian has a legally protectable and substantial interest in recovering the attorneys' fees for the benefits to Pfizer and its shareholders resulting from his Demand Letter to the Pfizer Board of Directors, which the Pfizer Board ultimately acceded to.

With respect to timeliness, the Court examines the "under the totality of the circumstances" and, in its discretion, decides whether a motion to intervene by right is timely. *Abondolo*, 285 B.R. at 109, citing *D'Amato*, 236 F.3d at 84; *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000). To evaluate whether an intervention motion is timely, courts consider: "(1) how long the applicant had notice of the interest [before moving]; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant of the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). *See also D'Amato*, 236 F.3d at 85; *Abondolo*, 285 B.R. at 109. Dr. Bezirdijian's motion to intervene is unquestionably timely. The terms of the Settlement Agreement only became publicly available on December 14, 2010 when the Court entered an order preliminarily approving the Settlement. *See* Dkt. No. 95. In addition, this motion for intervention – which is being filed solely to permit Dr. Bezirdijian to recover his attorneys' fees – is being filed on the very deadline set by the Court for the requests for attorneys' fees. Thus, the parties will not be prejudiced if Dr. Bezirdijian intervenes in the Action because the intervention will not delay or complicate the proceeding, but rather will ensure that all necessary interests are fully and fairly represented, and adequately protected. Dr. Bezidijian does not object to the terms of the Settlement Agreement or the proposed timeline for seeking final approval of the Settlement Agreement. *See e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

Dr. Bezirdijian will be severely prejudiced if he is not permitted to intervene in the Action because, as discussed above, he will be denied the opportunity to protect his substantial interests in recovering his attorneys' fees in connection with demanding that the Pfizer Board of Directors implement controls to prevent future, similar wrongdoing, which they have now done.

Final approval of the Settlement Agreement is scheduled for March 7, 2011, and thus there is a very real risk that Dr. Bezirdijian will be unable to recover any attorneys' fees if he were not permitted to intervene now.

Dr. Bezirdijian meets the remaining Fed. R. Civ. P. 24(a)(2) factors. *First*, as discussed above and in the Bezirdijian Fee Application, Dr. Bezirdijian has a clear and substantial interest to be protected. Further, as a long time and current shaerholder of Pfizer, he has an inherehnt in these proceedings. *Second*, an unfavorable disposition of this motion may deprive Dr. Bezirdijian the ability to protect his interest in the litigation. His efforts to obtain recourse directly from Pfizer have thus far gone unanswered. *Third*, it is quite clear that Dr. Bezirdijian's interest in recovering reasonable attorneys' fees will not be protected by the Plaintiffs or their counsel in the Action; indeed, those interests have not been asserted by the Plaintiffs, nor is there any basis to believe they will be. Thus, intervention by Dr. Bezirdijian to protect his interests is imperative.

## II.   DR. BEZIRDIJIAN MAY PERMISSIBLY INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)(2)

In the event the Court concludes Dr. Bezirdijian cannot intervene as of right, alternatively he may intervene by permission pursuant to Fed. R. Civ. P. 24(b)(2), which provides that a party may be allowed to intervene in an action where "an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *See In re Lutheran Brotherhood Variable Ins. Prods. Co. Sales Practs. Litig.*, 2002 U.S. Dist. LEXIS 20163, at \*5 (D. Minn. Oct. 7, 2002); *In re Holocaust Victim Assets Litig.*, 225 F.3d at 202.

Here, permissive intervention is warranted.  Dr. Bezirdijian's application for attorneys' fees indisputably involves questions of law or fact in common with the Settlement, and Plaintiffs' counsel's requests for attorneys' fees.  Furthermore, the issues Dr. Bezirdijian raised in the Demand Letter center on the same overarching misconduct allegedly committed by the Company that formed the basis of Plaintiff's suits.

Furthermore, the parties will not be prejudiced and there will be no undue delay.  To the contrary, as discussed above, the intervention will not impact the schedule in the Action at all, and Dr. Bezirdijian does not object to the terms of the Settlement Agreement.  He merely seeks to have his counsel compensated for their efforts aimed at securing the relief for Pfizer and its shareholders that the parties ultimately adopted.

## CONCLUSION

For the foregoing reasons, and for the reasons cited in Intervenor Lawrence Bezirdijian's Memorandum in Support of Motion for Attorneys' Fees and Expenses, Lawrence Bezirdijian should be permitted to intervene in this Action.

Dated:  New York, New York
        February 7, 2011

**BROWER PIVEN**
  A Professional Corporation

By: /s/ *David A.P. Brower*
    David A.P. Brower
    Caitlin M. Moyna
    488 Madison Avenue
    Eighth Floor
    New York, New York 10022
    Telephone: (212) 501-9000
    Facsimile:  (212) 501-0300

    *Counsel for Intervenor Lawrence Bezirdijian*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on February 7, 2011, the following documents were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants:

Notice of Intervenor Lawrence Bezidijian's Motion to Intervene; Memorandum in Support of Intervenor Lawrence Bezidijian's Motion to Intervene; Notice of Intervenor Lawrence Bezidijian's Motion for an Award of Attorneys' Fees and Expenses; Memorandum in Support of Intervenor Lawrence Bezidijian's Motion for an Award of Attorneys' Feees and Expenses, and the Declaration of Caitlin M. Moyna in Support of Intervenor Lawrence Bezidijian's Motion to Intervene and Motion for an Award of Attorneys' Fees and Expnses.

      /s/ David A.P. Brower_____
        David A. P. Brower